TAB B

► A P P E N D I X  ~  D



DEPARTMENT OF HEALTH & HUMAN SERVICES     Centers for Medicare & Medicaid Services

RECEIVED
2005 APR 12 PM 3: 50
OFFICE OF INSPECTOR GENERAL

*Administrator*
Washington, DC 20201

DATE:    APR - 8 2005

TO:    Daniel R. Levinson
Acting Inspector General
Office of Inspector General

FROM:    Mark B. McClellan, M.D., Ph.D.
Administrator
Centers for Medicare & Medicaid Services

SUBJECT:    Office of Inspector General (OIG) Draft Report: "Self-Declaration of U.S. Citizenship for Medicaid" (OEI-02-03-00190)

Thank you for the opportunity to review and comment on the above OIG draft report. OIG reviewed the extent to which states allow self-declaration of U.S. citizenship for Medicaid and related programs and identified potential vulnerabilities associated with quality control activities and evidence used to verify citizenship.

States must provide Medicaid to all United States citizens who otherwise meet the eligibility criteria of the state's Medicaid program. Aliens' eligibility for full Medicaid coverage is limited to certain "qualified aliens." Per section 1137(d) of the Social Security Act, states must require, as a condition of eligibility, a declaration in writing, signed under penalty of perjury, that an applicant is a citizen or national of the United States. Pursuant to that statutory provision, the Centers for Medicare & Medicaid Services (CMS) permits states to accept applicants' self-declaration of citizenship, but also to require further verification, if necessary. This flexible policy allows states to enroll eligible individuals while preserving program integrity. It is in line with a larger effort promoted by CMS to help states simplify the Medicaid application process.

As there are inherent challenges in trying to provide Medicaid benefits expeditiously, while still ensuring the accuracy of eligibility determinations, OIG conducted this review. We appreciate OIG's efforts. OIG's findings reinforced our policy approach. The review found that, while there are vulnerabilities in states' accepting self-declaration of citizenship, states have little evidence that many non-eligible, non-citizens are receiving Medicaid as a result. The review also recommended steps for improving safeguards that CMS and states have already undertaken.

The OIG's draft report provided three specific recommendations for improving safeguards. Those recommendations and our responses are as follows.

APPENDIX ~ D

Page 2 – Daniel R. Levinson

OIG Recommendation

The CMS should strengthen post-eligibility quality controls in states that allow self-declaration.

CMS Response

We concur. We agree that states should have strong post-eligibility quality control activities in place in order to reduce losses from all eligibility errors, including self-declaration of citizenship. In fact, CMS' Medicaid Eligibility Quality Control regulations require states to verify that the state properly determined the citizenship status of sampled active cases. Pursuant to Federal regulations at 42 CFR 431.812(e), states "must collect and verify all information necessary to determine the eligibility status of each individual included in an active case selected in the sample as of the review month and whether Medicaid payments were for services which the individual was eligible to receive."

The report does not find particular problems regarding false allegations of citizenship, nor are we aware of any. However, we believe that, as with self-declarations of income, states that accept self-declaration of citizenship need to have systems in place for some type of post-eligibility check to ensure that the self-declaration procedure is reliable. CMS is taking steps to have states strengthen post-eligibility controls by requiring a review of the correctness of eligibility determination under the proposed Payment Error Rate Measurement regulation, published on August 27, 2004. In the absence of any indication that there are improper self-declarations, we do not think we need to do more at this time. The CMS also will reiterate its policy at the 2005 fall meeting of the National Association of State Medicaid Directors.

OIG Recommendation

The CMS should issue a complete list of evidence that states may reference when determining eligibility.

CMS Response

We concur. For states that choose to require documentation of applicants' citizenship, CMS has provided a list of acceptable documentation in its State Medicaid Manual, which is posted on its Web site. The U.S. Citizenship and Immigration Services (formerly the Immigration and Naturalization Service) recently published a regulation containing a longer list of documentation that states may use. The CMS currently references that regulation on its Web site, but will adopt the OIG's recommendation and post the new list per se. In addition, at the time we publish our next State Medicaid Manual update, we will include the new list.

APPENDIX ~ D

Page 3 – Daniel R. Levinson

<u>OIG Recommendation</u>

The CMS should explore allowing state Medicaid staff to use citizenship verifications from other Medicaid-related programs as an additional resource.

<u>CMS Response</u>

We concur. This recommendation reinforces our current approach, which permits states to accept citizenship verification from other programs. We articulated the principle of permitting states to accept other programs' determinations with respect to particular eligibility requirements in our Guide to Medicaid eligibility, "Continuing the Progress: Enrolling and Retaining Low-Income Families and Children in Health Care Coverage." We will provide technical assistance to states that request it.

While OIG's report reinforces our current policy approach to provide states with the flexibility to enroll eligible individuals while preserving program integrity, we will follow up on OIG's recommendations as stated above.