TAB F

# Documentation Guide
# Immigrant Eligibility for Health Coverage in
# New York State

Listed below are immigration documents that can establish one's immigration status when applying for **public health coverage** in New York. These documents can also be used for the purposes of applying for other federal and state benefit programs. The categories of immigrants who are eligible will vary with each benefit program.

---

## Immigrant Eligibility for Other Health Care Programs

New York State residents, regardless of their immigration status, are eligible for Child Health Plus B (CHPlus B), Prenatal Care Assistance Program (PCAP), Emergency Medicaid, and sliding-fee scale at the public hospitals and clinics. For each program, the immigrant must meet other eligibility criteria, including income requirements.

## Category 1: U.S. Citizens

| Category | Documents | WMS ACI code |
|---|---|---|
| **U.S. Citizen**<br>(Includes the 50 States, the District of Columbia, Puerto Rico, Guam, U.S. Virgin Islands, and Samoa or Swain's Island for purposes of Medicaid) | ▶U.S. Birth Certificate<br>▶U.S. Passport<br>▶Naturalization Papers of Certificate (N-550 or N-570)<br>▶Consulate Report of Birth Abroad (FS-240)<br>▶Certification of Report of Birth (DS-1350)<br>▶U.S. Citizen I.D. Card (I-197 or I-179)<br>▶Certificate of Citizenship (N-560 or N-561)<br>▶Information from a primary source Federal agency (such as SSA) verifying U.S. as place of birth<br>▶Religious document such as a baptismal record, recorded within 3 months of age showing the ceremony took place in the U.S.<br>*Note: Listed are the most common documents used to prove citizenship. The list is not exhaustive and there are other documents that can establish citizenship.* | **C** |

## Satisfactory Immigration Status[1]
## Category 2: Qualified Immigrants

| Category | Documents | WMS ACI code |
|---|---|---|
| **Lawful Permanent Residents**<br>(LPRs or "green card" holders) | ▶I-94 or passport stamped 1-551<br>▶I-551 Legal Permanent Resident Card "green card" (I-I51-older version)<br>▶I-327 reentry permit<br>▶I-181 Memorandum of Creation Of Lawful Permanent Resident with approval stamp | **K**<br>(without 40 quarters)<br>**OR**<br>**S**<br>(with 40 quarters) |
| **Refugees** | ▶I-94 or passport with annotation "Section 207" or "refugee"<br>▶I-551 coded R8-6, RE6, RE7, RE8, or RE9<br>▶I-571 Refugee Travel Document<br>▶I-688B or I-766 coded 274a.12(a)(3) or A3 | **R** |
| **Asylees** | ▶I-94 or passport with annotation "Section 208" or "Asylee"<br>▶I-551 coded AS6, AS7, or AS8<br>▶I-571 Refugee Travel Document<br>▶I-688B or I-766 coded 274a.12(a)(5) or A5<br>▶Letter/order from the USCIS[2] or Court granting asylum | **A** |

| Category | Documents | WMS ACI code |
|---|---|---|
| **Persons granted withholding of deportation or removal** (Non-citizens whose deportation or removal has been withheld based on a finding that the person's life or freedom is threatened in the country of deportation based on race, religion, nationality, or membership in a particular social group or political opinion.) | ▶I-94 or passport stamped "Section 243(h)" or "Section 241(b)(3)"<br>▶I-571 Refugee Travel Document<br>▶I-688B or I-766 coded 274a.12(a)(10) or A10<br>▶Letter/order from USCIS or court granting withholding of deportation or removal | J |
| **Parolees admitted into the U.S. for at least one year** (Non-citizen who have been allowed to come into the U.S. for humanitarian or public interest reasons.) | ▶I-94 with annotation "Paroled Pursuant to Section 212(d)(5)" or "parole" or "PIP" with the date of entry and date of expiration indicating at least one year<br>▶I-688B or I-766 coded 274a.12(a)(4), 274a.12(c)(11), A4, or C11, and I-94 indicating admitted for at least one year | G |
| **Cuban/Haitian Entrants** | ▶I-94 with annotation "Cuban-Haitian Entrant" or any notation indicating "parole" on or after 10/10/80*<br>▶I-551 coded CU6, CU7, or CH6<br>▶I-688B or I-766 coded 274a.12(c)(8) or C8<br>▶Order to Show Cause (OSC)*, I-122, or Notice to Appear (NTA)* indicating pending exclusion, removal or deportation proceedings<br>▶Any document indicating pending asylum application or filing of I-589 application for asylum*<br>*Note: With reasonable evidence on the document that the person has been a national of Cuba or Haiti | H |
| **Amerasians** | ▶I-94 or passport with the codes AM1, AM2, AM3, AM6, AM7, or AM8<br>▶I-551 coded AM1, AM2, AM3, AM6, AM7, or AM8 | R |
| **Conditional Entrants** (Status granted to refugees before 1980.) | ▶I-94 or other document showing admission under Section 203(a)(7), "refugee conditional entry"<br>▶I-688B or I-766 coded 274a.12(a)(3) or A3 | F |
| **Canadian born Native Americans** | ▶I-94 coded S13<br>▶Tribal Record<br>▶Birth or Baptismal Certificate issued on a reservation<br>▶Letter from Canadian Department of Indian Affairs<br>▶School Records | C |
| **Native Americans belonging to a federally recognized Tribe born outside the U.S.** | ▶Membership card or other tribal document demonstrating membership in U.S. federally-recognized Tribe | C |
| **Certain battered spouses and children who have been granted, or found prima facie eligible for relief under the Violence Against Women Act (VAWA)** | ▶I-797 indicating approved, pending, or prima facie determination of I-360 (Petition by self-petitioning Immigrant of abusive USC or LPR) under Section 204(a)(1)(iii) or (iv), or Section 204(a)(1)(B)(ii) or (iii)<br>▶I-797 indicating approved or pending I-130 (visa petition) under Section 204(a)(1)(A)(i) or (ii), or Section 204(a)(1)(B)(i)<br>▶Order from EOIR granting or establishing prima facie determination of suspension of deportation under Section 244(a)(3) or cancellation of removal under Section 240A(b)(2) | B |
| **Victims of Trafficking** (Victims of Trafficking (T visa) receive benefits to the same extent as refugees (GIS 02 MA/022). | ▶I-94 coded T1, T2, T3, T4, T5<br>▶Certification letter (for adults) or eligibility letter (for children) from Office of Refugee Resettlement<br>▶I-797 Notice of Action | R-NYC<br>D-Upstate |
| **Veterans or Persons on active duty in the Armed Forces and their immediate family members** (Immediate family members: documentation of relationship to veteran or person on active duty) | ▶Original or notarized copy of current orders showing the person is on full-time duty in U.S. Armed forces<br>▶Military I.D. card - DD Form 2 (active)<br>▶DD Form 214 showing "Honorable" discharge<br>▶Original or notarized copy of the veteran's discharge papers | V OR M |

# Category 3:   Persons who are Permanently Residing Under Color of Law (PRUCOL)*

*PRUCOL is not an immigration status.  PRUCOL is not granted by the USCIS.  PRUCOL is a public benefits eligibility category.

| Category | Documentation | WMS ACI code |
|---|---|---|
| **a.  Parolees admitted into U.S. for less than a year** | ▶ I-94 with annotation "Paroled Pursuant to Section 212(d)(5)" or "parole" or "PIP"<br>▶ I-688B or I-766 coded 274a.12(a)(4), 274a.12(c)(11), A4, or C11 | **T** |
| **b.  Persons under an Order of Supervision**<br>*(Non-citizens who have been found deportable; however certain factors exist which make it unlikely that USCIS would be able to remove them.)* | ▶ I-94 annotated "Order of Supervision"<br>▶ I-220B Order of Supervision<br>▶ I-688B or I-766 coded 274a.12 (c)(18) or C18 | **O** |
| **c.  Persons granted indefinite stay of deportation**<br>*(Non-citizens who have been found deportable, but USCIS deferred deportation indefinitely due to humanitarian reasons.)* | ▶ I-94 coded 106<br>▶ Letter/order from the USCIS or Court granting indefinite stay of deportation | **O** |
| **d.  Persons granted indefinite voluntary departure**<br>*(Status that was granted before 1996 to non-citizens who have been found deportable, but the USCIS deferred deportation indefinitely due to humanitarian reasons.)* | ▶ I-94 or letter/order from the USCIS or Court granting voluntary departure for an indefinite time period | **O** |
| **e.  Persons on whose behalf an immediate relative petition has been approved and her/his families covered by the petition**<br>*(Non-citizens who are immediate relatives (spouse, father, mother, or unmarried child under 21) of a U.S. citizen/LPR who has filed an I-130 on their behalf.)* | ▶ I-94 and/or I-210 indicating departure on a specified date, however, the USCIS expects the non-citizen's visa will be available within this time<br>▶ I-797 indicating I-130 petition has been approved<br>▶ Also see documentation listed under category "I" | **O** |
| **f.  Persons who have filed applications for adjustment of status under Section 245 of the INA and the USCIS has accepted as "properly filed"**<br>*(Non-citizens who filed for legal permanent resident status.)* | ▶ I-94 or passports with annotation "adjustment application" or "employment authorized during status as adjustment applicant"<br>▶ I-688 or I-688A coded 245A<br>▶ I-688B or I-766 coded 274a.12 (c)(22) or C22<br>▶ Also see documentation listed under category "I" | **O** |
| **g.  Persons granted stays of deportation**<br>*(Non-citizens who have been found deportable, but the USCIS may defer deportation for a specified period of time due to humanitarian reasons.)* | ▶ I-94 or letter/order from the USCIS or Court indicating granted stay of deportation | **O** |
| **h.  Persons granted voluntary departure under Section 242(b)**<br>*(This section has been repealed.)* | N/A | **O** |
| **i.  Persons granted deferred action status** | ▶ I-797 or any document from USCIS granting deferred action status<br>▶ I-688B or I-766 coded 274a.12 (c)(14) or C14 | **O** |
| **j.  Persons who entered and continuously resided in the U.S. before January 1, 1972 (Registry)**<br>*(Non-citizens are presumed by the USCIS to meet certain criteria for legal permanent residence.)* | ▶ Any documentary proof establishing entry and continuous residence<br>▶ I-688B or I-766 coded 274a.12(c)(16) or C16<br>▶ I-797, letter/notice from the USCIS or Court indicating registry application is pending | **O** |

| Category | Documentation | WMS ACI code |
|---|---|---|
| **k.  Persons granted suspension of deportation pursuant to Section 244 of the INA; the USCIS does not contemplate enforcing departure** *(Non-citizens in this category have been found deportable, have met a period of continuous residence and have **filed** an application for the USCIS to suspend deportation, which has been granted.)* | ►I-797, letter/order from an immigration judge and ►I-94 showing suspension of deportation granted. After Lawful Permanent Residence is granted the person will have a "green card" (Form I-551). | O |
| **l.  Other Persons living in the U.S. with the knowledge and permission or acquiescence of the USCIS and whose departure the USCIS does not contemplate enforcing:** Examples include, but are not limited to: -Permanent nonimmigrants, pursuant to P.L. 99-239 (applicable to citizens of the Federated States Micronesia and Marshall Islands[5]); -Applicants for adjustment of status[1], asylum[2], suspension of deportation or cancellation of removal[3] or for deferred action -Persons granted extended voluntary departure[4] or Deferred Enforced Departure (DED)[4] due to conditions in their home country; -Persons granted Temporary Protected Status[7]; and -Persons having a "K", "V", "S" or "U" visa. | ►I-94 coded K3, K4, V1, V2, or V3, T*, U, or S  (refer to Category 4: "SPECIAL NONIMMIGRANT" section below) ►I-688B or I-766 coded 274a.12(a)(8)[5], 274a.12(a)(11)[4], 274a.12(a)(13)[6], 274a.12(c)(8)[2], 274a.12(c)(9)[1], 274a.12(c)(10)[3], 274a.12(c)(12)[6], A8[2], A9, A11[4], A13[6], C8[2], C9[1], or C12[6], 274a.12(a)(12) or (c)(19), A12, C19[7] ►I-688 or I-688A ►I-797 indicating the USCIS has received, taken action on or approved an application or petition ►Postal Return Receipt addressed to the USCIS or copy of cancelled check to the USCIS, and copy of the enclosed documents submitted to the USCIS, or ►Correspondence to or from the USCIS, showing that the person is living in the U.S with the knowledge and permission or acquiescence of the USCIS, and the USCIS does not contemplate enforcing the person's departure from the U.S. | O |

## Category 4:  Non-Immigrants

| Category | Documentation | WMS ACI code |
|---|---|---|
| **Temporary Non-Immigrants** include: Visitors for business or pleasure (B-1, B-2), crewmen on shore leave (D), foreign students (F), temporary workers (H & O), including agricultural contract workers, members of foreign government representatives on official business (A), personnel of international organizations (G), Treaty Traders and investors (E), Cultural Exchange Visitors (Q), Athletes and entertainers (P), Religious workers (R), Exchange visitors (J) and members of the foreign press (I). *(These non-immigrants are lawfully admitted to the U.S. for a temporary or specified period of time.)* | ►I-94, Arrival/Departure record ►I-185, Canadian Border Crossing Card* ►I-186, Mexican Border Crossing Card* ►I-444, Mexican Border Visitor's Permit* ►I-95A, Crewmen's Landing Permit  *B-1/B-2 Visa/BCC is now issued in place of these documents | **E** **Emergency services only** |
| **Special Non-Immigrants:** Some categories of non-immigrant status allow the status holder to work and eventually adjust to lawful permanent residence.  These categories allow the individual to apply for the adjustment to LPR status after he or she has had the nonimmigrant status for a period of time.  **As SPECIAL NONIMMIGRANTS [Law found at 8 U.S.C. Sect 1101 (a) (15) (K) (S) (T)* (U) and (V) visa holders are PRUCOL and are eligible for Medicaid/FHPlus/CHPlus A.**  * Victims of Trafficking (T) receive benefits to the same extent as refugees (GIS 02 MA/022). | ►I-94 coded K3, K4, V1, V2, or V3, T*, U, or S ►I-797 indicating the USCIS has received, taken action on or approved an application or petition ►Postal Return Receipt addressed to the USCIS or copy of cancelled check to the USCIS and a copy of the enclosed documents submitted to the USCIS, or ►Correspondence to or from the USCIS, showing that the person is living in the U.S. with the knowledge and permission or acquiescence of the USCIS, and the USCIS does not contemplate enforcing the person's departure from the U.S. | **O** **PRUCOL**  ***(EXCEPT VICTIMS OF TRAFFICKING)** |

## Category 5:  Undocumented Immigrants

| Category | Documentation | WMS ACI code |
|---|---|---|
| **Undocumented Immigrants** *(Undocumented immigrants do not have the permission of the USCIS to remain in the U.S. They may have entered the United States legally but have violated the terms of their status, e.g. over-stayed a visa, or they may have entered without documents.)* | Undocumented immigrants are unable to provide documentation of immigration status; therefore, absent any documentation they are eligible only for the treatment of an emergency medical condition. Undocumented children may be eligible for CHPlus B.  Undocumented pregnant women continue to be eligible for PCAP. | **E** Emergency services only |

### U. S. Citizenship and Immigration Services (USCIS) Documents

| | | | |
|---|---|---|---|
| I-94 | Arrival Departure Card | I-571 | Refugee Travel Document |
| I-181 | Memorandum Of Creation of Record of Lawful Permanent Residence | I-688 | Temporary Resident Card |
| I-210 | Voluntary Departure | I-688A | Employment Authorization For Legalization Applicants |
| I-220B | Order of Supervision | I-688B | Employment Authorization Card |
| I-130 | Petition for Alien Relative | I-766 | Employment Authorization Card |
| I-140 | Immigrant Petition for Alien Worker | I-797 | Notice of Action (I-797C current version) |
| I-327 | Reentry Permit for permanent residents | DD-Form 2 | Military Identification Card |
| I-551 | Legal Permanent Resident Card, Resident Alien Card or "green card" | DD-214 | Report of Separation Military Discharge Document |

[1]Satisfactory immigration status is an immigration status that makes the individual eligible for benefits under the applicable program.

[2]The United States Citizenship and Immigration Services (USCIS) was formerly the Immigration and Naturalization Services (INS) and the Bureau of Citizenship and Immigration Services (BCIS).

**PLEASE NOTE:**

**The DATE OF ELIGIBILITY is the DATE OF ENTRY or the DATE STATUS WAS GRANTED.  The date of entry is** underlined **optional** for "O" PRUCOL category immigrants.

# DOH STATE OF NEW YORK
## DEPARTMENT OF HEALTH

Corning Tower     The Governor Nelson A. Rockefeller Empire State Plaza     Albany, New York 12237

Antonia C. Novello, M.D., M.P.H., Dr. P.H.
*Commissioner*

Dennis P. Whalen
*Executive Deputy Commissioner*

| ADMINISTRATIVE DIRECTIVE |
|---|

**TRANSMITTAL:**  04 OMM/ADM-7

**DIVISION:**  Office of Medicaid Management

**TO:**  Commissioners of Social Services

**DATE:**  October 26, 2004

**SUBJECT:**  Citizenship and Alien Status Requirements for the Medicaid Program

**SUGGESTED DISTRIBUTION:**

Medicaid Staff
Temporary Assistance Staff
Legal Staff
Fair Hearing Staff
Staff Development Coordinators

**CONTACT PERSON:**

Bureau of Local District Support
Upstate:  (518) 474-8216
NYC:  (212) 268-6855

**ATTACHMENTS:**  See Appendix I for a listing of attachments

## FILING REFERENCES

| Previous ADMs/INFs | Releases Cancelled | Dept. Regs. | Soc. Serv. Law & Other Legal Ref. | Manual Ref. | Misc. Ref. |
|---|---|---|---|---|---|
| 88 OMM/ADM-22<br>92 OMM/ADM-10<br>00 OMM/ADM-9 | 00 OMM/ADM-9<br>GIS 01 MA/015<br>GIS 01 MA/025<br>GIS 02 MA/022<br>GIS 02 MA/027<br>GIS 03 MA/005<br>GIS 03 MA/011<br>GIS 03 MA/015<br>GIS 04 MA/003<br>GIS 04 MA/016 | 351.2(c)<br>360-1.2<br>360-3.2(j) | P.L.103-322<br>P.L.104-193<br>P.L.104-208<br>P.L.105-33<br>P.L.106-386<br>SSA 1903(v)(3)<br>SSL 134-a(2), 122<br>Aliessa v. Novello<br>96 NY2d 418 (2001) | | GIS 01 MA/026<br>GIS 01 MA/030<br>GIS 01 MA/033<br>GIS 02 MA/002<br>GIS 02 MA/016<br>GIS 03 MA/007<br>GIS 03 MA/008<br>GIS 04 MA/002<br>GIS 04 MA/014 |

**Date:** October 26, 2004

**Trans. No.** 04 OMM/ADM-7                                    Page No. 2

## APPENDIX I

Attachment A-1     Agency Letter Request for Social Security Number

Attachment A-2     Social Security Number Attestation Form

Attachment B-1     PRUCOL Narrative

Attachment B-2     Documentation Guide For PRUCOL Alien Categories

Attachment C       Aliens: Qualified/PRUCOL: Alien/Citizenship Codes(ACI
                   Codes)

Attachment D-1     Documentation Guide Immigrant Eligibility for Health
                   Coverage in New York State

Attachment D-2     Secondary Documentation of U.S. Citizenship

Attachment D-3     Key to I-766, I-688B Employment Authorization Documents
                   (EAD)

Attachment D-4     Key to I-94 Arrival Departure Record

Attachment E-1     DSS 3955-Certification of Treatment for Emergency
                   Medical Condition (Upstate) (9/04)

**Date:** October 26, 2004

**Trans. No.** 04 OMM/ADM-7                                      Page No.3

I.  <u>PURPOSE</u>

   The purpose of this Office of Medicaid Management Administrative
   Directive (OMM/ADM) is to provide local Departments of Social Services
   (LDSS) with a comprehensive document that clarifies and defines the
   various types of immigration statuses. This ADM outlines the
   citizenship/immigration documentation requirements for individuals in
   the Medicaid program, and provides specific desk aids that identify the
   United States Citizenship and Immigration Services (USCIS) codes which
   are important to the eligibility worker when determining the
   appropriate Medicaid coverage to be provided.  In addition, this
   directive also defines otherwise eligible immigrants who are
   "Permanently Residing in the United States Under Color of Law" (PRUCOL)
   and those immigrants who are in satisfactory immigration status.

II.  <u>BACKGROUND</u>

   The Personal Responsibility and Work Opportunity Reconciliation Act of
   1996, P.L.104-193 (PRWORA-Welfare Reform) substantially restricted
   immigrants' eligibility for means-tested benefits programs, including
   Medicaid.

   Prior to PRWORA, immigrants were eligible for full Medicaid coverage
   only if they were lawfully admitted for permanent residence or
   permanently residing in the United States under color of law (PRUCOL
   immigrants). The PRWORA created new eligibility criteria for
   immigrants.  The previous "PRUCOL" categories were no longer relevant
   to determining an immigrant's eligibility for benefits.  After the
   enactment of Welfare Reform, states could choose to cover the cost of
   these benefits with state-only money. New York opted not to do so, with
   certain exceptions, and enacted a statute conforming to the federal act
   (Social Services Law (SSL) Section 122).

   On June 5, 2001, the New York State Court of Appeals decision, <u>Aliessa
   v. Novello</u>, held Social Services Law Section 122 unconstitutional to
   the extent it denied Medicaid to lawful permanent residents and persons
   "permanently residing under color of law" (PRUCOL).  The <u>Aliessa</u>
   decision restored Medicaid coverage in New York State to both lawful
   permanent residents who came to the United States on or after August
   22, 1996 and PRUCOLs regardless of when they entered the U.S.  As a
   result of the ruling, New York must now provide Medicaid coverage to
   lawful immigrants who meet the Medicaid program's other eligibility
   criteria.  The <u>Aliessa</u> decision does not cover undocumented immigrants
   or other temporary nonimmigrants (i.e., short term visa holders;
   foreign students; tourists) who remain eligible only for the treatment
   of an emergency medical condition.

   Therefore, the local Departments of Social Services were notified that
   effective June 1, 2001, <u>State and local</u> Medicaid eligibility, for
   otherwise eligible immigrants, was no longer dependent on whether the
   immigrant was a qualified or non-qualified immigrant or the date on
   which the immigrant entered the United States.

   **As a result of the <u>Aliessa</u> decision, districts must not deny, reduce or
   discontinue qualified immigrants' and PRUCOL immigrants' eligibility
   for Medicaid, Family Health Plus or Child Health Plus A based on SSL
   Section 122.**

**Date:** October 26, 2004

**Trans. No.  04 OMM/ADM-7**                                    **Page No. 4**

III.  **PROGRAM IMPLICATIONS**

This ADM explains the categories of immigrant and nonimmigrant statuses
that local district eligibility workers need to know and understand in
order to determine which Medicaid eligibility coverage is available to
the applicant.  Specific definitions of common immigration
categories/terms and USCIS coding are essential tools that will aid the
eligibility worker.  Clarification of the Welfare Management System
(WMS)   process for authorizing Medicaid benefits to non-citizen
applicants is important for workers to understand so as to insure
proper reimbursement of State and/or federal shares.

Immigrants who are "qualified immigrants" (as defined in the definition
section of this directive) and who are otherwise eligible, may receive
full Medicaid benefits with Federal Financial Participation (FFP). In
addition, otherwise eligible qualified immigrants who entered the
United States on or after August 22, 1996 and who, prior to <u>Aliessa,</u>
were eligible for Medicaid only after five years, can be eligible for
full Medicaid benefits with State and local funds.  In addition,
otherwise eligible immigrants who are PRUCOL can be eligible for full
Medicaid benefits with State and local funds.  Temporary nonimmigrants
and undocumented immigrants are not PRUCOL and continue to be limited
to Medicaid coverage for care and services necessary for the treatment
of an emergency medical condition.

Two groups of immigrants, given special exemption under SSL Section
122(1)(c), will continue to receive full Medicaid benefits with State
and local funds to the extent they are otherwise eligible: 1.)
Immigrants who, on August 4, 1997, were residing in certain residential
facilities and receiving Medicaid based on a determination that they
were PRUCOL; and 2.) Immigrants who, on August 4,1997, had been
diagnosed with AIDS, as defined in Section 2780(1) of the Public Health
Law, and were receiving Medicaid based on a determination that they
were PRUCOL.

For some immigrants the United States Citizenship and Immigration
Services (USCIS) (formerly the Bureau of Immigration and Naturalization
Services [INS]) requires an Affidavit of Support (I-864).  An Affidavit
of Support is a USCIS form signed by an immigrant's sponsor.  In the
Affidavit of Support, the sponsor promises to financially support the
immigrant if the USCIS allows the immigrant into the country.
Presently, neither sponsor deeming nor sponsor liability is being used
in the New York State Medicaid Program.  The sponsor's income is not
currently counted toward the immigrant applying for health coverage,
nor is New York State requiring sponsors to repay Medicaid for services
used by the immigrant.  However, NYS Medicaid may implement these
provisions at a future date.

NOTE:  The provisions of this directive do **not** apply to pregnant women.
A woman with a medically verified pregnancy is not required to document
citizenship or immigration status for the duration of her pregnancy,
through the last day of the month in which the 60-day postpartum period
ends.

Date:  October 26, 2004

Trans. No.  04 OMM/ADM-7                                     Page No. 5

## IV.  REQUIRED ACTION

This directive provides the necessary tools a Medicaid eligibility worker needs to properly determine a Medicaid applicant/recipient's immigration status. By becoming familiar with the United States Citizenship and Immigration Services (USCIS) documents and codes, definitions, and the Welfare Management System's (WMS) Alien/Citizenship (ACI) Codes, Coverage Codes and State/Federal Charge Codes, a worker will be able to effectively determine a citizen's or immigrant's eligibility for Medicaid.

All legal immigrants are eligible for Medicaid, Family Health Plus and Child Health Plus A, as long as the applicant meets the other eligibility requirements of the program and have "satisfactory immigration status". The Federal definition of "satisfactory immigration status" is an immigration status that does not make the individual ineligible for benefits under the applicable program.

Examples of individuals who are said to be in "satisfactory immigration status" are:

- U.S. Citizens;
- Nationals;
- Native Americans;
- Immigrants lawfully admitted for permanent residence (LPR) and immigrants known as "qualified immigrants"; and
- Immigrants permanently residing in the United States under color of law (PRUCOL).

Only two groups of immigrants are ineligible for "full" Medicaid. Those are:

- Undocumented immigrants (i.e. persons with no USCIS paperwork)
- Temporary nonimmigrants (i.e. short term visa holders, foreign students, tourists)

However, providing they meet the other eligibility criteria, undocumented immigrants and temporary nonimmigrants may be eligible for the treatment of an emergency medical condition.

**Districts must accept and process new and pending Medicaid applications submitted by or on behalf of all persons in satisfactory immigration status, including PRUCOL immigrants and immigrants formerly subject to the five-year rule.  These Medicaid applications must be processed within the time frames specified in 18 NYCRR 360-2.4, which requires the social services district to make a Medicaid eligibility determination within 30, 45, or 90 days depending upon the applicant's eligibility category, and Section 365-a (6) of the Social Services Law, which directs the district to provide prenatal care assistance program Medicaid benefits presumptively to eligible pregnant women.**

Date:  October 26, 2004

Trans. No.  04 OMM/ADM-7                                    Page No. 6

## A. DEFINITIONS

This section provides or lists definitions for immigration statuses, immigration-related terms and public benefit terms that appear repeatedly throughout this directive.

**ACTIVE MILITARY DUTY:** The term "active military duty" applies to individuals in current full-time service in the Army, Navy, Air Force, Marine Corps, or Coast Guard.  Members of the National Guard are not included in this definition.

**ALIEN:** The term "alien" means any person not a citizen or national of the United States. For the purposes of this directive, the term "immigrant" has the same meaning as the term "alien".

**BATTERED IMMIGRANT:** The term "battered immigrant" applies to certain individuals based on the fact that s/he was battered or subjected to extreme cruelty by a spouse or parent and who have been granted, or found prima facie eligible for relief under the Violence Against Women Act of 1994(P.L. 103-322).

**EMERGENCY MEDICAL CONDITION:** The term "emergency medical condition" means a medical condition (including emergency labor and delivery) manifesting itself by acute symptoms of sufficient severity (including severe pain) such that the absence of immediate medical attention could reasonably be expected to result in:
> -placing the person's health in serious jeopardy;
> -serious impairment to bodily functions; or
> -serious dysfunction of any bodily organ or part.

Treatment of emergency medical conditions does not include care and services related to an organ transplant procedure.

**NATIONAL:** A "national" is a person, who is not a U.S. citizen, but who owes permanent allegiance to the United States and may enter and work in the U.S. without restriction.  A "national" who is otherwise qualified may, if he becomes a resident of any State, be naturalized upon completing the applicable requirements. Examples of nationals are: (1) persons born in American Samoa and Swain's Island after December 24, 1952; and (2) residents of the Northern Mariana Islands who did not elect to become U.S. citizens.

**NATIVE AMERICAN BORN IN CANADA:** A Native American born in Canada may freely enter and reside in the United States and is considered to be lawfully admitted for permanent residence if he or she is of at least one-half Native American Indian blood.  As such, he or she is a qualified immigrant.  This does not include a non-citizen spouse or child of such Native American or a non-citizen whose membership in an Native American Indian tribe or family is created by adoption, unless such person is at least 50 percent Native American Indian blood.

**Date:** October 26, 2004

**Trans. No.** 04 OMM/ADM-7                                          **Page No.** 7

**NONIMMIGRANT:** A "nonimmigrant" is defined as an individual who has been granted a nonimmigrant status that allows him or her to remain in the U.S. temporarily for a specific purpose. There are more than two dozen nonimmigrant categories, each of which has specific requirements concerning the purpose of the individual's stay in the U.S. Most nonimmigrant categories require as a condition of the status that the individual have the intent of returning to a residence abroad.

**PRUCOL** (**P**ermanently **R**esiding **U**nder **C**olor **O**f **L**aw): Any immigrant who is permanently residing in the United States with the **knowledge and permission or acquiescence** of the United States Citizenship and Immigration Services (USCIS)(formerly the Immigration and Naturalization Services [INS]) and whose     departure from the United States the USCIS does not contemplate enforcing.

**QUALIFIED IMMIGRANT:** For the purposes of this directive, the term "qualified immigrant" has the same meaning as the term "qualified alien", as used in the federal PRWORA (Welfare Reform). Qualified immigrants are immigrants who usually live and work in the United States with the permission of the United States Citizenship and Immigration Services (USCIS).

**SATISFACTORY IMMIGRATION STATUS:** The term "satisfactory immigration status" is defined as an immigration status that does not make the individual ineligible for benefits under the applicable program. All qualified immigrants and PRUCOL immigrants are individuals said to be in satisfactory immigration status, as are citizens, Native Americans and nationals. The only groups excluded are undocumented immigrants and temporary nonimmigrants.

**SPECIAL NONIMMIGRANT:** Some categories of "special" nonimmigrant statuses allow the status (visa) holder to work in the United States and eventually adjust to lawful permanent residence status. These categories allow the individual to apply for adjustment to Lawful Permanent Resident (LPR) status after he or she has had the nonimmigrant status for a period of time.

**TEMPORARY NONIMMIGRANT:** A temporary nonimmigrant is an immigrant who has been allowed to enter the United States for a specific purpose and for a limited period of time. There are more than two dozen nonimmigrant categories, each of which has specific requirements concerning the purpose of the individual's stay in the U.S. Examples include tourists, students, and visitors on business or pleasure.

**UNDOCUMENTED IMMIGRANT:** Undocumented immigrants are immigrants who do not have the permission or acquiescence of the United States Citizenship and Immigration Services (USCIS) to remain in the United States. They may have entered the United States legally but have violated the terms of their status, e.g., over-stayed a visa, or they may have entered without documents.

Date: October 26, 2004

Trans. No. 04 OMM/ADM-7                                    Page No. 8

**UNITED STATES CITIZEN:** For the purposes of qualifying as a United States citizen, the United States includes the 50 states, the District of Columbia, Puerto Rico, Guam, U.S. Virgin Islands and the Northern Mariana Islands. Nationals from American Samoa or Swain's Island are also regarded as United States citizens for the purpose of Medicaid eligibility.

**VETERAN:** The term veteran means a person who served in the active military, naval or air service of the United States who fulfilled the minimum active duty service requirements and was honorably discharged or released, not on account of immigration status.

**VICTIMS OF A SEVERE FORM OF TRAFFICKING:** A "victim of a severe form of trafficking" is defined as anyone who:
1) has been subjected to a "severe form of trafficking in persons" which is defined as "sex trafficking in which a commercial sex act is induced by force, fraud, or coercion, or in which the person induced to perform such act has not attained 18 years of age; or the recruitment, harboring, transportation, provision, or obtaining of a person for labor or services, through the use of force, fraud or coercion for the purpose of subjection to involuntary servitude, peonage, debt bondage, or slavery; and
2) has not attained the age of 18 years or who is the subject of a certification issued by the federal government pursuant to Section 107(b)(1)(E) of the Victims of Trafficking and Violence Protection Act of 2000 (P.L. 106-386).

B. **DOCUMENTATION AND VERIFICATION REQUIREMENTS**

This directive will instruct social services district workers regarding the types of documentation that can be used to establish a Medicaid applicant's or recipient's immigration status and the individual's eligibility for Medicaid. This documentation is fully outlined in the "Documentation Guide, Immigrant Eligibility for Health Coverage in New York State", which is Attachment D-1 to this directive. As a general rule, U.S. citizens, nationals, Native Americans, qualified immigrants and PRUCOL applicants for Medicaid must provide appropriate documentation of their citizenship or satisfactory immigration status. In addition to the standard Medicaid eligibility questions regarding income, resources, family composition and living arrangements, the Medicaid program must ask an immigrant to verify his or her satisfactory immigration status. Such individuals must also sign a declaration, under penalty of perjury, that they are U.S. citizens, nationals, Native Americans, qualified or PRUCOL immigrants and must provide, or apply for, a Social Security Number or proof that s/he has applied for one, or tried to apply for a Social Security Number.

**NOTE:** Immigrant parents applying for Medicaid for citizen children do not have to supply any information about their own immigration status. Parents only have to prove that the child is a U.S. citizen. Pregnant women are not required to document their immigration status, complete the citizenship declaration, or provide a Social Security Number. In the month following the month in which the 60 day postpartum period ends, the women must meet these and all other applicable requirements in order to remain Medicaid eligible.

**Date:** October 26, 2004

**Trans. No.** 04 OMM/ADM-7                                            **Page No.** 9

C. <u>ELIGIBILITY FOR MEDICAID BENEFITS: CITIZENS, NATIONALS AND NATIVE
AMERICANS</u>

   1. <u>CITIZENS</u>

Natural born citizens and individuals who acquire citizenship
through naturalization and who are residents of the State of New
York may receive Medicaid benefits, if otherwise eligible.  For
the purposes of qualifying as a United States citizen, the United
States includes the 50 states, the District of Columbia, Puerto
Rico, Guam, U.S. Virgin Islands and the Northern Mariana Islands.
Nationals from American Samoa or Swain's Island are also regarded
as United States citizens for the purpose of Medicaid
eligibility.

The following are examples of items which constitute primary
documentation of U.S. citizenship (See Attachment D-1 to this
directive):
- U.S. Birth Certificate
- U.S. Passport
- Naturalization Papers or Certificate (N-550 or N-570)
- Consulate Report of Birth Abroad (FS-240)
- Certification of Report of Birth (DS-1350)
- U.S. Citizen I.D. Card (I-197 or I-179)
- Information from a primary source Federal agency (such as
  SSA) verifying U.S. as place of birth
- Religious document such as baptismal record, recorded
  within 3 months of age showing the ceremony took place in
  the U.S.

Many elderly individuals born in rural areas of the United States
have particular difficulty in documenting their place of birth.
Districts must provide assistance to such persons in exploring
all possible sources of primary and secondary verification before
denying such individuals on the basis of citizenship status.

When  primary  documentation  is  not  available,  secondary
documentation must be obtained.  At least **two** secondary documents
are needed to establish United States citizenship.

The following are examples of items which constitute secondary
documentation of U.S. citizenship:

a.) <u>Letter of No Record</u>:  This is a letter that indicates an
     attempt was made to find a birth certificate.  It is issued
     by the State where the individual was born stating the name,
     date of birth, years searched for a record and that there is
     no birth certificate on file for the person; **AND,**

b.) <u>One other document showing place of birth in the U.S.</u> such
     as:

    - Census record*
    - Certificate of circumcision*
    - Early school record*
    - Family Bible record*

Date:  October 26, 2004

Trans. No.  04 OMM/ADM-7                                    Page No.  10

- Doctor's record of post-natal care*
- A notarized affidavit from a blood relative familiar with the circumstances of the birth, i.e. a parent, aunt, uncle, sibling.
- A delayed birth certificate filed more than one year after birth  listing the documentation used to create it.  It must be signed by the attending physician or midwife or list an affidavit by the parent(s) or show early public school records.

*Any of this documentation **MUST** be a record showing the date and place of birth and created within the first five years of life.
(Please refer to Attachment D-2 "Secondary Documentation of U.S. Citizenship".)

### 2. <u>NATIONALS</u>

All U.S. citizens are also called nationals of the United States, but some individuals who are U.S. nationals are <u>not</u> U.S. citizens.  When the U.S. acquired certain island territories, Congress provided for the inhabitants of these territories to be citizens of their own islands, and nationals of the United States.  Noncitizen nationals owe permanent allegiance to the U.S and may enter and work in the U.S. without restriction.  At present, noncitizen nationals include only (1) certain citizens of American Samoa and Swain's Island, and (2) residents of the Northern Mariana Islands who did not elect to become U.S. citizens.

### 3. <u>NATIVE AMERICANS</u>

Native Americans born in the United States are citizens of the United States, and will have the same types of documentation as do other citizens.

A non-citizen member of a federally recognized tribe or a native-American who is at least fifty percent Native American Indian blood and who was born in Canada may be eligible for Medicaid benefits.

A Native American born in Canada may freely enter and reside in the U.S. and is considered to be lawfully admitted for permanent residence if she/he is of at least one-half Native American Indian blood.  As such, she/he is a qualified immigrant.  This does not include a non-citizen spouse or child of such Native American or a noncitizen whose membership in a Native American Indian tribe or family is created by adoption unless such person is at least fifty percent Native American Indian blood.

Date: October 26, 2004

Trans. No. 04 OMM/ADM-7
Page No. 11

The following items can be used to verify Native American or federally recognized tribal membership:

**Native Americans born in Canada:**
- Birth or baptismal certificate issued on a reservation;
- Tribal records;
- Letter from the Canadian Department of Indian Affairs; or
- School records.

**Non-citizen member of federally recognized tribe:**
- Membership card or other tribal document; or
- Confirmed by contact with tribal government.

D. **ELIGIBILITY OF IMMIGRANTS FOR MEDICAID BENEFITS: QUALIFIED IMMIGRANTS**

As a result of the Aliessa v. Novello court decision, all qualified immigrants regardless of their date of entry into the United States, can be eligible for Medicaid provided they meet all other eligibility requirements. The only difference is that Federal Financial Participation (FFP) should be claimed for some groups but must not be claimed for others until they have resided in the United States as qualified immigrants for five years.

- Qualified immigrants who entered the U.S. prior to August 22, 1996 receive full Medicaid coverage with Federal Financial Participation (FFP);
- Certain qualified immigrants who entered the U.S. on or after August 22, 1996 receive Medicaid coverage with FFP; and
- Certain qualified immigrants who entered the U.S. on or after August 22, 1996, receive Medicaid coverage with State and local funds (FNP) until they have resided in the U.S. as qualified immigrants for five years.

Therefore, to assure proper claiming it is imperative that local department of social service staff determine and enter into the Welfare Management System (WMS) the correct Date of Entry (DOE).

Qualified immigrants include the following: (See Attachment D-1)
- Persons lawfully admitted for permanent residence;
- Persons admitted as refugees;
- Persons granted asylum;
- Persons granted status as Cuban and Haitian entrants;
- Persons admitted as Amerasian immigrants;
- Persons whose deportation has been withheld;
- Persons paroled into the United States for at least one year;
- Persons granted conditional entry;
- Persons determined to be battered or subject to extreme cruelty in the United States by a family member;
- Victims of trafficking; or
- Veterans or persons on active duty in the Armed Forces and their immediate family members.

**Date:** October 26, 2004

**Trans. No.** 04 OMM/ADM-7                                    **Page No.** 12

1. <u>QUALIFIED IMMIGRANTS WHO ENTERED THE U.S. PRIOR TO AUGUST 22, 1996:</u>

   A qualified immigrant who entered the United States prior to August 22, 1996, may receive all care and services available under the Medicaid program, provided he or she is determined to be otherwise eligible. This provision includes individuals who attained qualified immigrant status subsequent to August 22, 1996, and who can demonstrate to the district's satisfaction that they continuously resided in the United States until attaining qualified immigrant status. Federal Financial Participation (FFP) should be claimed for Medicaid provided to these qualified immigrants.

2. <u>QUALIFIED IMMIGRANTS WHO ENTERED THE U.S. ON OR AFTER AUGUST 22, 1996 AND ARE IN CERTAIN CATEGORIES EXEMPT FROM THE FEDERAL FIVE YEAR BAN ON MEDICAID:</u>

   The following qualified immigrants who entered the United States on or after August 22, 1996, may receive all care and services available under the Medicaid program, provided they are determined to be otherwise eligible.
   - Persons who have been granted asylum under Section 208 of the INA;
   - Persons for whom deportation has been withheld under Section 243(h) or 241 (b) (3) of the INA;
   - Persons who are Cuban and Haitian entrants (as defined in Section 501(e) of the Refugee Education Assistance Act of 1980);
   - Qualified immigrants lawfully residing in the State who are on active duty in the armed forces, or who have received an honorable discharge from the armed forces and their spouses and unmarried dependent children, who are also qualified immigrants.
     NOTE: Non-citizen veterans and Active Duty Military personnel and their spouses and children are exempt from most of the immigration status related restrictions under the Personal Responsibility and Work Opportunity Reconciliation Act (PRWORA). For example they are eligible for Supplemental Security Income (SSI) and Food Stamps and are exempt from the five year ban.
   - Refugees under Section 207 of the INA (including Amerasian immigrants admitted under the provisions of Public Law 100-202).
   - Victims of a severe form of trafficking are qualified immigrants who receive Medicaid to the same extent as refugees. A comprehensive discussion of this group is set forth at Section "D.4." of this directive.

   Federal Financial Participation (FFP) should be claimed for Medicaid provided to these qualified immigrants.

Date: October 26, 2004

Trans. No. 04 OMM/ADM-7                                    Page No. 13

### 3. ALL OTHER QUALIFIED IMMIGRANTS WHO ARE NOT IN THE ABOVE TWO GROUPS:

This group of qualified immigrants may receive all care and services available under the Medicaid program, provided s/he is determined to be otherwise eligible. However, for these individuals their Date of Entry (DOE) will determine whether or not Federal Financial Participation (FFP) is available. During their first five years in the U.S. with a status as qualified immigrant, FFP is not available. The cost of their Medicaid coverage will be born solely by State and local shares (50% State/50% local). Once a qualified immigrant in this group has resided in the United States as a qualified immigrant for a period of five years, FFP will become available. This means the federal government will pay a share of their Medicaid costs. The shares are generally split 50%Federal/25%State/25%local.

Therefore, for these individuals it is critical that the Medicaid eligibility worker make the appropriate WMS system changes to assure the change from FNP to FFP claiming as the five year ban period comes to an end.

Qualified immigrants in this group include the following:
- Persons lawfully admitted for permanent residence (i.e. LPRs-"green card holders") under the Immigration and Nationality Act (INA);
- Persons paroled into the United States under Section 212(d)(5) of the INA for a period of at least one year;
- Persons granted conditional entry pursuant to Section 203(a)(7)Immigration and Nationality ACT (INA); and
- Persons who have been determined by the social services district to be in need of Medicaid as a result of being battered or subject to extreme cruelty in the United States by a spouse, parent, or by a member of the spouse's or parent's family residing in the same household as the alien family member at the time of the battering or extreme cruelty. A comprehensive discussion of this group is set forth at Section "D.5." of this directive.

### 4. VICTIMS OF A SEVERE FORM OF TRAFFICKING:

There have been several new visa categories issued by the United States Citizenship and Immigration Services (USCIS) over the past several years. The T Visa Status is one of them, and is issued by USCIS to immigrants who are "victims of a severe form of trafficking".

For purposes of Medicaid/Family Health Plus/Child Health Plus A eligibility victims of a severe form of trafficking, holders of a T visa/T-1, and holders of T-2, T-3, T-4 and T-5 ("Derivative T-visas") who are the minor children, spouses and in some cases the parents and siblings of victims of severe forms of trafficking in persons, may receive Medicaid benefits to the same extent as refugees (Trafficking Victims Protection Reauthorization Act of 2003 [TVPRA-P.L. 108-193]).

**Date:** October 26, 2004

**Trans. No.** 04 OMM/ADM-7                                    **Page No.** 14

## DERIVATIVE T-VISA

For an individual who is already in the United States on the date the derivative T visa is issued, the date of entry is the notice date on the I-797, Notice of Action of Approval (issued by USCIS) for that individual T visa.

For an individual who enters the United States on the basis of a Derivative T visa, the Date of entry is the date stamped on the individual passport or I-94 Arrival Record.

## PRIMARY T-VISA HOLDERS

Under the Victims of Trafficking and Violence Protection Act of 2000 (VTVPA), adult victims of trafficking who are certified by the U.S. Department of Health and Human Services (HHS) are eligible for benefits to the same extent as refugees. Children who have been subjected to trafficking are also eligible like refugees but do not need to be certified.

For individuals who meet the criteria, the Office of Refugee Resettlement (ORR) will issue certification letters to victims of trafficking who meet certification requirements. ORR will issue similar letters for children who have been subjected to trafficking. To receive a certification, a victim of trafficking must be willing to assist with the investigation and prosecution of trafficking cases and either

1) have made a bona fide application for a T visa; or
2) be an individual whose continued presence the Attorney General is ensuring to effectuate a trafficking prosecution.

When a victim of trafficking applies for Medicaid benefits, the local district of social services worker must:

1) Accept the certification letter or letter for children in place of USCIS documentation. Victims of severe trafficking do not need to provide any other documentation of their immigration status.

2) Call the trafficking verification line at (202) 401-5510 to confirm the validity of the certification letter or similar letter for children.

3) Note the "entry date" for refugee benefits purposes. The individual's "entry date" for refugee benefits purposes is the certification date, which appears in the body of the certification letter or letter for children. This is the date that must be entered in the WMS system in the Date of Entry (DOE) field.

4) Issue benefits to the same extent as a refugee provided the victim of a severe form of trafficking meets other program eligibility criteria (e.g. income levels).

5) Record the expiration date of the certification letter or letter for children so that re-determinations/renewals of eligibility can be conducted at the appropriate time.

Federal Financial Participation should be claimed for Medicaid provided to these individuals.

**Date:** October 26, 2004

**Trans. No.** 04 OMM/ADM-7                                          **Page No.** 15

5. <u>BATTERED IMMIGRANTS:</u>

Battered immigrants filing self-petitions (USCIS Form 1-360: Petition for Amerasian, Widow(er), or Special immigrant) who can establish a "prima facie" case are considered qualified immigrants for the purpose of eligibility for public benefits (Section 501 of the Illegal Immigrant Responsibility and Immigration Reform Act [IIRIRA]).  The USCIS reviews each petition initially to determine whether the self-petitioner has addressed each of the requirements listed below and has provided some supporting evidence.  This may be in the form of a statement that addresses each requirement.  This is called a prima facie determination.  When the USCIS makes a prima facie determination, the self-petitioner will receive a Notice of Prima Facie Determination from USCIS.

In order to be a qualified immigrant based on battery or extreme cruelty, the immigrant must not currently be residing in the same household as the individual responsible for the battery or extreme cruelty and must have a petition approved by or pending with the USCIS that sets forth <u>a prima facie case</u> for one of the following statuses:
- Status as a spouse or child of a United States citizen under Sections 204(a)(1)(A)(i), (ii), (iii), or (iv) of the INA;
- Classification to immigrant status as a spouse or child of a lawful permanent resident under Sections 204(a)(1)(B)(i), (ii), (iii), or (iv) of the INA; or
- Suspension of deportation and adjustment to lawful permanent resident status under Section 244(a)(3) of the INA.

A substantial connection between the battery or extreme cruelty suffered by the immigrant (or the immigrant's child or parent) and the need for Medicaid benefits exists under the following circumstances:
- The benefits are needed to enable the immigrant and/or the immigrant's child to become self-sufficient following the separation from the abuser;
- The benefits are needed due to loss of financial support resulting from the immigrant's and/or his/her child's separation from the abuser;
- The benefits are needed because work absence or lower job performance resulting from the battery or extreme cruelty or from legal proceedings relating thereto cause the immigrant to lose his or her job or require the immigrant to leave his/her job for safety reasons;
- The benefits are needed because the immigrant or his/her child requires medical attention or mental health counseling, or has become disabled as a result of the battery or cruelty;
- The benefits are needed to alleviate nutritional risk or need resulting from the abuse or following separation from the abuser;
- The benefits are needed to provide medical care during an unwanted pregnancy resulting from the abuser's sexual assault or abuse of, or relationship with, the immigrant or his/her child, and to care for the resulting children; or

Date: October 26, 2004

Trans. No. 04 OMM/ADM-7                                    Page No. 16

- Medical coverage and/or health care services are needed to replace medical coverage of health care services the immigrant had when living with the abuser.

The federal immigration agency, USCIS, determines whether an immigrant meets the requirements to be a "battered immigrant", as explained above. The worker should refer to Attachment D-1 "Documentation Guide Immigrant Eligibility for Health Coverage in New York State" for the types of USCIS documents these immigrants will have.

E. **VERIFICATION OF QUALIFIED IMMIGRANT STATUS**

All applicants for Medicaid (except those applying only for the Prenatal Care Assistance Program (PCAP) or the treatment of an emergency medical condition) must provide proof of citizenship or must demonstrate or document "satisfactory immigration status", and verify that status with a United States Citizenship and Immigration Services (USCIS) document. Satisfactory immigration status is an immigration status that does not make the individual ineligible for benefits under the applicable program. Most qualified immigrants will have a "Green Card" (I-551), or an Arrival/Departure Record (I-94) or an Employment Authorization Document (EAD). The following USCIS documents can be used to verify Qualified Immigrant status:

- **Permanent Resident Card USCIS FORM I-151, I-551-"Green Cards":** "Green Cards" (although no longer green in color) are issued to immigrants who have been granted permanent resident status in the United States. They retain this status while in this country. The green card contains two dates, the "Card Expires" date and the "Resident Since" date. The Card Expires date indicates when the card expires and must be renewed. It does **NOT** indicate that the immigrant's status has expired. The immigrant retains his/her status as Lawful Permanent Resident (LPR) while in this country.

The Resident Since date is the date on which the immigrant acquired lawful resident status. It is <u>not</u> the "date of entry" required for WMS input. The date of entry is <u>not</u> indicated on the green card.

NOTE: The Date of Entry (DOE) is of particular importance to the eligibility worker because the date will determine whether federal financial participation is available. The worker should record the date of entry in WMS.

For the purposes of obtaining Medicaid benefits, an I-151 or I-551 that contains an expired date is acceptable documentation of lawful permanent resident status. Although the USCIS requires that the individual simply renew the I-551, this is not a requirement for the purpose of applying for Medicaid.

No other form of documentation of U.S. residence status is required if an individual has either of these documents.

Date: October 26, 2004

Trans. No. 04 OMM/ADM-7

- **Arrival/Departure Record USCIS FORM I-94:**
  Every immigrant who has been granted permission to enter the U.S.
  by an Immigration Inspector at an authorized Port of Entry is
  issued an Arrival/Departure Record, USCIS Form I-94.

  An Arrival/Departure Record will take one of two forms, it can be
  either:
  - An I-94 stamp in the immigrant's passport (the "I-94" stamp
    is annotated with the appropriate code); or
  - A white I-94 card, the bottom of which is stapled to a page
    in the immigrant's passport.

  This document includes the date of entry, how long the person may
  remain in the U.S. and the terms or codes of admission.

  NOTE: The Date of Entry (DOE) is of particular importance to the
  eligibility worker because the date will determine whether
  federal financial participation is available.  The worker should
  record the date of entry in WMS.

  If the only document presented by the applicant is the I-94, the
  LDSS worker must refer to the desk guide "Key to I-94 Arrival
  Departure Record" (Attachment D-4 of this directive) to determine
  if the I-94 code is one that establishes the immigrant status.

  For example: If an individual presents an I-94 card coded "207 or
  REFUG", the worker would look on the desk guide entitled "Key to
  I-94 Arrival Departure Record" under the code column for the code
  "207 or REFUG". The "meaning" column indicates this individual is
  a Refugee, as illustrated below:

### KEY TO I-94 ARRIVAL DEPARTURE RECORD

| PERSONS FLEEING PERSECUTION | |
|---|---|
| CODE | MEANING |
| 203(a)(7) | Conditional entrant |
| 207 or REFUG | Refugee |
| 208 | Asylum |
| 243(h) or 241(b)(3) | Withholding of deportation or removal |
| AM 1, 2, 3 | Amerasian |

Date:  October 26, 2004

Trans. No.  04 OMM/ADM-7

Next, the worker must refer to the desk guide "Documentation Guide, Immigrant Eligibility for Health Coverage in New York State" (Attachment D-1 of this directive) to determine  further the immigrant's status and appropriate Alien/Citizenship Indicator Code (ACI), as illustrated below:

### DOCUMENTATION GUIDE: IMMIGRANT ELIGIBILITY FOR HEALTH COVERAGE IN NEW YORK STATE

| Category | Documents | WMS ACI code |
|----------|-----------|--------------|
| Refugees | ▶I-94 or passport with annotation "Section 207" or "refugee" <br> ▶I-551 coded R8-6, RE6, RE7, RE8, or RE9 <br> ▶I-571 Refugee Travel Document <br> ▶I-688B or I-766 coded 274a.12(a)(3) or A3 | R |

- **Employment Authorization Documents (EAC and EAD) USCIS FORMS I-688B, I-766:**

  If the USCIS permits an immigrant to work legally in the U.S., an Employment Authorization Document or Card (EAD or EAC) will be issued.  Permanent residents, PRUCOLs and individuals waiting for an adjustment of status can all apply for and may be issued such documents.

  An Employment Authorization Document (EAD) Form I-688B is issued to immigrants who are not permanent residents but have been granted permission to be employed in the U.S. for a specific period of time.  (This may include foreign students, visitors on business or pleasure and certain other visa holders).

  An Employment Authorization Card (EAC) Form I-766 is a newer version similar to a credit card document.  Both the I-688B and the I-766 have a "category" section that indicates the immigration status code when issued.

  The status code indicated in the category section of the EAD or EAC must be checked on the desk guide Attachment D-3 "Key to I-766, I-688B, Employment Authorization Documents (EADs)" to determine the individual's immigration status and type of health benefit they may be eligible for.

  <u>Because an EAD/EAC can be issued to non-immigrants it can not stand alone.  Therefore, an eligibility worker must look at additional documentation to establish immigrant status.</u>

  An expired EAD or EAC alone is **not** acceptable proof of immigration status because these forms may be issued to nonimmigrants.  If used, an expired EAD or EAC must be accompanied by other supporting USCIS document(s).

Date:  October 26, 2004

Trans. No.  04 OMM/ADM-7                                    Page No.  19

F.  **PERSONS PERMANENTLY RESIDING UNDER COLOR OF LAW (PRUCOL)**

Persons permanently residing in the United States under color of law (PRUCOL) are eligible for Medicaid, Family Health Plus (FHPlus) and Child Health Plus A (CHPlus A) provided they meet all other eligibility requirements. There is **no** Federal Financial Participation for this group.  This means the federal government will not pay a share of their Medicaid costs.  The shares are generally split
50% State/50% local.

Immigrants who are PRUCOL for Medicaid eligibility purposes are any persons who are permanently residing in the United States with the **knowledge and permission or acquiescence** of the United States Citizenship and Immigration Services (USCIS) and whose departure from the United States the USCIS does not contemplate enforcing.

An immigrant is considered as one whose departure the USCIS does not contemplate enforcing if, based on all the facts and circumstances of the particular case, it appears that the USCIS is otherwise permitting the immigrant to reside in the United States indefinitely or it is the policy or practice of the USCIS not to enforce the departure of immigrants in a particular category.

Prior to August 22, 1996, immigrants who were considered PRUCOL were eligible for a number of federal programs, including Medicaid, SSI, and Aid to Families with Dependent Children (AFDC).  The term is now used for Unemployment Insurance purposes and also by a number of States in determining eligibility for state funded programs such as FNP Medicaid.  The term also has been defined in decisions of federal and state courts, and the number and types of statuses that may be considered PRUCOL vary from state to state, benefit program to benefit program.

There are several categories of PRUCOL immigrants.  These categories are listed below and are also set forth in several attachments to this directive including Attachments B-1, B-2, entitled "Documentation Guide for PRUCOL Alien Categories," and D-1, entitled "Documentation Guide Immigrant Eligibility for Health Coverage in New York State."

**All immigrants who establish their status as PRUCOL under any of these categories are eligible for Medicaid, Family Health Plus and Child Health Plus A, provided they meet such programs' other eligibility requirements.**

In New York State, for the purposes of Medicaid eligibility, the following statuses are considered PRUCOL:
   a) Persons paroled into the U.S. pursuant to Section 212(d)(5) of the INA showing status for less than one year, except Cuban/Haitian entrants;
   b) Persons residing in the U.S. pursuant to an Order of Supervision;
   c) Persons residing in the U.S. pursuant to an indefinite stay of deportation;

Date: October 26, 2004

Trans. No. 04 OMM/ADM-7                                           Page No. 20

d) Persons residing in the U.S. pursuant to an indefinite voluntary departure;

e) Persons on whose behalf an immediate relative petition has been approved and their families covered by the petition, who are entitled to voluntary departure, but whose departure the USCIS does not contemplate enforcing;

f) Persons who have filed applications for adjustment of status pursuant to Section 245 of the INA that USCIS considers "properly filed" or granted and whose departure the USCIS does not contemplate enforcing;

g) Persons granted stays of deportation by court order, statute, or regulation, or individual determination by USCIS pursuant to Section 243 of the INA and whose departure the USCIS does not contemplate enforcing;

h) Persons granted voluntary departure pursuant to Section 242 (b) of the INA;

i) Persons granted deferred action status pursuant to USCIS operating instructions;

j) Persons who entered and have continuously resided in the U.S. since before 1/01/72;

k) Persons granted suspension of deportation pursuant to Section 244 of the INA; USCIS does not contemplate enforcing the departure; and

l) Other persons living in the United States with the knowledge and permission or acquiescence of the USCIS and whose departure the USCIS does not contemplate enforcing. Examples include but are not limited to, the following:

- Permanent non-immigrants pursuant to Public Law 99-239 (applicable to Citizens of the Federated States of Micronesia and Marshall Islands);

- Applicants for adjustment of status, asylum, suspension of deportation or cancellation of removal, or deferred action;

- Persons granted extended voluntary departure, or Deferred Enforced Departure (DED) for a specified time due to conditions in their home country;

- Persons granted Temporary Protected Status; and

- Persons having a "K", "V", "S" or "U" visa.

## G. VERIFICATION OF PRUCOL STATUS

The Medicaid eligibility worker must understand that the USCIS does not determine whether an immigrant is PRUCOL. To the contrary, the eligibility worker must determine whether the immigrant is PRUCOL by reviewing the documentation and other information that the immigrant presents to establish that he or she is PRUCOL.

**Date:** October 26, 2004

**Trans. No.** 04 OMM/ADM-7                                    Page No. 21

To be PRUCOL, the immigrant must possess or obtain documentation that establishes that he or she is permanently residing in the United States with either of the following:

- the knowledge and permission of the USCIS; **or**

- the knowledge and acquiescence of the USCIS.

These concepts are important and are explained further, below.

**Permanently residing in the U.S. with the knowledge and permission of the USCIS:**

This means that the USCIS "knows" that the immigrant is present in the U.S. and has granted its permission for the immigrant to remain in this country, at least for the time-being; that is, the USCIS is not contemplating enforcing the immigrant's departure at this time. As a general rule, immigrants will be permanently residing in the U.S. with the knowledge and permission of the USCIS when the USCIS has granted the immigrant a particular immigration status. The immigrant will have a document or form issued by the USCIS that indicates the particular immigration status that the USCIS has granted. The USCIS provides different documents and forms to immigrants, depending upon that immigrant's specific immigration status. In some cases, an immigrant may also have a document issued by an immigration court that permits the immigrant to remain in this country.

**Permanently residing in the U.S. with the knowledge and acquiescence of the USCIS:**

This means that the USCIS "knows or can reasonably be expected to know" that the immigrant is present in the U.S. and, although the USCIS may not have officially granted the immigrant permission to remain in this country, as demonstrated by a particular USCIS document or form granting a particular immigration status, the USCIS, through its silence or inaction, is apparently acquiescing in the immigrant's presence here, at least for the time-being. These immigrants will <u>not</u> have any USCIS document or form establishing that the USCIS has granted them a particular immigration status. However, the immigrant can be expected to present documentation of his or her contacts with the USCIS. This documentation must be sufficient to establish that the USCIS has knowledge of the immigrant's presence in the U.S. or, given all the facts and circumstances of the particular case, one may reasonably conclude that the USCIS knows that the immigrant is here. For example, the immigrant may have a copy of his or her letter to the USCIS applying for a particular immigration status and documentation, such as a return receipt for certified mail, showing that the USCIS would have received this letter. The USCIS's acquiescence in the immigrant's presence in the U.S. may be established when the USCIS, despite having been notified of the immigrant's presence in this country, fails after a reasonable period of time to respond to the immigrant's letters or fails to take any action to enforce the immigrant's departure from the U.S.

Date:  October 26, 2004

Trans. No.  04 OMM/ADM-7                                    Page No. 22

Both of these concepts are explained below, with specific reference to the PRUCOL categories listed at pages 19 and 20 of this directive.  For most of these PRUCOL categories, the USCIS will have issued the immigrant a document or form showing that the USCIS has granted the immigrant a particular immigration status.  As noted, however, immigrants may be found to be PRUCOL even in the absence of a USCIS document or form granting an immigration status.

1.  **VERIFICATION OF PRUCOL STATUS FOR IMMIGRANTS TO WHOM THE USCIS HAS ISSUED DOCUMENTS OR FORMS GRANTING AN IMMIGRATION STATUS:**

   a. **Immigrants to whom PRUCOL categories (a)-(k) apply:**

   When an eligibility worker verifies immigration documents for PRUCOL categories "a" through "k", documentation is fairly straight forward. By referring to the desk guide "DOCUMENTATION GUIDE FOR PRUCOL ALIEN CATEGORIES" (Attachment B-2 of this directive and/or Desk Guide Attachment D-1: "Category 3") the worker needs only to match the appropriate document presented to the category of PRUCOL "a through k".

   For example: When an individual presents an I-797 Notice of Action indicating an I-130 Petition for Alien Relative has been approved, the worker would review  page 5 of the desk guide "Documentation Guide, Immigrant Eligibility for Health Coverage in New York State" (Attachment D-1 of this directive) to determine the type of USCIS document the worker is reviewing.

   Reproduced below is the relevant portion of page 5 of the desk guide highlighting the I-797 and I-130:

U. S. Citizenship and Immigration Services (USCIS) Documents

| | | | |
|---|---|---|---|
| I-94 | Arrival Departure Card | I-571 | Refugee Travel Document |
| I-181 | Memorandum Of Creation of Record of Lawful Permanent Residence | I-688 | Temporary Resident Card |
| | | I-688A | Employment Authorization For Legalization Applicants |
| I-210 | Voluntary Departure | | |
| I-220B | Order of Supervision | I-688B | Employment Authorization Card |
| I-130 | Petition for Alien Relative | I-766 | Employment Authorization Card |
| I-140 | Immigrant Petition for Alien Worker | I-797 | Notice of Action (I-797C current version) |
| I-327 | Reentry Permit for permanent residents | DD-Form 2 | Military Identification Card |
| I-551 | Legal Permanent Resident Card, Resident Alien Card or "green card" | DD-214 | Report of Separation Military Discharge Document |

   Next, the worker would turn to page 3 of the desk guide "Documentation Guide Immigrant Eligibility for Health Coverage in New York State" (Attachment D-1 of this directive)under "Category 3: Persons who are Permanently Residing under Color of Law (PRUCOL)". The worker can then identify the category of PRUCOL by matching the documentation to the category.  In this particular example, the worker would conclude that the appropriate PRUCOL category is (e), "Persons on whose behalf an immediate relative petition has been approved and his or her families covered by one petition", as illustrated below:

Date:  October 26, 2004

Trans. No.  04 OMM/ADM-7                                    Page No.  23

Category 3:  Persons who are Permanently Residing Under Color of Law (PRUCOL)*

| Category | Documentation | WMS ACI code |
|---|---|---|
| e.  Persons on whose behalf an immediate relative petition has been approved and her/his families covered by the petition *(Non-citizens who are immediate relatives (spouse, father, mother, or unmarried child under 21) of a U.S. citizen/LPR who has filed an I-130 on their behalf.)* | ▶I-94 and/or I-210 indicating departure on a specified date, however, the USCIS expects the non-citizen's visa will be available within this time<br>▶I-797 indicating I-130 petition has been approved<br>▶Also see documentation listed under category "I" | O |

b.  **Immigrants granted a "K," "V," "S" or "U" visa**:

There have been several new visa categories issued by the United States Citizenship and Immigration Services (USCIS) over the past several years.

Some categories of "special" nonimmigrant statuses allow the status (visa) holder to work and eventually adjust to lawful permanent residence. These categories allow the individual to apply for adjustment to LPR status after he or she has had the non-immigrant status for a period of time. These statuses are included in the category defined as: "Other persons living in the U.S. with the knowledge and permission or acquiescence of USCIS and whose departure USCIS does not contemplate enforcing."

Such statuses include, for example:

**K status**:   For the spouse, child, or fiancé(e) of a U.S. citizen.

**S status**:   For informants providing evidence for a criminal investigation.  Also known as the "Snitch Visa".

**U status**:   For victims or witnesses of specified crimes (who have suffered substantial physical or mental abuse and agrees to cooperate with the government).

**V status**:   For spouses and children of LPR's whose visa petitions (Form I-130) have been pending for at least three years.

**NOTE:  THE ABOVE USCIS VISA CATERGORIES ARE NOT TO BE CONFUSED WITH WMS ALIEN CITIZENSHIP INDICATOR CODES (ACI CODES).**

**Date:** October 26, 2004

**Trans. No.** 04 OMM/ADM-7                                          Page No. 24

If otherwise eligible, an individual with a visa category of K or V or S or U should be authorized for Medicaid, FHPlus and CHPlus A as PRUCOL.  These visa categories are discussed further, below:

### The K and V Visa Status

Nonimmigrant visas V (Visa codes V-1, V-2 and V-3) and K (Visa codes K-3 and K-4) are two new categories of "special" nonimmigrant visas that were created by the Legal Immigration and Family Equity Act (LIFE Act) and are issued to persons intending to live permanently in the United States.  The V visa may be issued to alien spouses and minor children of lawful permanent residents whose family petitions (the I-130) have been pending for some time.  The V visa is intended to permit family reunification while the immigration cases of the lawful permanent resident's spouse and children are pending.  The K visa allows alien spouses and minor children of United States citizens to enter the United States legally and obtain work authorization. Individuals issued any of these visas may enter the United States as nonimmigrants to complete the immigration process.

### The S and U Visa Status

Holders of the S (Visa codes S-5, S-6 and S-7) or U visas (Visa codes U-1, U-2, U-3, and U-4) are considered PRUCOL and, if otherwise eligible, may receive Medicaid, FHPlus or CHPlus A.

The S visa status is given to aliens who assist U.S. law enforcement to investigate and prosecute crimes and terrorist activities.  S visa holders are allowed to adjust status to permanent resident under Section 245(j) of the Immigration and Nationality Act.

The U visa status is given to aliens who are victims and/or witnesses of certain crimes who are assisting an investigation or prosecution.  This status allows the nonimmigrant to remain in the U.S. and to work.  After three years in this status, a U status holder can apply to adjust their status.

With respect to the U visa status, the USCIS has directed that individuals who satisfactorily demonstrate to USCIS that they are eligible for a U visa are to be granted Deferred Action status. As such, holders of U visas are to be considered PRUCOL and, if otherwise eligible, may receive Medicaid, FHPlus or CHPlus A.

c. **Immigrants granted temporary protected status:**

- These immigrants are treated as PRUCOL for purposes of their eligibility for Medicaid, FHP or CHPlus A.  "Temporary protected status" is a temporary immigration status granted under federal law at 8 U.S.C. 1254a to immigrants who are physically present in the United States and who are from certain countries designated by the U.S. Attorney General as unsafe to accept their return because of ongoing environmental disasters or other extraordinary and temporary conditions. Currently, the following countries have TPS designation Angola, Burundi, El Salvador, Honduras, Liberia, Montserrat, Nicaragua, Sierra Leone, Somalia, and Sudan.  [A list

Date:  October 26, 2004

Trans. No.   04 OMM/ADM-7                                    Page No.  25

of countries designated for TPS is located at the United States
Citizenship and Immigration Services' (USCIS) (formerly the
Immigration and Naturalization Service-INS) website, at
http://uscis.gov].

Persons granted TPS are authorized to remain in the United States
for a specific limited period; the U.S. Attorney General can
extend it for a further specified period.  Prior to 1990, a
similar status called "Extended Voluntary Departure" was used in
the same way to provide relief to particular nationalities.

Persons granted temporary protected status will have one of the
following types of documentation:
- Form I-688B; or
- Form I-766 EAD coded 274a.12(a)(12) or A12; or
- A letter, verification or correspondence from USCIS, such
  as a Notice of Action (I-797) indicating temporary
  protected status has been granted.

- Applicants who have applied for Temporary Protected Status (TPS):
  These immigrants are treated as PRUCOL for purposes of their
  eligibility for Medicaid, Family Health Plus or Child Health Plus
  A if it reasonably appears, based on all the facts and
  circumstances of the case, that they are present in the United
  States with the **knowledge** and **permission** or the **acquiescence** of
  the federal immigration agency and that such agency is not
  presently contemplating deporting them.  Social Services
  districts should request proof from the immigrant that he or she
  filed the Application for Temporary Protected Status (Form I-821)
  and the Application for Employment Authorization (Form I-765) to
  the USCIS or its predecessor, the INS.  For example, the
  immigrant may have a receipt or letter from the federal
  immigration agency that shows that such agency received these
  documents.  However, the immigrant does not need to have written
  confirmation from the federal immigration agency acknowledging
  its receipt of these documents.  An immigrant can be considered
  PRUCOL if the immigrant can prove that he or she mailed these
  documents to the federal immigration agency on a certain date.
  When the federal immigration agency has not acted on the
  application after a reasonable period of time after mailing, the
  district may reasonably presume that the applicant is PRUCOL.
  Applicants for temporary protected status will have one of the
  following types of documentation:
  - Receipt or notice showing filing of Form I-821 (Application
    for Temporary Protected Status) and Form I-765 (Application
    for Employment Authorization); or
  - Form I-688B; or
  - Form I-766 EAD coded 274a.12(c)(19) or C19; or
  - Any letter, verification or correspondence from USCIS or a
    U.S. Postal Return Receipt.

Date: October 26, 2004

Trans. No.  04 OMM/ADM-7                                      Page No. 26

## 2. VERIFICATION OF PRUCOL STATUS FOR OTHER IMMIGRANTS, INCLUDING APPLICANTS FOR A PARTICULAR IMMIGRATION STATUS:

An immigrant can be PRUCOL even if the USCIS has not granted him or her a particular immigration status.  Typically, these immigrants have applied to the USCIS for a particular immigration status or for work authorization.  These immigrants will not necessarily have a document or form issued by the USCIS that officially grants them a particular immigration status.  Nonetheless, they can be PRUCOL when they establish that they are permanently residing in the U.S. with the knowledge and permission or acquiescence of the USCIS.  These PRUCOL immigrants are included among the immigrants in PRUCOL category "1": that is, "other persons living in the United States with the knowledge and permission or acquiescence of the USCIS and whose departure the USCIS does not contemplate enforcing."

**Determining whether an immigrant is present in the U.S. with the knowledge and acquiescence of the USCIS.**

The particular facts and circumstances of each immigrant's case establishes whether the USCIS has "knowledge" of the immigrant's presence in the U.S. and whether the USCIS can be seen as acquiescing in, or accepting, the immigrant's presence, at least for the time-being.  Both of these elements must be established for the immigrant to be PRUCOL under this category.

To determine whether an immigrant is within this PRUCOL category, the eligibility worker must look for the following:

   a. **Establishing that the USCIS has "knowledge" of the immigrant's presence:**

Any correspondence that the immigrant has received from the USCIS will establish that the USCIS has knowledge of the immigrant's presence in the United States.  Such correspondence may include, but is not limited to, any of the following:

   - USCIS receipt notice;
   - "Notice of Action" issued by USCIS;
   - USCIS fee receipt; or
   - Cancelled check for payment of a USCIS fee.

Each of these documents proves that the USCIS has received a form or other request for change in status or issuance of a work authorization.  As proof of correspondence with the USCIS, the eligibility worker may also accept a copy of a letter that the immigrant has sent to the USCIS together with documentation, such as a U.S. Postal Service Return Receipt form, showing that the USCIS actually received such letter.  A letter to the USCIS, without verification that USCIS actually received the letter, is not sufficient documentation to support PRUCOL status.

Date:  October 26, 2004

Trans. No.  04 OMM/ADM-7                                        Page No.  27

b. **Establishing that the USCIS is acquiescing in the immigrant's presence in the U.S.:**

It is important for the eligibility worker to understand that there are two ways to establish that the USCIS is acquiescing in the immigrant's presence in the U.S.  First, the immigrant may have a document from the USCIS that demonstrates acquiescence.  For example, the immigrant may have a document from the USCIS in which the USCIS advises the immigrant that it is reviewing the immigrant's application for a change in status.  Acquiescence can be demonstrated, however, even if the immigrant has <u>no</u> documentation from the USCIS but, rather, the USCIS has failed to respond to the immigrant's correspondence within a reasonable period of time.  For example, the worker may determine that the USCIS is acquiescing in the immigrant's presence in the U.S. when the immigrant has applied to the USCIS for a change in status, presents documentation (such as a return receipt form) establishing that the USCIS has received an application but has failed to respond within a reasonable period of time or has failed to take any action to enforce the immigrant's departure.

A few examples illustrate how the eligibility worker may determine whether the immigrant is PRUCOL because he or she is permanently residing in the U.S. with the **knowledge** and **permission** or **acquiescence** of the USCIS even if the immigrant does not have a document or other form from the USCIS that grants the immigrant a particular immigration status:

Example 1: An immigrant has written to the USCIS to request a change in his immigration status.  He has completed the appropriate USCIS application form.  He has a U.S. Postal Service Return Receipt indicating that the USCIS received his letter.  Alternatively, he might have a USCIS receipt that verifies the fee for filing the form was paid.  In addition, he may have a Notice of Action (I-797) from the USCIS stating that his application was received and is being reviewed.  All of this documentation shows the Medicaid eligibility worker that the USCIS knows the individual is present in the U.S. and is acquiescing in his or her presence, at least for the time-being.

Example 2:  Same fact pattern as above, but the USCIS has failed to respond in any way to the immigrant's letter after having a reasonable time in which to respond.  In this case, the immigrant has established that the USCIS knows he is present in this country.  The USCIS's acquiescence may be inferred by the USCIS's silence; that is, its failure to respond in any way to the immigrant's letter after having been afforded a reasonable period of time in which to do so.

H. **GENERAL DOCUMENTATION REQUIREMENTS**

1. **SOCIAL SECURITY NUMBERS**

Effective April 1, 2003, applicants for Medicaid, Child Health Plus A and Family Health Plus who are required to provide a Social Security Number (SSN) or proof of application for a SSN must continue to do so, but are no longer required to document the SSN.  This means that applicants are required to tell the district what

**Date:** October 26, 2004

Trans. No.   04 OMM/ADM-7                                          Page **No.** 28

their SSN is, but they are not required to show proof of the SSN
initially.  The only time documentation is necessary is if the SSN
cannot be verified or validated through the Welfare Management
System (WMS) SSN Validation process (GIS 03 MA/008).  Documentation
of application for SSN continues to be required when appropriate.
Districts must continue to confirm that the SSN provided is correct.

**Some immigrants may not have a SSN.** The Social Security
Administration (SSA) may issue Social Security Numbers (SSN) to
immigrants if State Law requires a SSN as a condition of eligibility
for Public Benefits.  New York State's laws and regulations require
a Social Security Number for public benefits, including Medicaid
[Social Services Law Section 134-a(2), 18 NYCRR Sections 351.2(c),
360-1.2]. All applicants for Medicaid thus must provide a Social
Security Number or proof that they have applied for one or tried to
apply for one.  The only exceptions are pregnant women, undocumented
immigrants and temporary non-immigrants applying for the treatment
of an emergency medical condition and certain battered women
immigrants who prove their status under the Violence Against Women
ACT (VAWA), as set forth in the section titled "Battered Immigrant"
of this directive.

A Medicaid eligibility worker should try to help the immigrant apply
for a SSN.  The worker should refer the applicant to a local Social
Security office and provide the applicant with a letter on agency
letterhead requesting a Social Security Number be issued.   A sample
letter "Agency Letter Request for Social Security Number" is
attached to this directive as Attachment A-1.

If an applicant still cannot get a SSN, then the applicant can
submit a statement to the Medicaid eligibility worker describing how
s/he tried to get an SSN.  A sample "Social Security Number
Attestation Form" is attached to this directive as Attachment A-2.

A Medicaid application **cannot be delayed or denied** if the immigrant
does not have a SSN or cannot get "proof" from the Social Security
Administration that they tried to apply.  If the applicant makes no
attempt to supply a SSN or a statement attesting to the applicant's
efforts to apply for a SSN, the application can be denied.

2.  <u>**LOST AND/OR EXPIRED DOCUMENTS**</u>

Immigrants' eligibility for benefits is based on the immigration
status they receive from the United States Citizenship and
Immigration Services (USCIS).  Immigrants are required by law to
carry immigration documents as evidence of their status.

Generally, expired USCIS documents cannot be used to establish an
immigrant's status.  The only exception is an expired I-151 or I-551
"Green Card".  That is because the expiration date on a "Green Card"
is only an indicator of when the card must be renewed.  It is not an
indication that the immigrant's status has expired.  Lawful
Permanent Resident status does not have an expiration date.

Any other expired USCIS document an immigrant may present can not
stand alone to establish the immigrant's status.  A Medicaid
eligibility worker must see other supporting USCIS documentation to
properly determine the immigrant's status.

**Date:** October 26, 2004

**Trans. No.** 04 OMM/ADM-7                                      **Page No.** 29

When an immigrant applicant has only expired USCIS documentation or claims a lawful immigration status, but has lost his/her immigration documentation, local districts should follow the appropriate procedure outlined below:

- **Lost Immigration Documentation**

Immigrants claiming a lawful immigration status and who have lost their immigration documentation should be referred to the USCIS for replacement documentation. Local districts need some verification from USCIS of an immigrant's lawful presence in order to make a determination of the immigrant's eligibility for benefits.

- **Expired Immigration Documentation**

a.) Permanent Resident Card

The most common USCIS document used to prove lawful permanent resident status (LPR) is the Permanent Resident Card (I-551). Commonly called the "Green Card", an I-551 expires after 10 years. USCIS began implementing a 10-year expiration period in 1989 to allow the agency to update photo identification and implement new card technologies that will increase the card's resistance to counterfeiting and tampering. <u>Immigrants do not lose permanent resident status because their Green Card has expired</u>. However, they are required by law to carry evidence of their immigration status, such as a valid Green Card or some other temporary proof of status provided by USCIS, while a Green Card renewal is being processed.

If the only immigration document an immigrant has is an expired Green Card, local districts can use it to determine the immigrant's eligibility for benefits.

Many immigrants do not renew their Green Cards because of the processing fee. A fee is imposed because federal guidelines require the processing of immigration benefits to be self-supported by filing fees.

USCIS does have discretion to waive any fee, if the applicant establishes that he/she is unable to pay the fee. Information on how an applicant can apply for a fee waiver is found on the USCIS Web site at: http://uscis.gov

b.) Foreign Passport with a Form I-551 Stamp

It often takes many months for immigrants to actually receive their Green Cards. While they are waiting for their card, USCIS can provide temporary evidence of permanent residence by stamping an immigrant's passport with an I-551 stamp. Immigrants' passports can also have an I-551 stamp for Green Card renewals. If the I-551 stamp has expired and the immigrant has no other immigration documents, districts can use the expired I-551 stamp to determine an immigrant's eligibility for benefits.

Date:  October 26, 2004

Trans. No.  04 OMM/ADM-7                                    Page No. 30

c.) Form I-94 Arrival/Departure Record

The I-94 record is created by USCIS when an immigrant is
inspected upon arrival in the United States. The I-94 is a 3" X
5" card that the inspector endorses with the date, place of
arrival and the class of admission. The card is stamped or
handwritten with a notation that indicates the immigration
category or the section of immigration law under which the
person is granted admission. The words "Employment Authorized"
may also be stamped on the card. Only immigrants with an
Arrival/Departure Record (I-94) that has specific satisfactory
immigration status notations would be eligible for benefits.
Districts need to carefully note the admitting status on the I-
94 and use the Desk Guide "KEY to I-94 Arrival Departure Record"
(Attachment D-4) to determine an immigrant's eligibility for
benefits.

d.) Form I-668B or I-766 Employment Authorization Documents (EAD)

These documents indicate that an immigrant or non-immigrant is
authorized to work in the U.S. Many qualified immigrants are not
automatically authorized to work in the U.S. by virtue of their
immigration status. Both these forms indicate an individual's
immigration status. If the only documentation an immigrant has
is an expired EAD, districts may use it to determine the
immigrant's eligibility for benefits. EADs are also issued to
temporary residents who are non-immigrants and are eligible only
for the treatment of an emergency medical condition.  The
immigrant's immigration status on the EAD must be checked
against USCIS immigration statuses on the Desk Guide "Key to I-
766, I-688B Employment Authorization Document (EAD)" (Attachment
D-3) to determine benefits for which the immigrant may be
eligible.

Any time a district must use expired immigration documents for a
determination of an immigrant's eligibility the district needs
to:

- Verify the immigrant's status by sending a G-845
  (Documentation Verification Request) to USCIS.  The form and
  instructions for filing may be downloaded from the USCIS web
  site at http://uscis.gov.  Go to "Forms and Fees" or by
  following the procedures in 1999-LCM-23 (Implementation of
  the Systematic Alien Verification for Entitlements (SAVE)-
  Interim Process). http://sdssnet5/otda/directives/1999/LCM/99
  LCM-23.pdf
- Advise the immigrant that s/he needs to go to USCIS to renew
  his/her Green Card or other immigration documentation.
- Use the immigration status on the expired immigration
  documentation as the basis for the immigrant's eligibility.
  Districts should refer to the attached Desk Guides:
  Attachments B-1, B-2, D1, D2, D-3 and D-4.

Date:  October 26, 2004

Trans. No.  04 OMM/ADM-7                                    Page No. 31
_____

I. <u>ELIGIBILITY OF IMMIGRANTS FOR MEDICAID COVERAGE FOR THE TREATMENT OF AN
   EMERGENCY MEDICAL CONDITION</u>

   1. <u>UNDOCUMENTED IMMIGRANTS</u>

An immigrant who is <u>not</u> a qualified immigrant and <u>not</u> PRUCOL
(hereafter referred to as undocumented) is not eligible to receive
medical care or services under the Medicaid program unless the
immigrant is otherwise eligible and the care and services are
necessary for the treatment of an emergency medical condition.

NOTE:  Undocumented immigrant does not include PRUCOL category "l"
in which the immigrant has contacted the USCIS and may or may not
have substantial/official documentation.

Undocumented immigrants are unable to provide documentation of
immigration status; therefore, absent any documentation they are
eligible only for the treatment of an emergency medical condition.

   2. <u>TEMPORARY NONIMMIGRANTS</u>

Some immigrants may be lawfully admitted to the United States, but
only for a temporary or specified period of time, as legal
nonimmigrants.   These immigrants are not eligible for Medicaid
because of the temporary nature of their admission status.  These
immigrants are never qualified immigrants, but in some cases may
meet the state residence rules.  If this is the case, such
nonimmigrants could be determined eligible for Medicaid for the
treatment of an emergency medical condition, if otherwise eligible,
<u>provided they did not enter the state for the purpose of obtaining
medical care.</u>

A visa is issued to persons with permanent residence outside the
U.S. but who are in the U.S. on a <u>temporary</u> basis, for example:
tourism, medical treatment, business, <u>temporary</u> work or study.
Districts are reminded that because of the <u>temporary</u> nature of their
admission status, these nonimmigrants, although lawfully admitted to
the United States, are eligible for Medical Assistance care and
services only for the treatment of an emergency medical condition.
(See attached Desk Guide Attachment D-1, Category 4:
"NONIMMIGRANTS".)

Most nonimmigrants can be accompanied or joined by spouses and
unmarried minor (or dependent children).

**Date:** October 26, 2004

**Trans. No.** 04 OMM/ADM-7                                             **Page No.** 32

The following categories of individuals are examples of temporary
legal nonimmigrants and their visa category:

**NOTE:  THESE USCIS VISA CATERGORIES ARE NOT TO BE CONFUSED WITH WMS
ALIEN CITIZENSHIP INDICATOR CODES (ACI CODES).**

- A Visa:              Foreign government officials
- B-1, B-2 Visa:       Temporary Business/pleasure Visitors
- C Visa:              Aliens in transit through the United States
- D-1 Visa:            Crewmen
- E-1, E-2 Visa:       Treaty Traders and Investors
- F Visa:              Students (including spouses and children)*
- G Visa:              International Representatives
- H-1B Visa:           Skilled Professionals, Temporary Workers
- I Visa:              Representatives of foreign information media
- J-1 Visa:            Practical Trainees, Exchange Visitors
- L Visa:              Intra-company Transferees
- NATO Visa:           NATO officials
- *TN Visa-Canada:*    *Canadian Professionals and Consultants*
- *TN Visa-Mexico:*    *Mexican Professionals and Consultants*
- O Visa:              Temporary Workers with Extraordinary Abilities
- P Visa:              Athletes, artists and entertainers (including
                       spouses and children)
- Q Visa:              Participants in international cultural exchange
                       programs
- R-1, R-2 Visa:       Temporary workers performing work in religious
                       occupations (including spouses and children)

These immigrants have the following types of USCIS documentation:
- Form I-94            Arrival-Departure Record (contains the visa
                       category code and Date of Entry);
- Form I-185           Canadian Border Crossing Card (BCC)*;
- Form I-186           Mexican Border Crossing Card (BCC)*;
- Form SW-434          Mexican Border Visitor's Permit*; or
- Form I-95A           Crewman's Landing Permit.

*B-1/B-2 Visa/BCC is now issued in place of these documents.

### TREATMENT OF AN EMERGENCY MEDICAL CONDITION

To be eligible for treatment of an emergency medical condition, an
undocumented immigrant or a temporary nonimmigrant must meet all
eligibility requirements, including state residence.

Date:  October 26, 2004

Trans. No.  04 OMM/ADM-7                                    Page No. 33

An "**emergency medical condition**" is defined as a medical condition (including emergency labor and delivery) manifesting itself by acute symptoms of sufficient severity (including severe pain) such that the absence of immediate medical attention could reasonably be expected to result in:
>      -placing the person's health in serious jeopardy;
>      -serious impairment to bodily functions; or
>      -serious dysfunction of any bodily organ or part.

Treatment of emergency medical conditions does not include care and services related to an organ transplant procedure.

Federal regulations at 42 CFR 440.255 provide that federal reimbursement is available after the sudden onset of the medical condition.  Certain types of care provided to chronically ill persons are beyond the intent of federal law and are not considered emergency services.  Such care includes alternate level of care (including private duty nursing) and personal care.

Temporary nonimmigrants and undocumented immigrants applying for coverage for the treatment of emergency medical conditions must submit the LDSS-3955 (Upstate) or MAP 2151 (NYC):  "Certification of Treatment of Emergency Medical Condition," completed and signed by a physician.  The DSS-3955 has been revised and is attached to this directive as Attachment E-1.  Social Service districts must begin using the revised LDSS-3955 immediately.  Social services districts must discard any existing supplies of the previous version of the LDSS-3955.

Because the care that can be covered by Medicaid under the definition of emergency medical condition is limited, authorizations for emergency care **must** cover a specific period of time in the past. The social services district must notify the provider of the acceptance/denial of the application, the period of coverage and the individual's Client Identification Number (CIN) when appropriate.

A new DSS-3955 or MAP 2151 must be obtained from a physician at least once every 90 days, in order to continue the Medicaid authorization.

## V.  SYSTEMS IMPLICATIONS

### Upstate Systems Implications

Over the past few years, various systems changes have been implemented to support the Department's policy pursuant to the Aliessa decision. The purpose of this section is to reiterate existing system support for these immigrants.

WMS utilizes a series of Alien/Citizenship Indicator Codes (ACI) to identify citizens, qualified and PRUCOL immigrants, and those immigrants eligible for the treatment of an emergency medical condition.

**Date:** October 26, 2004

**Trans. No.** 04 OMM/ADM-7                                      **Page No.** 34

The following is a listing of the Alien/Citizenship Codes currently supported by WMS:

**CITIZENSHIP/ALIEN INDICATOR CODES**

A   Person Granted Asylum
B   Battered Alien
C   Citizen
D   Trafficking Victims (Upstate)
E   Alien Only Eligible for Emergency
F   Person Granted Conditional Entry
G   Person Paroled into the U.S. for at Least 1 Year
H   Cuban and Haitian Entrant
J   Person whose Deportation is being withheld
K   Lawful Permanent Resident W/O 40 Quarters or 40 Quarters Not Determined
M   Qualified immigrant on Active Duty in Armed Forces (inc. Spouse & Dependent Child)
N   PRUCOL Alien Diagnosed with AIDS or Residing in RHCF on 8/4/97
O   PRUCOL Eligible for MA/FHP/CHPA/SN/FAP
R   Person Admitted as Refugee/Amerasian (includes Victims of Trafficking-NYC)
S   Lawful Permanent Resident with 40 Qualifying Quarters
T   Person Paroled into the U.S. for less than One Year
V   Veteran of the Armed Forces (including the Spouse & Dependent Child)

**NOTE: THE ABOVE WMS ALIEN CITIZENSHIP INDICATOR CODES (ACI CODES) ARE NOT TO BE CONFUSED WITH USCIS VISA CATEGORIES.**

In addition to the ACI, the proper Recipient Coverage Code and/or State/Federal Charge Code should be entered, as described below, to assure that the proper Federal/State/Local shares are derived.

Specifically; for individuals in the five year federal ban, the following system support exists:

1. For fully eligible, fee for service (non-Managed Care) individuals, Recipient Coverage Code 11 (Legal Alien - Full Coverage) is now generated for Case Types 11, 12, 16, 17, and 20. This Coverage Code produces an Aid Category Value of 76 (Legal Alien - FNP). This Aid Category assures that non-emergency Medicaid claims are reimbursed at 50% State/50% Local share.
   - Entry, or generation, (if Blank) of the Coverage Code 11 is allowed for ACI of B, F, G, K, S or T when the Date of Entry is greater than or equal to 9/96 and the MA coverage "from" date is less than five years from the Date of Entry (DOE).
   - When the ACI is N or O, Coverage Code 11 is entered or system generated. ACI codes N or O are always FNP regardless of the Date of Entry.

**Date:** October 26, 2004

**Trans. No.** 04 OMM/ADM-7         **Page No.** 35

2. For Managed Care (including Family Health Plus) or spenddown cases, the appropriate Managed Care, FHP, or spenddown Coverage Code should be entered. Entry of a Coverage Code 11 is valid for entry into the PCP subsystem. Following storage of the PCP enrollment, the proper PCP Coverage Code will be generated based upon the recipient's Categorical Code. It is important to data enter the State/Federal Charge Code of 60 or 67 so that when the Coverage Code is changed, proper State and Local claiming is achieved (Details in GIS 02 MA/002 and 01 MA/030).

   Specifically:
   a. State/Federal Charge Code 60 (TANF Ineligible Alien) should be entered on any case type.
      - State/Federal Charge Code 60 is required for individuals with a Citizenship Indicator of B, F, or K and a Date of Entry greater than or equal to 9/96 and an MA From Date less than five years from the Date of Entry.
   b. State/Federal Charge Code 67 (State Charge - Qualified Alien in the five year ban for Medicaid/PRUCOL) should be entered for MA Only (Case Type 20), Family Health Plus (Case Type 24) and Cash Assistance (Case Types 11, 12, 16, 17) cases.
      - State/Federal Charge Code 67 is also required when the ACI is G, S, or T and the Date of Entry is greater that or equal to 9/96 and the MA From Date is less than five years from the Date of Entry.
      - State/Federal Charge Code 67 is also required for an ACI of O. Since O does not require a Date of Entry, 67 is required regardless of the Date of Entry, including a BLANK.

3. Anticipated Future Action (AFA) Code 522 (Expiration of MA 5 Year ban) will appear on WMS Report, WINR 4137- Undercare-Notice of Anticipated Future Action, when the federal 5 year ban is due to expire. The 522 AFA Code can be data entered or is system generated 4 years, 11 months after the Date of Entry. The worker should then remove the State/Federal Charge Code from WMS.

4. Emergency Medical Assistance is provided to illegal or undocumented immigrants and temporary nonimmigrants who are in need of care due to an emergency medical condition and are otherwise eligible. In order to properly pay for these services, the ACI for these individuals must be "E" (Aliens Only Eligible for Emergency MA). In addition, the Recipient Medicaid Coverage Code on Screen 5 should be "07" (Emergency Services Only). The Medicaid Coverage From and To Dates should reflect the actual duration of the emergency condition and must be date specific. When a claim is received from an enrolled provider indicating it is for the treatment of an Emergency, the claim will be paid with federal participation (50% Federal/25% State/25% local).

<u>NYC Systems Implications</u>

New York City WMS instructions have been issued separately.

Date:  October 26, 2004

Trans. No.  04 OMM/ADM-7                                    Page No. 36

### NOTICE REQUIREMENTS

As of November 2004, with the implementation of CNS Acceptance Notices (upstate) for the treatment of an emergency medical condition, Manual Notice Form 3622 will be revised deleting all references to emergency medical care.   **Manual Notice Form 36622A is rescinded.**

Social services districts must discard any existing supplies of the previous version of the manual notice 3622A.

CNS Notices of Acceptance (Upstate) for the treatment of an emergency medical condition, including spenddown cases have been developed:

| Reason Code | Paragraph # | Description |
|---|---|---|
| • S77 | Y0051 | "Accept Nonimmigrant/Undocumented Immigrant Emergency Excess Income" |
| • C22 | Y0052 | "Accept Nonimmigrant/Undocumented Immigrant Emergency Coverage Only" |
| • S78 | Y0057 | "Accept Nonimmigrant/Undocumented Immigrant Emergency Excess Resources" |
| • S79 | Y0058 | "Accept Nonimmigrant/Undocumented Immigrant Emergency Excess Income and Resources" |

- E0007 "Explanation of the Excess Income Program for Nonimmigrant/Undocumented Immigrant Emergency Only"
- E0008 "Explanation of the Excess Resource Program for Nonimmigrant/Undocumented Immigrant Emergency Only"

In addition, revisions were made to existing CNS notices (denials and discontinues) to reflect the Aliessa court decision.  The language has been  changed to include additional categories of immigrants not included in current notices.

New York City should use the approved language from the body of the Upstate CNS notices for their manual notices.

We anticipate the CNS notices migrating in November 2004, will cover most  contingencies.  However, in the unlikely event the LDSS must use a manual notice, local districts are reminded to use the following language to deny/discontinue undocumented immigrants and temporary nonimmigrants (i.e. formerly called "nonqualified/non-PRUCOL aliens"):

"This is because you are not a citizen, qualified alien or permanently residing in the United States under color of law (PRUCOL).

To be eligible for New York State Medicaid Programs, individuals must be a U.S. citizen, national, Native American or have satisfactory immigration status.

**Date:** October 26, 2004

**Trans. No.** 04 OMM/ADM-7                                          **Page No.** 37

An individual with satisfactory immigration status will fall under one of the following categories:

Qualified "aliens" include the following immigrants:
- persons lawfully admitted for permanent residence;
- persons admitted as refugees;
- persons granted asylum;
- persons granted status as Cuban and Haitian entrants;
- persons admitted as Amerasian immigrants;
- persons whose deportation has been withheld;
- persons paroled into the United States for at least one year;
- persons granted conditional entry;
- persons determined to be battered or subject to extreme cruelty in the United States by a family member;
- Victims of trafficking; or
- Veterans or persons on active duty in the Armed Forces and their immediate family members.

PRUCOL "aliens" include the following immigrants:
- persons paroled into the United States for less than one year;
- persons residing in the United States pursuant to an Order of Supervision;
- persons residing in the United States pursuant to an indefinite stay of deportation;
- persons residing in the United States pursuant to an indefinite voluntary departure;
- persons on whose behalf an immediate relative petition has been approved and their families covered by the petition;
- persons who have filed applications for adjustment of status that INS has accepted as "properly filed" or has granted;
- persons granted stays of deportation;
- persons granted voluntary departure;
- persons granted deferred action status;
- persons who entered and continuously resided in the United States before January 1, 1972;
- persons granted suspension of deportation; or
- other persons living in the United States with the knowledge and permission or acquiescence of the USCIS and whose departure the USCIS does not contemplate enforcing.  Examples include but are not limited to the following:
  - permanent non-immigrants, pursuant to Public Law 99-239 (includes Citizens of the Federated States of Micronesia and Marshall Islands);
  - applicants for adjustment of status, asylum, suspension of deportation or cancellation of removal, or deferred action or persons granted extended voluntary departure, or Deferred Enforced Departure (DED) for a specified time due to conditions in their home country;
  - persons granted Family Unity; or
  - persons granted Temporary Protected Status.

**Date:** October 26, 2004

**Trans. No.** 04 OMM/ADM-7                                          **Page No.** 38

Some immigrants maybe lawfully admitted to the United States, but only for a temporary or specified period of time as legal nonimmigrants (i.e. tourists, short term visa holders and foreign students). These immigrants are not eligible for Medical Assistance under Medicaid because of the temporary nature of their admission status. However, individuals who are <u>not</u> citizens, nationals, Native Americans or in satisfactory immigration status may receive Medical Assistance coverage ONLY for the treatment of emergency medical conditions, or for medical services provided to pregnant women, if they are otherwise eligible.

This decision is based on Regulations 18 NYCRR 360-3.2(j), 360-3.3, 360-4.8, Section 122(1)(e) of the Social Services Law and General Information System (GIS) 01-MA-026 and 01-MA-030.

**NOTE:** Undocumented immigrants and temporary nonimmigrants are eligible only for coverage for the treatment of an emergency medical condition, if they meet all other eligibility requirements.

VI.   <u>**EFFECTIVE DATE**</u>

The provisions of this OMM/ADM are effective immediately.

Kathryn Kuhmerker, Deputy Commissioner
Office of Medicaid Management