TAB J

DEPARTMENT OF HEALTH & HUMAN SERVICES
Centers for Medicare & Medicaid Services
7500 Security Boulevard, Mail Stop S2-26-12
Baltimore, Maryland 21244-1850



### Centers for Medicaid and State Operations

SMDL: 06-012

JUN -9 2006

Dear State Medicaid Director:

This is one of a series of letters that provides guidance on the implementation of the Deficit Reduction Act of 2005 (DRA) enacted on February 8, 2006. (Pub. L. No. 109-171). Section 6036 of the DRA, Improved Enforcement of Documentation Requirements, creates a new subsection 1903(x) of the Social Security Act (the Act) that requires individuals claiming U.S. citizenship to provide satisfactory documentary evidence of citizenship or nationality when initially applying for Medicaid or upon a recipient's first Medicaid redetermination on or after July 1, 2006.

Prior to enactment of this provision, in order for an individual to qualify for Medicaid, the applicant had to declare under penalty of perjury (under section 1137(d)(1)(A)) that he/she is a national or citizen of the United States, and, if not a citizen or national of the United States, that the individual is in a satisfactory immigration status. Individuals who declared they were citizens did not have to do anything else to support that claim, although some States did require documentary evidence of such a claim. However, the individuals who declared they were aliens in a satisfactory immigration status were required in every State to provide documentary evidence of that claim. The new provision under Section 6036 effectively requires that the State obtain satisfactory documentation of a declaration of citizenship. Self-attestation of citizenship and identity is no longer an acceptable practice. The provisions of section 6036 do not affect individuals who have declared they are aliens in a satisfactory immigration status. As with other Medicaid program requirements, States must implement an effective process for assuring compliance with documentation of citizenship in order to obtain Federal matching funds, and effective compliance will be part of Medicaid program integrity monitoring.

Section 6036 specifies certain forms of acceptable evidence of citizenship or nationality and identity that are effective July 1, 2006. We have marked documents listed in section 6036 with asterisks "***" in the charts that follow. The statute also provides the Secretary with authority to specify, by regulation, other documents that provide proof and a reliable means of documentation of United States citizenship or nationality and personal identity. CMS plans to publish regulations that would exercise this authority. CMS has included documents it is, at present, considering utilizing in its upcoming rulemaking in the charts that follow.

### A. Establishing United States (U.S.) Citizenship and Identity
Note: State Medicaid Agency determinations of citizenship are not binding on other federal agencies for any other purposes.

Page 2 – State Medicaid Director

To establish U.S. citizenship the document must show:
- A U.S. place of birth, or
- That the person is a U.S. citizen.

Note: Children born in the U.S. to foreign sovereigns or diplomatic officers are not U.S. citizens.

To establish identity a document must show:
- Evidence that provides identifying information that relates to the person named on the document.

### B. Documents Establishing U.S. Citizenship and Identity

The following Charts list acceptable evidence of U.S. citizenship and/or identity. Charts 1-4 address citizenship and Charts 1 and 5 address identity. If an individual presents documents from Chart 1 no other information would be required. If an individual presents documents from Charts 2-4, then an identity document from Chart 5 must also be presented. Charts 1-4 establish a hierarchy of reliability of citizenship documents and the following instructions specify when a document of lesser reliability may be accepted by the State. The State would make the decision whether documents of a given level of reliability are available. See discussion of additional documents for use when a child is 16 years of age or younger.

### 1. Primary Documents to Establish Both U.S. Citizenship and Identity (See Chart 1)

Primary evidence of citizenship and identity is documentary evidence of the highest reliability that conclusively establishes that the person is a U.S. citizen. In general, obtain primary evidence of citizenship and identity before using secondary evidence. Accept any of the documents listed in this Chart as primary evidence of both U.S. citizenship and identity if the document meets the listed criteria and there is nothing indicating the person is not a U.S. citizen (e.g., lost U.S. citizenship).

Note: Persons born in American Samoa (including Swain's Island) are generally U.S. non-citizen nationals. References in this guidance to "citizens" should be read as references to non-citizen nationals with respect to these persons. There is no difference in terms of Medicaid eligibility.

Note: References to documents issued by the Department of Homeland Security (DHS) include documents issued by its predecessor, the Immigration and Naturalization Services (INS). On March 1, 2003, the former INS became part of DHS, and its naturalization function was assumed by U.S. Citizenship and Immigration Services (USCIS) within DHS. However, even documents issued after this date may bear INS legends.

Applicants or recipients born outside the U.S. who were not citizens at birth must submit a document listed under primary evidence of U.S. citizenship.

Page 3 – State Medicaid Director

Chart 1

| Primary Documents | Explanation |
|---|---|
| \*\*\*U.S. passport | The Department of State issues this. A U.S. passport does not have to be currently valid to be accepted as evidence of U.S. citizenship, as long as it was originally issued without limitation.<br><br>Note: Spouses and children were sometimes included on one passport through 1980. U.S. passports issued after 1980 show only one person. Consequently, the citizenship and identity of the included person can be established when one of these passports is presented.<br><br>Exception: Do not accept any passport as evidence of U.S. citizenship when it was issued with a limitation. However, such a passport may be used as proof of identity. |
| \*\*\*Certificate of Naturalization (N-550 or N-570) | Department of Homeland Security issues for naturalization. |
| \*\*\*Certificate of Citizenship (N-560 or N-561) | Department of Homeland Security issues certificates of citizenship to individuals who derive citizenship through a parent. |

2.  **Secondary Documents to Establish U.S. Citizenship (See Chart 2)**
Secondary evidence of citizenship is documentary evidence of satisfactory reliability that is used when primary evidence of citizenship is not available. <u>In addition, a second document establishing identity MUST also be presented as described in item 5, Evidence of Identity.</u>

Available evidence is evidence that exists and can be obtained within your State's reasonable opportunity period. The reasonable opportunity period is discussed under the heading "Reasonable Opportunity".

Accept any of the documents listed in this Chart as secondary evidence of U.S. citizenship if the document meets the listed criteria and there is nothing indicating the person is not a U.S. citizen (e.g., lost U.S. citizenship).

Applicants or recipients born outside the U.S. must submit a document listed under primary evidence of U.S. citizenship.

Page 4 – State Medicaid Director

**Chart 2**

| Secondary Documents | Explanation |
|---|---|
| A U.S. public birth record showing birth in:<br>• one of the 50 U.S. States;<br>• District of Columbia;<br>• American Samoa<br>• Swain's Island<br>• *Puerto Rico (if born on or after January 13, 1941);<br>• *Virgin Islands of the U.S. (on or after January 17, 1917);<br>• *Northern Mariana Islands (after November 4, 1986 (NMI local time)); or<br>• Guam (on or after April 10, 1899) | The birth record document may be issued by the State, Commonwealth, territory or local jurisdiction. It must have been issued before the person was 5 years of age.<br><br>An amended birth record document that is amended after 5 years of age is considered fourth level evidence of citizenship.<br><br>Note: If the document shows the individual was born in Puerto Rico, the Virgin Islands of the U.S., or the Northern Mariana Islands before these areas became part of the U.S., the individual may be a collectively naturalized citizen. Collective naturalization occurred on certain dates listed for each of the territories. *See additional requirements for Collective Naturalization. |
| ***Certification of Report of Birth (DS-1350) | The Department of State issues a DS-1350 to U.S. citizens in the U.S. who were born outside the U.S. and acquired U.S. citizenship at birth, based on the information shown on the FS-240. When the birth was recorded as a Consular Report of Birth (FS-240), certified copies of the Certification of Report of Birth Abroad (DS-1350) can be issued by the Department of State in Washington, D.C. The DS-1350 contains the same information as that on the current version of Consular Report of Birth FS-240. The DS-1350 is not issued outside the U.S. |
| ***Consular Report of Birth Abroad of a Citizen of the United States of America (FS-240) | The Department of State consular office prepares and issues this. A Consular Report of Birth can be prepared only at an American consular office overseas while the child is under the age of 18. Children born outside the U.S. to U.S. military personnel usually have one of these. |
| ***Certification of Birth Abroad (FS-545) | Before November 1, 1990, Department of State consulates also issued Form FS-545 along with the prior version of the FS-240. In 1990, U.S. consulates ceased to issue Form FS-545. Treat an FS-545 the same as the DS-1350. |
| ***United States Citizen | INS issued the I-179 from 1960 until 1973. It revised the form and |

Page 5 – State Medicaid Director

| | |
|---|---|
| Identification Card (I-197) or the prior version I-179 (Section 6036 referred to these documents in error as an I-97.) | renumbered it as Form I-197. INS issued the I-197 from 1973 until April 7, 1983. INS issued Form I-179 and I-197 to naturalized U.S. citizens living near the Canadian or Mexican border who needed it for frequent border crossings. Although neither form is currently issued, either form that was previously issued is still valid. |
| American Indian Card (I-872) | DHS issues this card to identify a member of the Texas Band of Kickapoos living near the U.S./Mexican border. A classification code "KIC" and a statement on the back denote U.S. citizenship. |
| Northern Mariana Card (I-873) | The former Immigration and Naturalization Service (INS) issued the I-873 to a collectively naturalized citizen of the U.S. who was born in the NMI before November 4, 1986. The card is no longer issued, but those previously issued are still valid. |
| Final adoption decree | The adoption decree must show the child's name and U.S. place of birth. In situations where an adoption is not finalized **and** the State in which the child was born will **not** release a birth certificate prior to final adoption, a statement from a State approved adoption agency that shows the child's name and U.S. place of birth is acceptable. The adoption agency must state in the certification that the source of the place of birth information is an original birth certificate. |
| Evidence of civil service employment by the U.S. government | The document must show employment by the U.S. government before June 1, 1976 |
| Official Military record of service | The document must show a U.S. place of birth (for example a DD-214 or similar official document showing a U.S. place of birth) |

**3. Third Level Documents to Establish U.S. Citizenship (See Chart 3)**
Third level evidence of U.S. citizenship is documentary evidence of satisfactory reliability that is used when neither primary nor secondary evidence of citizenship is available. Third level evidence may be used ONLY when primary evidence cannot be obtained within the State's reasonable opportunity period (see reasonable opportunity discussion below), secondary evidence does not exist or cannot be obtained, **and** the applicant or recipient alleges being born in the U.S. In addition, a second document establishing identity MUST be presented as described in item 5, Evidence of Identity.

Accept any of the documents listed in this Chart as third level evidence of U.S. citizenship if the document meets the listed criteria, the applicant alleges birth in the U.S., and there is nothing indicating the person is not a U.S. citizen (e.g., lost U.S. citizenship).

Third level evidence is generally a non-government document established for a reason other than to establish U.S. citizenship and showing a U.S. place of birth. The place of birth on the non-government document and the application must agree.

Page 6 – State Medicaid Director

**Chart 3**

| Third Level Documents | Explanation |
|---|---|
| Extract of hospital record on hospital letterhead established at the time of the person's birth and was created at least 5 years before the initial application date and indicates a U.S. place of birth | Do not accept a souvenir "birth certificate" issued by the hospital.<br><br>Note: For children under 16 the document must have been created near the time of birth or 5 years before the date of application. |
| Life or health or other insurance record showing a U.S. place of birth and was created at least 5 years before the initial application date | Life or health insurance records may show biographical information for the person including place of birth; the record can be used to establish U.S. citizenship when it shows a U.S. place of birth. |

4. **Fourth Level Documents to Establish U.S. Citizenship (See Chart 4)**
Fourth level evidence of U.S. citizenship is documentary evidence of the lowest reliability. Fourth level evidence should ONLY be used in the rarest of circumstances. This level of evidence is used ONLY when primary evidence is not available, both secondary and third level evidence do not exist or cannot be obtained within the State's reasonable opportunity period, and the applicant alleges a U.S. place of birth. <u>In addition, a second document establishing identity MUST be presented as described in item 5, Evidence of Identity.</u> Available evidence is evidence that can be obtained within the State's reasonable opportunity period as discussed below.

Accept any of the documents listed in this Chart as fourth level evidence of U.S. citizenship if the document meets the listed criteria, the applicant alleges U.S. citizenship, and there is nothing indicating the person is not a U.S. citizen (e.g., lost U.S. citizenship). In addition, a second document establishing identity must be presented.

Fourth level evidence, as described below, consists of documents established for a reason other than to establish U.S. citizenship and showing a U.S. place of birth. The U.S. place of birth on the document and the application must agree. The written affidavit described in this Chart may be used only when the State is unable to secure evidence of citizenship listed in any other Chart.

**Chart 4**

| Fourth Level Documents | Explanation |
|---|---|
| Federal or State census record showing U.S. citizenship or a U.S. place of birth (Generally for | The census record must also show the applicant's age.<br><br>Note: Census records from 1900 through 1950 contain certain citizenship information. To secure this information the |

Page 7 – State Medicaid Director

| | |
|---|---|
| persons born 1900 through 1950). | applicant, recipient or State should complete a Form BC-600, Application for Search of Census Records for Proof of Age. Add in the remarks portion "U.S. citizenship data requested." Also add that the purpose is for Medicaid eligibility. This form requires a fee. |
| Other document as listed in the explanation that was created at least 5 years before the application for Medicaid | This document must be one of the following and show a U.S. place of birth:<br>• Seneca Indian tribal census record<br>• Bureau of Indian Affairs tribal census records of the Navaho Indians<br>• U.S. State Vital Statistics official notification of birth registration<br>• An amended U.S. public birth record that is amended more than 5 years after the person's birth<br>• Statement signed by the physician or midwife who was in attendance at the time of birth |
| Institutional admission papers from a nursing home, skilled nursing care facility or other institution and was created at least 5 years before the initial application date and indicates a U.S. place of birth | Admission papers generally show biographical information for the person including place of birth; the record can be used to establish U.S. citizenship when it shows a U.S. place of birth. |
| Medical (clinic, doctor, or hospital) record and was created at least 5 years before the initial application date and indicates a U.S. place of birth | Medical records generally show biographical information for the person including place of birth; the record can be used to establish U.S. citizenship when it shows a U.S. place of birth.<br><br>Note: An immunization record is not considered a medical record for purposes of establishing U.S. citizenship.<br><br>Note: For children under 16 the document must have been created near the time of birth or 5 years before the date of application. |
| Written Affidavit | Affidavits should ONLY be used in rare circumstances. An affidavit by at least two individuals of whom one is not related to the applicant/recipient and who have personal knowledge of the event(s) establishing the applicant's or recipient's claim of citizenship. The person(s) making the affidavit must be able to provide proof of his/her own citizenship and identity for the affidavit to be accepted. If the affiant has information which explains why documentary evidence establishing the applicant's claim of citizenship does not exist or cannot be readily obtained, |

Page 8 – State Medicaid Director

|  | |
|---|---|
|  | the affidavit should contain this information as well. It must also be signed under penalty of perjury by the person making the affidavit. A second affidavit from the applicant/recipient or other knowledgeable individual explaining why documentary evidence does not exist or cannot be readily obtained must also be requested. |

5. **Evidence of Identity (See Chart 5)**

Section 1903(x) provides that identity must be established. When primary evidence of citizenship described in number 1 above is not available, a document from the lists in number 2 through 4 may be presented if accompanied by an identity document from this list.

**Chart 5**

| Documents to Establish Identity | Explanation |
|---|---|
| Certificate of Degree of Indian Blood, or other U.S. American Indian/Alaska Native tribal document. | Acceptable if the document carries a photograph of the applicant or recipient, or has other personal identifying information relating to the individual. |
| ***Any identity document described in section 274A(b)(1)(D) of the Immigration and Nationality Act | Use 8 CFR 274a.2(b)(1)(v)(B)(1). This section includes the following acceptable documents for Medicaid purposes:<br>• driver's license issued by State or Territory either with a photograph of the individual or other identifying information of the individual such as name, age, sex, race, height, weight or eye color.<br>• School identification card with a photograph of the individual<br>• U.S. military card or draft record<br>• Identification card issued by the Federal, State, or local government with the same information included on driver's licenses<br>• Military dependent's identification card<br>• Native American Tribal document<br>• U.S. Coast Guard Merchant Mariner card<br><br>Note: For children under 16, school records may include nursery or daycare records. If none of the above documents in the preceding charts are available, an affidavit may be used. An affidavit is only acceptable if it is signed under penalty of perjury by a parent or guardian stating the date and place of the birth of the child and cannot be used if an affidavit for citizenship was provided. |

Page 9 – State Medicaid Director

|  | Exception: Do not accept a voter's registration card or Canadian driver's license as listed in 8 CFR 274a.2(b)(1)(v)(B)(1). |
|---|---|

**Collective Naturalization**

The following will establish U.S. citizenship for collectively naturalized individuals:

<u>Puerto Rico</u>:
- Evidence of birth in Puerto Rico on or after April 11, 1899 and the applicant's statement that he or she was residing in the U.S., a U.S. possession or Puerto Rico on January 13, 1941; or
- Evidence that the applicant was a Puerto Rican citizen and the applicant's statement that he or she was residing in Puerto Rico on March 1, 1917 and that he or she did not take an oath of allegiance to Spain.

<u>U.S. Virgin Islands</u>:
- Evidence of birth in the U.S. Virgin Islands, and the applicant's statement of residence in the U.S., a U.S. possession or the U.S. Virgin Islands on February 25, 1927;
- The applicant's statement indicating resident in the U.S. Virgin Islands as a Danish citizen on January 17, 1917 and residence in the U.S., a U.S. possession or the U.S. Virgin Islands on February 25, 1927, and that he or she did not make a declaration to maintain Danish citizenship; or
- Evidence of birth in the U.S. Virgin Islands and the applicant's statement indicating residence in the U.S., a U.S. possession or territory or the Canal Zone on June 28, 1932.

<u>Northern Mariana Islands (NMI) (formerly part of the Trust Territory of the Pacific Islands (TTPI))</u>:
- Evidence of birth in the NMI, TTPI citizenship and residence in the NMI, the U.S., or a U.S. territory or possession on November 3, 1986 NMI local time) and the applicant's statement that he or she did not owe allegiance to a foreign state on November 4, 1986 (NMI local time);
- Evidence of TTPI citizenship, continuous residence in the NMI since before November 3, 1981 (NMI local time), voter registration prior to January 1, 1975 and the applicant's statement that he or she did not owe allegiance to a foreign state on November 4, 1986 (NMI local time); or
- Evidence of continuous domicile in the NMI since before January 1, 1974 and the applicant's statement that he or she did not owe allegiance to a foreign state on November 4, 1986 (NMI local time).

Note: If a person entered the NMI as a nonimmigrant and lived in the NMI since January 1, 1974, this does not constitute continuous domicile and the individual is not a U.S. citizen.

**Treatment of Title IV-E Children and Individuals Receiving Services through Medicaid Section 1115 Demonstrations**
Title IV-E children receiving Medicaid must have in their Medicaid file a declaration of citizenship or satisfactory immigration status and documentary evidence of the citizenship or satisfactory immigration status claimed on the declaration.

Page 10 – State Medicaid Director

Individuals who are receiving benefits under a section 1115 demonstration project approved under Title XI authority are subject to this provision. This includes expansion eligible individuals under statewide section 1115 demonstrations and family planning demonstrations.

**Driver's License Documentation to Establish Both Citizenship and Identification**

Section 6036(a)(3)(B)(iv) of the DRA permits the use of a valid State-issued driver's license or other identity document described in Section 274A(b)(1)(D) of the Immigration and Nationality Act, but only if the State issuing the license or such document requires proof of United States citizenship before issuance of such license or document or obtains a social security number from the applicant and verifies before certification that such number is valid and assigned to the applicant who is a citizen. CMS is not currently aware that any State has these processes in place at this time. Therefore, until such time that a State has this requirement in place this documentation may not be accepted.

**Effective Date**
For new Medicaid applicants or for currently enrolled individuals, the State must obtain evidence of citizenship at the time of application or at the time of the first redetermination occurring on or after July 1, 2006. Recipients will need to provide such documentation only once unless doubt is cast on the situation because once citizenship is established it is a circumstance not likely to change.

**Reasonable Opportunity**
Beginning July 1, 2006 self attestation of citizenship by applicants or recipients will no longer be acceptable. Therefore, at the time of application or redetermination, the State must give an applicant or recipient, who has signed a declaration required by section 1137(d) of the Act and claims to be a citizen, a reasonable opportunity to present documents establishing U.S. citizenship or nationality and identity. For individuals who are already Medicaid recipients, such individuals remain eligible until determined ineligible as required by Federal regulations at 42 CFR 435.930. A determination terminating eligibility may be made only after the recipient has been given a reasonable opportunity to present evidence of citizenship or the State determines the individual has not made a good faith effort to present satisfactory documentary evidence of citizenship. By contrast, applicants for Medicaid (who are not currently receiving Medicaid), should not be made eligible until they have presented the required evidence. This is no different than current policy regarding information which an initial applicant must submit in order for the State to make an eligibility determination.

The "reasonable opportunity period" should be consistent with the State's administrative requirements such that the State does not exceed the time limits established in Federal regulations for timely determination of eligibility in 42 CFR 435.911. The regulations permit exceptions from the time limits when an applicant or recipient in good faith tries to present documentation, but is unable to do so because the documents are not available. In such cases, the State should assist the individual in securing evidence of citizenship. In these situations, States may use matches with other agencies to assist applicants or recipients to meet the requirements of the law. For example, States already receive the State Data Exchange (SDX). Therefore, a match of Medicaid applicants or recipients to the SDX that shows the individual has

Page 11 – State Medicaid Director

proved citizenship would satisfy the documentation requirement of this provision with respect to SSI recipients. An SSI recipient's citizenship status can be found in the Alien Indicator Code at position 578 on the SDX. The BENDEX record is an extract of the Master Beneficiary Record and it does not currently house any data on U.S. citizenship or alien status; therefore, this system may not be utilized. States may use matches with State vital statistics agencies to assist applicants or recipients to document citizenship.

**Applicants or Recipients Needing Assistance**
If the applicant or recipient is homeless, an amnesia victim, mentally impaired, or physically incapacitated and lacks someone who can act for the individual, and cannot provide evidence of U.S. citizenship or identity, the State should assist the applicant or recipient to document U.S. citizenship and identity.

**State Processes and Best Practices**
- All documents must be either originals or copies certified by the issuing agency. Copies or notarized copies may not be accepted.
- States must maintain copies in the case record or data base and make available for compliance audits.
- States may permit applicants and recipients to submit such documentary evidence without appearing in person at a Medicaid office.
- If documents are determined to be inconsistent with pre-existing information, are counterfeit, or altered, States should investigate for potential fraud and abuse, including but not limited to, referral to the appropriate State and Federal law enforcement agencies and/or the agency that issued the document.
- Presentation of documentary evidence of citizenship is a one time activity; once a person's citizenship is documented and recorded in a State database subsequent changes in eligibility should not require repeating the documentation of citizenship unless later evidence raises a question of the person's citizenship. The State need only check its databases to verify that the individual already established citizenship.
- A number of States have long required their applicants to document citizenship. New York, New Hampshire, and Montana report that they have, as part of the Medicaid eligibility process, required documentation of citizenship for many years without undue hardship to either applicants or the State. New York and New Hampshire have published guidelines for documenting U.S. citizenship that generally mirror the list of acceptable documents contained in this letter. Any State that currently has a process in place to document citizenship should review this State Medicaid Director's letter and modify their process, as appropriate, to ensure conformity with Section 6036 of the Deficit Reduction Act of 2005.

**Denial, Termination, Notice and Appeals**
The enactment of section 6036 does not change any CMS policies regarding the taking and processing of applications for Medicaid except the new requirement for presentation of documentary evidence of citizenship. Thus, the requirement that determination of Medicaid eligibility be performed in a manner consistent with proper and efficient administration continues to apply. Likewise, the regulations at 42 CFR 435.902, 435.910(e), 435.912, 435.919 and 435.920 continue to apply when securing from applicants and recipients documentary evidence

Page 12 – State Medicaid Director

of citizenship and identity. Thus, States are not obligated to make or keep eligible any individual who fails to cooperate with the requirement to present documentary evidence of citizenship and identity. Failure to provide this information is no different than the failure to provide any other information which is material to the eligibility determination.

An applicant or recipient who fails to cooperate with the State in presenting documentary evidence of citizenship may be denied or terminated. Failure to cooperate consists of failure by an applicant recipient or that individual's representative, after being notified, to take a required action. Notice and appeal rights and adequate and timely notice must be given to beneficiaries if the State denies or terminates an individual for failure to cooperate with the requirement to provide documentary evidence of citizenship. In the case of recipients, the notice must be in advance.

**Federal Financial Participation (FFP) for Administrative Expenditures**
CMS will provide FFP for State expenditures to carry out the provisions of section 1903(x) at the match rate for program administration.

**Compliance**
FFP will not be available if a State does not require applicants and recipients to provide satisfactory documentary evidence of citizenship, or does not secure such documentary evidence which includes the responsibility to accept only authentic documents on or after July 1, 2006. The Centers for Medicare & Medicaid Services (CMS) will review implementation of section 6036 to determine whether claims for FFP for services provided to citizens should be deferred or disallowed. Additionally, CMS will monitor the extent to which the State is using primary evidence to establish both citizenship and identity and will require corrective action to ensure the most reliable evidence is routinely being obtained.

CMS requires that as a check against fraud, using currently available automated capabilities, States will conduct a match of the applicant's name against the corresponding Social Security number that was provided. In addition, CMS, in cooperation with other agencies of the federal government, is establishing automated capabilities through which a State would be able to verify citizenship and identity of Medicaid applicants. When these capabilities become available, States will be required to match files for individuals who used third or fourth tier documents to verify citizenship and fifth level documents to verify identity, and CMS will make available to States necessary information in this regard in a future State Medicaid Director's Letter. States are hereby directed to ensure that all case records within this category will be so identified and made available to conduct these automated matches. CMS may also require States to match files for individuals who used first or second level documents to verify citizenship as well. CMS may provide further guidance to States with respect to actions required in a case of a negative match.

**Outreach Plan**
CMS will implement an outreach plan to explain the requirements of section 1903(x). In addition, we will place on our website tools States may use in conducting similar outreach. Meanwhile, we encourage States to alert your Medicaid beneficiaries and potential applicants as soon as possible about the requirement to provide acceptable documentary evidence of citizenship upon Medicaid application or upon initial redetermination and how the requirements

Page 13 – State Medicaid Director

may be met. We encourage States to work with organizations and applicants in meeting this requirement. Also, we encourage States to begin reviewing files and procedures to determine what information is currently on hand to minimize the workload associated with this requirement beginning July 1, 2006. We are confident that your implementing procedures will assure compliance with this requirement.

**Questions**

Questions regarding this provision may be directed to Jean Sheil, Director, Family and Children's Health Programs Group at 7500 Security Blvd., Mail Stop S2-01-16, Baltimore, Maryland 21244-1850.

Sincerely,

*[signature]*

Dennis G. Smith
Director

cc:

CMS Regional Administrators

CMS Associate Regional Administrators
  for Medicaid and State Operations

Martha Roherty
Director, Health Policy Unit
American Public Human Services Administration

Joy Wilson
Director, Health Committee
National Conference of State Legislatures

Matt Salo
Director of Health Legislation
National Governors Association

Jacalyn Bryan Garden
Director of Policy and Programs
Association of State and Territorial Health Officials

Christie Raniszewski Herrara
Director, Health and Human Services Task Force
American Legislative Exchange Council

Page 14 – State Medicaid Director

Lynne Flynn
Director for Health Policy
Council of State Governments