TAB M

Case 1:06-cv-01197-ESH   Document 3-14   Filed 06/29/2006   Page 1 of 9

## DECLARATION OF VALERIA S. DESHIELDS

The undersigned, Valeria S. DeShields, having been duly sworn, certifies under penalty of perjury under the laws of the United States of America that the following is true and correct:

1. My name is Valeria S. DeShields. I am over eighteen years of age and competent to testify. I have personal knowledge of the matters and facts set forth in this Affidavit.

2. I am the family representative for my husband, Alphonso DeShields.

3. For purposes of this affidavit, "to the best of my knowledge" includes statements made by my husband, Alphonso DeShields, and other family members over the course of time.

4. To the best of my knowledge, Alphonso DeShields is a United States Citizen.

5. To the best of my knowledge, Alphonso DeShields is 91 years old, having been born on September 8, 1914.

6. To the best of my knowledge, Alphonso DeShields was born in Spartanburg, South Carolina, United States of America.

7. To the best of my knowledge, Alphonso DeShields was not born in a hospital, but was born in his parents' home.

8. To the best of my knowledge, for the last 91 years, Alphonso DeShields has lived in South Carolina and Washington, D.C.

9. Alphonso DeShields currently resides and has resided for the last 5 years at 5425 Western Avenue NW, Washington, D.C., 20015.

10. To the best of my knowledge, Alphonso DeShields currently suffers from the following health conditions: severe peripheral vascular disease, hypertensive cardiovascular disease, cardiomegally (enlarged heart), prostate cancer, left hip socket arthroplasty, acute small bowel obstruction and tubovillous adenoma.

11. To the best of my knowledge and to treat the aforementioned health conditions, it is medically necessary for Alphonso DeShields to not only receive skilled nursing services in a residential, skilled nursing facility, but also to receive rehabilitation therapy and recreational therapy. In addition, Alphonso DeShields' routine medications include, but are not limited to, acetaminophen, aspirin, bisacodyl, guaifenesin, tramadol HCL, diovan, furosemide, megestrol acetate, nitrek, norvasc, ranitidine, and zoladex.

12. To the best of my knowledge, Alphonso DeShields currently meets each of the eligibility requirements necessary to remain enrolled in Washington, D.C.'s Medicaid program (the "Program"). Specifically:

   a. He is a United States citizen.
   b. His income level is at or below the level of the Program's eligibility requirements.
   c. His resource levels are at or below the Program's eligibility requirements.

13. To the best of my knowledge, the date of Alphonso DeShields' initial application to enroll in the Program was 9/19/2001, with a retroactive effective date of 9/4/2001.

14. To the best of my knowledge, Alphonso DeShields has been enrolled in the Program since 9/4/2001 and, as of the date signed below, continues to be so enrolled.

15. To the best of my knowledge, as a current Medicaid beneficiary, the health care providers that provide the skilled nursing and other services necessary to treat Alphonso DeShields' aforementioned health conditions, including, but not limited to, The Lisner-Louise-Dickson-Hurt Home, are reimbursed by the Program.

16. To the best of my knowledge and because of Alphonso DeShields' income and resource levels, Alphonso DeShields is unable to personally reimburse The Lisner-Louise-Dickson-Hurt Home and the other healthcare providers that provide skilled nursing services and other healthcare services to Alphonso DeShields, respectively.

17. Alphonso DeShields will lose access to skilled nursing services and treatment for severe peripheral vascular disease, hypertensive cardiovascular disease, cardiomegally (enlarged heart), prostate cancer, left hip socket arthroplasty, acute small bowel obstruction and tubovillous adenoma if the providers of those services are not reimbursed.

18. If Alphonso DeShields does not receive skilled nursing services and/or treatment for severe peripheral vascular disease, hypertensive cardiovascular disease, cardiomegally (enlarged heart), prostate cancer, left hip socket arthroplasty, acute small bowel obstruction and tubovillous adenoma, his health status would quickly, irreparably and irreversibly decline.

19. With respect to each of the following documents and to the best of my knowledge, Alphonso DeShields possesses neither an original of such a document nor a copy of such a document certified by the original issuing agency, whether valid or expired, if applicable.  Furthermore and to the best of my knowledge, Alphonso DeShields cannot obtain either an original document nor a copy of such a document certified by the original issuing agency within forty-five (45) days from the date of request, or within any reasonable period of time:

    a. Unites States Passport.
    b. Form N-550 or N-570 (Certificate of Naturalization).
    c. Form N-560 or N-561 (Certificate of United States Citizenship).
    d. State-issued driver's license.
    e. State-issued identification document other than a State-issued driver's license.
    f. Certificate of birth in any one of the fifty (50) States, the District of Columbia, American Samoa, Swain's Island, Puerto Rico, the U.S. Virgin Islands, the Northern Mariana Islands, or Guam.

g. Form FS-545 (Certification of Birth Abroad).

h. Form DS-1350 (Certification of Report of Birth).

i. Form I-197 (United States Citizen Identification Card).

j. Form FS-240 (Consular Report of Birth Abroad of a Citizen of the United States).

k. American Indian Card (I-872).

l. Northern Mariana Card (I-873).

m. A final adoption decree.

n. Evidence of civil service employment by the U.S. government before June 1, 1976.

o. Official Military record of service.

p. Extract of a hospital record, on hospital letterhead, established at the time of his birth, that indicates the place of his birth.

q. Life or health or other insurance record showing the place of his birth and that was created on or before 9/19/1996.

r. Federal or State census record showing either his U.S. citizenship or his place of birth.

s. Seneca Indian tribal census record showing his place of birth and that was created on or before 9/19/1996.

t. Bureau of Indian Affairs tribal census record of the Navaho Indians showing his place of birth and that was created on or before 9/19/1996.

    u. U.S. State Vital Statistics official notification of birth registration showing his place of birth and that was created on or before 9/19/1996.

    v. An amended U.S. public birth record that was amended after he turned 5 years of age, that shows his place of birth and that was created on or before 9/19/1996.

    w. Statement signed by the physician or midwife who was in attendance at the time of his birth, that shows his place of birth and that was created on or before 9/19/1996.

    x. Institutional admission papers from a nursing home, skilled nursing care facility or other institution that show his place of birth and that was created on or before 9/19/1996.

    y. A record from a clinic, doctor or hospital that is not an immunization record but that shows his place of birth and that was created on or before 9/19/1996.

20. With respect to each of the following documents and to the best of my knowledge, Alphonso DeShields possesses neither an original of such a document nor a copy of such a document certified by the original issuing agency, whether valid or expired, if applicable. Furthermore and to the best of my knowledge, Alphonso DeShields cannot obtain either an original document nor a copy of such a document certified by the original issuing agency within forty-five (45) days from the date of request, or within any reasonable period of time:

   a. Certificate of Degree of Indian Blood, or other U.S. American Indian / Alaska Native tribal document.

   b. School identification card with his photograph.

   c. U.S. military card or draft record.

   d. Identification card issued by a Federal, State, or local government that includes the same information included on State driver's licenses.

   e. Military dependent's identification card.

   f. Native American tribal document

   g. U.S. Coast Guard Merchant Mariner card.

21. To the best of my knowledge, Alphonso DeShields does not know two (2) individuals that have personal knowledge of his September 4, 1914 birth in Spartanburg, South Carolina, United States of America.

22. To the best of my knowledge, when Alphonso DeShields previously attempted to procure a certified copy of his birth certificate from the Census Bureau in Suitland, Maryland, the census bureau informed him that the government office in Spartanburg, South Carolina had been destroyed by fire and all of its records were lost and/or destroyed, including, but not limited to, any birth certificate of Alphonso DeShields' birth that it may have previously possessed. This was later confirmed by the United States Social Security office when Alphonso DeShields attempted to obtain Medicare.

23. To the best of my knowledge, Alphonso DeShields previously applied for, received and subsequently lost a United States passport. Alphonso

DeShields was able to procure that passport by presenting old pictures from his childhood, which he has also subsequently lost.

24. It is my understanding that, because Alphonso DeShields does not possess and/or cannot obtain any of the documents as stated above, and further because he does not know two (2) individuals that have personal knowledge of his September 4, 1914 birth, and further as a result of the Defendants' impending actions, Alphonso DeShields' Program eligibility will be terminated.

25. As a result of the Defendants' impending actions, Alphonso DeShields' health status will quickly, irreparably and irreversibly decline.

*Valeria S. DeShields*

Valeria S. DeShields
5425 Western Ave NW #106-1
Washington DC 20015