**DEPARTMENT OF HEALTH AND HUMAN SERVICES**

**Centers for Medicare & Medicaid Services**

**42 CFR Parts 435, 436, 440, 441, 457, and 483**

**[CMS-2257-IFC]**

**RIN 0938-AO51**

**Medicaid Program; Citizenship Documentation Requirements**

**AGENCY:** Centers for Medicare & Medicaid Services (CMS), HHS.

**ACTION:** **Interim** Final rule with comment period.

**SUMMARY:** This interim final rule with comment period amends Medicaid regulations to implement the provision of the Deficit Reduction Act that requires States to obtain satisfactory documentary evidence of an applicant's or recipient's citizenship and identity in order to receive Federal financial participation. This regulation provides States with guidance on the types of documentary evidence that may be accepted, including alternative forms of documentary evidence in addition to those described in the statute and the conditions under which this documentary evidence can be accepted to establish the applicant's declaration of citizenship. It also gives States guidance on the processes that may be used to help minimize the administrative burden on both States and applicants and recipients.

**DATES:** <u>Effective Date</u>:  [OFR Insert date of display]

2

Comment Date:  To be assured consideration, comments must be received at one of the addresses provided below, no later than 5 p.m. on **[OFR--insert date 30 days after date of publication in the Federal Register].**

**ADDRESSES:**  In commenting, please refer to file code CMS-2257-IFC.  Because of staff and resource limitations, we cannot accept comments by facsimile (FAX) transmission.

You may submit comments in one of four ways (no duplicates, please):

1.  Electronically.  You may submit electronic comments on specific issues in this regulation to http://www.cms.hhs.gov/eRulemaking.  Click on the link "Submit electronic comments on CMS regulations with an open comment period."  (Attachments should be in Microsoft Word, WordPerfect, or Excel; however, we prefer Microsoft Word.)

2.  By regular mail.  You may mail written comments (one original and two copies) to the following address ONLY: Centers for Medicare & Medicaid Services,

Department of Health and Human Services,

Attention:  CMS-2257-IFC,

P.O. Box 8017,

Baltimore, MD  21244-8017.

Please allow sufficient time for mailed comments to be received before the close of the comment period.

**3**

3.  By express or overnight mail.  You may send written comments (one original and two copies) to the following address ONLY:

Centers for Medicare & Medicaid Services,

 Department of Health and Human Services,

 Attention:  CMS-2257-IFC,

 Mail Stop C4-26-05,

 7500 Security Boulevard,

 Baltimore, MD 21244-1850.

4.  By hand or courier.  If you prefer, you may deliver (by hand or courier) your written comments (one original and two copies) before the close of the comment period to one of the following addresses.  If you intend to deliver your comments to the Baltimore address, please call telephone number (410) 786-7195 in advance to schedule your arrival with one of our staff members.

Room 445-G, Hubert H. Humphrey Building,

 200 Independence Avenue, SW.,

 Washington, DC  20201; or

 7500 Security Boulevard,

 Baltimore, MD  21244-1850.

 (Because access to the interior of the HHH Building is not readily available to persons without Federal Government identification, commenters are encouraged to leave their

**4**

comments in the CMS drop slots located in the main lobby of the building.  A stamp-in clock is available for persons wishing to retain a proof of filing by stamping in and retaining an extra copy of the comments being filed.)

Comments mailed to the addresses indicated as appropriate for hand or courier delivery may be delayed and received after the comment period.

Submission of comments on paperwork requirements.  You may submit comments on this document's paperwork requirements by mailing your comments to the addresses provided at the end of the "Collection of Information Requirements" section in this document.

For information on viewing public comments, see the beginning of the "SUPPLEMENTARY INFORMATION" section.

**FOR FURTHER INFORMATION CONTACT:**

Robert Tomlinson, (410) 786-4463.

**SUPPLEMENTARY INFORMATION:**

Submitting Comments:  We welcome comments from the public on all issues set forth in this rule to assist us in fully considering issues and developing policies.  You can assist us by referencing the file code CMS-2257-IFC and the specific "issue identifier" that precedes the section on which you choose to comment.

Inspection of Public Comments:  All comments received before

the close of the comment period are available for viewing by the public, including any personally identifiable or confidential business information that is included in a comment.  We post all comments received before the close of the comment period on the following Web site as soon as possible after they have been received: http://www.cms.hhs.gov/eRulemaking.  Click on the link "Electronic Comments on CMS Regulations" on that Web site to view public comments.

Comments received timely will also be available for public inspection as they are received, generally beginning approximately 3 weeks after publication of a document, at the headquarters of the Centers for Medicare & Medicaid Services, 7500 Security Boulevard, Baltimore, Maryland 21244, Monday through Friday of each week from 8:30 a.m. to 4 p.m.  To schedule an appointment to view public comments, phone 1-800-743-3951.

**I.  Background**

Since enactment of the Immigration Reform and Control Act of 1986 (Pub. L. 99-163, enacted on November 6, 1986), Medicaid applicants and recipients have been required by section 1137(d) of the Social Security Act (the Act) to declare under penalty of perjury whether the applicant or recipient is a citizen or national of the United States, and

if not a citizen or national, that the individual is an
alien in a satisfactory immigration status.  Aliens who
declare they are in a satisfactory immigration status have
been required by section 1137(d) of the Act to present
documentation of satisfactory immigration status since the
declarations were first implemented.  Individuals who
declared they were citizens did not have to do anything else
to support that claim, although some States did require
documentary evidence of this claim. The new provision under
section 6036 of the Deficit Reduction Act of 2005(DRA)(Pub.
L. 109-171, enacted on February 8, 2006) effectively
requires that the State obtain satisfactory documentation of
a declaration of citizenship. Self-attestation of
citizenship and identity is no longer an acceptable
practice.  The provisions of section 6036 of the DRA do not
affect individuals who have declared they are aliens in a
satisfactory immigration status.  As with other Medicaid
program requirements, States must implement an effective
process for assuring compliance with documentation of
citizenship and identity in order to obtain Federal matching
funds, and effective compliance will be part of Medicaid
program integrity monitoring.

Section 6036 of the DRA creates a new section 1903(x)
of the Act that prohibits Federal financial participation

(FFP) in State expenditures for medical assistance with
respect to an individual who has declared under section
1137(d)(1)(A) of the Act to be a citizen or national of the
United States unless the State obtains satisfactory
documentary evidence of citizenship or a statutory exemption
applies.  For new Medicaid applicants or for currently
enrolled individuals, the State must obtain evidence of
citizenship and identity at the time of application or at
the time of the first redetermination occurring on or after
July 1, 2006.  Presentation of documentary evidence of
citizenship is a one-time activity; once a person's
citizenship is documented and recorded in the case file or
database, subsequent changes in eligibility should not
require repeating the documentation unless later evidence
raises a question of a person's citizenship.  The State need
only check its databases to verify that the individual
already established citizenship.

**Basic Features of New Provision**:

To receive FFP, States must secure documentary evidence of
U.S. citizenship and identity with respect to individuals
who have declared under section 1137(d) of the Act that they
are citizens or nationals of the United States unless an
exemption applies.  These individuals must present
documentary evidence to establish both citizenship and

identity.  The law provides specific examples of acceptable documents and gives us authority to add additional documents.  We explain the types of documents that may be used including additional documents that may be accepted. We establish a hierarchy of reliability of citizenship documents and specify when a document of lesser reliability may be accepted by the State. The State makes the decision whether documents of a given level of reliability are available.

**Implementation Conditions/Considerations**:

The State must obtain satisfactory documentary evidence of citizenship and identity for all Medicaid applicants who have declared that they are citizens or nationals of the United States.  This requirement applies to all recipients who declared at the time of application to be citizens or nationals of the United States unless an exemption applies. Section 1903(x)(2) of the Act provides an exemption, but it does so in a manner that is clearly a drafting error.  This section exempts an "alien" eligible for Medicaid and entitled to or enrolled in Medicare or eligible for Medicaid by virtue of receiving Supplemental Security Income (SSI) from the

requirement to present satisfactory documentary
evidence of citizenship.  However, because aliens
are not citizens and cannot provide documentary
evidence of citizenship, this exemption, if
limited to aliens, does not appear to have any
impact. The context of this exemption in the
statutory framework suggests that the Congress may
have intended to create an exemption for citizens
and nationals but accidentally used the term
"alien." The DRA did not modify section 1137(d)(2)
or (3) of the Act, which contains the
documentation and verification requirements for
aliens, and section 1903(x)(1), which was added by
the DRA and is the section to which the exemption
applies, by its terms references only citizens and
nationals, not aliens.

    We believe that in order to give meaning to the
exemption, it is appropriate to treat the reference to
"alien" as a "scrivener's error."  Courts have employed the
doctrine of correcting a "scrivener's error" in order to
correct obvious clerical or typographical errors.  For
example, U.S. Nat'l Bank of Or. v. Indep. Ins. Agents of
Am., Inc., 508 U.S. 439, 462 (1993).  Courts similarly may
reform the Congress's chosen words when the plain language

would lead to absurd results.  See Yates v. Hendon, 541 U.S. 1, 17-18 (2004); United States v. Brown, 333 U.S. 18, 27 (1948).  There are several clear scrivener's errors included in section 6036 of the DRA in addition to this one, including the Congress's decision to cross-reference the non-existent "subsection (i)(23)," rather than the relevant subsection (i)(22).

While the Congress chose to use words that have a logical English meaning, those words lead to absurd and counter-intuitive results.  An exemption applying only to "aliens" who declare themselves citizens would amount to an absurd result for aliens (who, by definition, cannot provide documentation of citizenship) and no exemption at all for those whom the Congress clearly intended to benefit with the exemption.  Under the absurd results doctrine, it appears reasonable for CMS to interpret the statute so that the exemption under subsection 1903(x)(2) of the Act applies to "individuals" rather than "aliens."

To adopt the literal reading of the statute could result in Medicare and SSI eligibles, a population which are by definition either aged, blind, or disabled, and thereby most likely to have difficulty obtaining documentation of citizenship, being denied the availability of an exemption which we believe the Congress intended to afford them.

Accordingly, States will not be subject to denial of FFP in their Medicaid expenditures for SSI recipients who receive Medicaid by virtue of receipt of SSI and Medicare eligibles based upon failure to document citizenship.

Not all States provide Medicaid to individuals who are SSI recipients.  In those States, the exemption will not provide relief to SSI recipients.  However, the Social Security Administration (SSA) maintains a database, known as the State Data Exchange (SDX) which contains the needed information to identify whether an individual has already been found to be a citizen by the SSA and the States have the option to cross match with this database to meet these requirements without using the hierarchical process for obtaining documents discussed in the regulation.

The statute also gives us authority to exempt "aliens" (which we construe as "individuals who declare themselves to be citizens or nationals") from the documentation requirements if satisfactory documentary evidence of citizenship or nationality has been previously presented. We are not currently exercising this authority.  If we become aware of an appropriate instance to exercise this

authority in the future or to add additional forms of documentation which will be acceptable for establishing identity or citizenship, we will do so by regulation.

Title IV-E children receiving Medicaid, while not required to declare citizenship for IV-E, must have in their Medicaid file a declaration of citizenship or satisfactory immigration status and documentary evidence of the citizenship or satisfactory immigration status claimed on the declaration.

Individuals who are receiving benefits under a section 1115 demonstration project approved under title XI authority are also subject to this provision.  This includes individuals who are treated as eligible for matching purposes by virtue of the authority granted under section 1115(a)(2) of the Act (expansion populations) under section 1115 demonstrations and family planning demonstrations.

Under section 1902(e)(4) of the Act and 42 CFR 435.117, a Medicaid agency must provide categorically needy Medicaid eligibility to a child born to a woman who is eligible as categorically needy and is receiving Medicaid on the date of the child's birth.  The child is deemed to have applied and been found eligible for Medicaid on the date of birth and remains eligible as categorically needy for one year so long as the woman remains eligible as categorically needy and the

child is member of the woman's household.  Citizenship and
identity documentation for the child must be obtained at the
next redetermination of eligibility.  Citizen children born
to non-qualified aliens do not benefit from the provisions
of section 1902(e)(4) of the Act because although the mother
may have been eligible for and receiving Medicaid on the
date of the child's birth, the mother would not continue to
be eligible after the child's birth.  The mother is eligible
for Medicaid but only for treatment of an emergency medical
condition.  A child born in the United States to an illegal
alien mother, or 5-year bar qualified alien mother is not a
deemed newborn under 1902(e)(4) because the mother although
eligible on the date of birth of the child, would not remain
eligible.  The child, however, could be eligible as a
poverty level child, or 1931 child.  In these cases an
application must be filed for the child and the requirements
of this regulation would apply at the time of application.

Individuals who receive Medicaid because of a
determination by a qualified provider, or entity, under
sections 1920, 1920A, or 1920B of the Act (presumptive
eligibility) are not subject to the documentation
requirements until they file an application and declare on
the application that they are citizens or nationals.  These
individuals receive Medicaid during the "presumptive" period

notwithstanding any other provision of title XIX, including the requirements of section 1903 (x) of the Act. However, when these individuals file an application for Medicaid and declare on the application that they are citizens or nationals, these regulations would apply for periods in which they receive services as eligible for Medicaid.

At the time of application or redetermination, the State must give an applicant or recipient, who has signed a declaration required by section 1137(d) of the Act and claims to be a citizen, a reasonable opportunity to present documents establishing U.S. citizenship or nationality and identity.  Individuals who are Medicaid recipients, will remain eligible until determined ineligible as required by Federal regulations at §435.930.  A determination terminating eligibility may be made after the recipient has been given a reasonable opportunity to present evidence of citizenship or the State determines the individual has not made a good faith effort to present satisfactory documentary evidence of citizenship. By contrast, applicants for Medicaid (who are not currently receiving Medicaid), should not be made eligible until they have presented the required evidence.  This is no different than current policy regarding information which an initial applicant must submit in order for the State to make an eligibility determination.

The "reasonable opportunity period" should be consistent with the State's administrative requirements such that the State does not exceed the time limits established in Federal regulations for timely determination of eligibility in §435.911.  The regulations permit exceptions from the time limits when an applicant or recipient in good faith tries to present documentation, but is unable to do so because the documents are not available.  In these cases, the State must assist the individual in securing evidence of citizenship.

States, at their option, may use matches with the SDX (if the State does not provide automatic Medicaid eligibility to SSI recipients) or vital statistics agencies in place of a birth certificate to assist applicants or recipients to meet the requirements of the law.  For example, States already receive the SDX.  Therefore, a match of Medicaid applicants or recipients to the SDX that shows the individual has proved citizenship would satisfy the documentation requirement of this provision with respect to SSI recipients.  An SSI recipient's citizenship status can be found in the Alien Indicator Code at position 578 on the SDX.  States may also, at their option, use matches with State vital statistics agencies in place of a birth certificate to establish citizenship.

16

We are soliciting comments and suggestions for the use of other electronic data matches with other governmental systems of records that contain reliable information about the citizenship or identity of individuals.

We will also permit States to accept documentary evidence without requiring the applicant or recipient to appear in person.  However, States may accept original documents in person, by mail, or by a guardian or authorized representative.

Although States may continue to use application procedures that do not include an interview with an applicant, the State must assure that the information it receives about the identity and citizenship of the applicant or recipient is accurate.

All documents must be either originals or copies certified by the issuing agency.  Copies or notarized copies may not be accepted.

The enactment of section 6036 of the DRA does not change any Centers for Medicare & Medicaid Services (CMS) policies regarding the taking and processing of applications for Medicaid except the new requirement for presentation of documentary evidence of citizenship.  Before the enactment of section 6036 of the DRA, States, although not required by law or regulation to document citizenship, were required to

assure that eligibility determinations were accurate.
Therefore, most States would request documentation of
citizenship only if the applicant's citizenship was believed
to be questionable.  Likewise, the regulations at §435.902,
§435.910(e), §435.912, §435.919 and §435.920 continue to
apply when securing from applicants and recipients
documentary evidence of citizenship and identity.  Thus,
States are not obligated to make or keep eligible any
individual who fails to cooperate with the requirement to
present documentary evidence of citizenship and identity.
Failure to provide this information is no different than the
failure to provide any other information which is material
to the eligibility determination.

An applicant or recipient who fails to cooperate with
the State in presenting documentary evidence of citizenship
may be denied or terminated.  Failure to cooperate consists
of failure by an applicant or recipient, or that
individual's representative, after being notified, to
present the required evidence or explain why it is not
possible to present such evidence of citizenship or
identity.  Notice and appeal rights must be given to the
applicant or recipient if the State denies or terminates an
individual for failure to cooperate with the requirement to
provide documentary evidence of citizenship or identity in

accordance with the regulations at 42 CFR 431.210 or 431.211 as appropriate.

**Federal Financial Participation (FFP) for Administrative Expenditures**

We will provide FFP for State expenditures to carry out the provisions of section 1903(x) of the Act at the match rate for program administration.

**Compliance**

FFP will not be available for State expenditures for medical assistance if a State does not require applicants and recipients to provide satisfactory documentary evidence of citizenship, or does not secure this documentary evidence which includes the responsibility to accept only authentic documents on or after July 1, 2006.  We will review implementation of section 6036 of the DRA to determine whether claims for FFP for services provided to citizens should be deferred or disallowed.  Additionally, we will monitor the extent to which the State is using primary evidence to establish both citizenship and identity and will require corrective action to ensure the most reliable evidence is routinely being obtained.

We require that as a check against fraud, using currently available automated capabilities, States will conduct a match of the applicant's name against the

corresponding Social Security number (SSN) that was provided as part of the SSN verification specified in §435.910.  In addition, the Federal government encourages States to use automated capabilities through which a State would be able to verify citizenship and identity of Medicaid applicants. When these capabilities become available, States will be required to match files for individuals who used third or fourth tier documents to verify citizenship and documents to verify identity, and we will make available to States necessary information in this regard in a future State Medicaid Director's letter.  States must ensure that all case records within this category will be so identified and made available to conduct these automated matches.  We may also require States to match files for individuals who used first or second level documents to verify citizenship as well.  We may provide further guidance to States with respect to actions required in a case of a negative match.

In addition, in the conduct of determining or re-determining eligibility for Medicaid, State Medicaid agencies may uncover instances of suspected fraud. In such instances, State agencies would refer cases of suspected fraud to an appropriate enforcement agency pursuant to the requirements of §455.13(c) and §455.15(b).  We are soliciting comments and suggestions on whether, as a part of

this policy, CMS should develop a more formal process of
sharing the information obtained by States from the checks
performed through the existing and any future automated
capabilities that may indicate potential fraud.  HHS
recognizes that in cases where the appropriate enforcement
agency is a Federal entity, the Privacy Act of 1974 applies
to citizens and permanent resident aliens, and privacy
protections afforded by law and in accordance with Federal
policy will be addressed.

**II.  Provisions of the Interim Final Rule with Comment
Period**

**[If you choose to comment on issues in this section, please
include the caption "Provisions of the Interim Final Rule
with Comment Period" at the beginning of your comments.]**

We are amending 42 CFR chapter IV as follows:

We are amending §435.406 and §436.406 to require that
States obtain a Declaration signed under penalty of perjury
from every applicant for Medicaid that the applicant is a
citizen or national of the United States or an alien in a
satisfactory immigration status, and require the individual
to provide documentary evidence to verify the declaration.
The types and forms of acceptable documentation of
citizenship are specified in §435.407 and §436.407.  For
purposes of this regulation the term "citizenship" includes

status as a "national of the United States."  The
requirement to sign a Declaration of citizenship or
satisfactory immigration status was added by the Immigration
Reform and Control Act of 1986 and was effective upon
enactment.

At the time section 1137(d) of the Act was enacted,
aliens declaring themselves to be in a satisfactory
immigration status were the only applicants required to
present to the State documentary evidence of satisfactory
status.  Beginning in 1987, States were also required to
verify the documents submitted by aliens claiming
satisfactory immigration status with the Immigration and
Naturalization Service (INS) (now the Department of Homeland
Security) using the Systematic Alien Verification for
Entitlements (SAVE).

The regulation requires the State to also obtain
satisfactory documentary evidence establishing identity and
citizenship from all Medicaid applicants who, under the DRA
amendments, are required to file the Declaration.  In
addition, for current Medicaid recipients, States are
required to obtain satisfactory documentary evidence
establishing citizenship and identity at the time of the
first redetermination of eligibility that occurs on or after
July 1, 2006.

We are also amending §435.406 and §436.406 to define
"Satisfactory immigration status as a Qualified Alien" as
described in 8 U.S.C. 1641(b).  We are also amending
§435.406 and §436.406 to remove paragraphs (b) and (d), as
well as subparagraphs (3) and (4) of paragraph (a).  These
provisions have ceased to have any force or effect because
the eligibility status provided to individuals who received
Lawful Temporary Residence under the Immigration and Reform
and Control Act (IRCA) of 1986 has expired or been
superseded by the terms of the Personal Responsibility and
Work Opportunity Reconciliation Act (PRWORA) (Pub. L. 104-
193, enacted on August 22, 1996).  Lawful Temporary Resident
Status was granted for a limited time to individuals who
applied for the amnesty authorized by IRCA.  Most
individuals receiving this status would have achieved lawful
permanent resident status by 1996 when PRWORA was enacted.
PRWORA declared that "notwithstanding any other law"
individuals who did not have status as a qualified alien as
defined in 42 USC 1641 are not eligible for any Federal
public benefit.  That term includes Medicaid.

We are adding a new §435.407 and a new §436.407
describing the documents and processes States may use to
document an applicant's or recipient's declaration that the
individual is a citizen of the United States.  The documents

include all the documents listed in section 6036 of the DRA
plus additional documents.  We also note that the State
Medicaid agency determinations of citizenship are not
binding on other Federal or State agencies for any other
purposes.  We have employed a hierarchy of reliability when
securing documentary evidence of citizenship and identity.
To establish U.S. citizenship the document must show:  a
U.S. place of birth, or that the person is a U.S. citizen.
Children born in the U.S. to foreign sovereigns or
diplomatic officers are not U.S. citizens because they are
not subject to the jurisdiction of the United States.  To
establish identity a document must show evidence that
provides identifying information that relates to the person
named on the document.

We have divided evidence of citizenship into groups
based on the respective reliability of the evidence.  The
first group of documents is described in section 6036 of the
DRA and is specified in §435.407(a) and §436.407(a) as
primary evidence of citizenship and identity.  If an
individual presents documents from this section, no other
information would be required.  Primary evidence of
citizenship and identity is documentary evidence of the
highest reliability that conclusively establishes that the
person is a U.S. citizen.  The statute provides that these

documents can be used to establish both the citizenship and identity of an individual.  In general, a State should obtain primary evidence of citizenship and identity before using secondary evidence.  We also permit States to use the State Data Exchange (SDX) database provided by SSA to all States that reflects actions taken by SSA to determine eligibility of applicants for the Supplemental Security Income (SSI) program. While in States which provide Medicaid eligibility to individuals by virtue of receipt of SSI, these data will not be relevant, the other States may use these data since SSA establishes the citizenship, or immigration status and identity of every applicant as part of its routine administrative processes.

**Secondary Evidence of Citizenship**

Secondary evidence of citizenship is documentary evidence of satisfactory reliability that is used when primary evidence of citizenship is not available.  In addition, a second document establishing identity must also be presented.  See §435.407(e) and §436.407(e).  Available evidence is evidence that exists and can be obtained within a State's reasonable opportunity period.  The State must accept any of the documents listed in paragraph (b) if the document meets the listed criteria and there is nothing indicating the person is not a U.S. citizen.  Applicants or

recipients born outside the U.S. who were not citizens at birth must submit a document listed under primary evidence of U.S. citizenship.  However, children born outside the United States and adopted by U.S. citizens may establish citizenship using the process established by the Child Citizenship Act of 2000 (Pub. L. 106-395, enacted on October 30, 2000).  The second group of documents consists of a mix of documents listed in section 6036 of the DRA and additional documents that only establish citizenship.  This group includes a U.S. birth certificate. The birth record document may be recorded by the State, Commonwealth, Territory or local jurisdiction.  It must have been recorded before the person was 5 years of age.  An amended birth record document that is amended after 5 years of age is considered fourth level evidence of citizenship.

If the document shows the individual was born in Puerto Rico, the Virgin Islands of the U.S., or the Northern Mariana Islands before these areas became part of the U.S., the individual may be a collectively naturalized citizen. Collective naturalization occurred on certain dates listed for each of the territories.

The following will establish U.S. citizenship for collectively naturalized individuals:

Puerto Rico:

- Evidence of birth in Puerto Rico on or after April 11, 1899 and the applicant's statement that he or she was residing in the U.S., a U.S. possession or Puerto Rico on January 13, 1941; or

- Evidence that the applicant was a Puerto Rican citizen and the applicant's statement that he or she was residing in Puerto Rico on March 1, 1917 and that he or she did not take an oath of allegiance to Spain.

U.S. Virgin Islands:

- Evidence of birth in the U.S. Virgin Islands, and the applicant's statement of residence in the U.S., a U.S. possession or the U.S. Virgin Islands on February 25, 1927; or

- The applicant's statement indicating residence in the U.S. Virgin Islands as a Danish citizen on January 17, 1917 and residence in the U.S., a U.S. possession or the U.S. Virgin Islands on February 25, 1927, and that he or she did not make a declaration to maintain Danish citizenship; or

- Evidence of birth in the U.S. Virgin Islands and the applicant's statement indicating residence in the U.S., a U.S. possession or Territory or the Canal Zone on June 28, 1932.

Northern Mariana Islands (NMI) (formerly part of the Trust

Territory of the Pacific Islands (TTPI)):

- Evidence of birth in the NMI, TTPI citizenship and residence in the NMI, the U.S., or a U.S. Territory or possession on November 3, 1986 NMI local time) and the applicant's statement that he or she did not owe allegiance to a foreign State on November 4, 1986 (NMI local time); or

- Evidence of TTPI citizenship, continuous residence in the NMI since before November 3, 1981 (NMI local time), voter registration before January 1, 1975 and the applicant's statement that he or she did not owe allegiance to a foreign State on November 4, 1986 (NMI local time); or

- Evidence of continuous domicile in the NMI since before January 1, 1974 and the applicant's statement that he or she did not owe allegiance to a foreign State on November 4, 1986 (NMI local time).

If a person entered the NMI as a nonimmigrant and lived in the NMI since January 1, 1974, this does not constitute continuous domicile and the individual is not a U.S. citizen.

However, individuals born to foreign diplomats residing in one of the States, the District of Columbia, Puerto Rico,

Guam, or the Virgin Islands are not citizens of the United States.

## **Third Level of Evidence of Citizenship**

Third level evidence of U.S. citizenship is documentary evidence of satisfactory reliability that is used when neither primary nor secondary evidence of citizenship is available.  Third level evidence may be used only when primary evidence cannot be obtained within the State's reasonable opportunity period (see reasonable opportunity discussion below), secondary evidence does not exist or cannot be obtained, and the applicant or recipient alleges being born in the U.S.  In addition, a second document establishing identity must be presented as described in paragraph (e), "Evidence of identity."

A State must accept any of the documents listed in paragraph (c) as third level evidence of U.S. citizenship if the document meets the listed criteria, the applicant alleges birth in the U.S., and there is nothing indicating the person is not a U.S. citizen (for example, lost U.S. citizenship).

Third level evidence is generally a non-government document established for a reason other than to establish U.S. citizenship and showing a U.S. place of birth. The place of birth on the non-government document and the

application must agree.

**Fourth Level of Evidence of Citizenship**

Fourth level evidence of U.S. citizenship is documentary evidence of the lowest reliability. Fourth level evidence should only be used in the rarest of circumstances. This level of evidence is used only when primary evidence is not available, both secondary and third level evidence do not exist or cannot be obtained within the State's reasonable opportunity period, and the applicant alleges a U.S. place of birth. In addition, a second document establishing identity must be presented as described in paragraph (e), "Evidence of identity." Available evidence is evidence that can be obtained within the State's reasonable opportunity period as discussed below.

A State must accept any of the documents listed in paragraph (d) as fourth level evidence of U.S. citizenship if the document meets the listed criteria, the applicant alleges U.S. citizenship, and there is nothing indicating the person is not a U.S. citizen (for example, lost U.S. citizenship). Fourth level evidence consists of documents established for a reason other than to establish U.S. citizenship and showing a U.S. place of birth. The U.S. place of birth on the document and the application must

agree.  The written affidavit described in this section may be used only when the State is unable to secure evidence of citizenship listed in any other groups.

Affidavits should ONLY be used in rare circumstances. If the documentation requirement needs to be met through affidavits, the following rules apply:  There must be at least two affidavits by individuals who have personal knowledge of the event(s) establishing the applicant's or recipient's claim of citizenship (the two affidavits could be combined in a joint affidavit).  At least one of the individuals making the affidavit cannot be related to the applicant or recipient and cannot be the applicant or recipient.  In order for the affidavit to be acceptable the persons making them must be able to provide proof of their own citizenship and identity.  If the individual(s) making the affidavit has (have) information which explains why documentary evidence establishing the applicant's claim or citizenship does not exist or cannot be readily obtained, the affidavit should contain this information as well.  The State must obtain a separate affidavit from the applicant/recipient or other knowledgeable individual (guardian or representative) explaining why the evidence does not exist or cannot be obtained.  The affidavits must be signed under penalty of perjury.

We are adding a paragraph (e) that consists of documents establishing identity.  These are a mix of documents included in section 6036 of the DRA as evidence of identity, such as drivers' licenses and State identity cards.  It also includes Native American Tribal enrollment documents, such as the Certificate of Degree of Indian Blood.

These documents, when coupled with satisfactory documentary evidence of citizenship from lists (b) through (d), will meet the statutory requirements of section 6036 of the DRA.

We are adding a paragraph (f) that describes special rules for individuals under the age of 16.  Because children often do not have identification documents with photographs and a child's appearance changes significantly until adulthood, we permit parents or guardians to sign an affidavit as to the identity of the child.  This affidavit does not establish citizenship and should not be confused with the affidavit permitted in rare situations to establish citizenship.

We are also adding a new paragraph (g) that describes rules for States to address special populations who need additional assistance.  For example, if an individual is homeless, an amnesia victim, mentally impaired, or

physically incapacitated and lacks someone who can act for
the individual, and cannot provide evidence of U.S.
citizenship or identity, the State must assist the applicant
or recipient to document U.S. citizenship and identity.

We are adding a paragraph (h) that describes
documentary evidence.  We specify that the State can only
review originals or copies certified by the issuing agency.
Copies or notarized copies may not be accepted for
submission.  The State, however, must keep copies of
documentation for its files.  States must maintain copies in
the case record or its data base.  The copies maintained in
the case file may be electronic records of matches, or other
electronic methods of storing information.

Moreover, we specify that individuals may submit
documents by mail or other means without appearing in person
to submit the documents.  If, however, the documents
submitted appear inconsistent with pre-existing information,
are counterfeit or altered, States should investigate the
matter for potential fraud and abuse.  States are encouraged
to utilize cross matches and other fraud prevention
techniques to ensure identity is confirmed.

We specify in paragraph (i) that once a person's
citizenship is documented and recorded in the individual's
permanent case file, subsequent changes in eligibility

should not ordinarily require repeating the documentation of citizenship unless later evidence raises a question of the person's citizenship, or there is a gap of more than 3 years between the individual's last period of eligibility and a subsequent application for Medicaid.  We use a record retention period of 3 years throughout the Medicaid program as provided in 45 CFR 74.53.  To require a longer retention period would be an unreasonable imposition on State resources.

Lastly, in paragraph (j), we describe the reasonable opportunity to submit satisfactory documentary evidence of citizenship and identity.  We specify that a reasonable opportunity must meet the competing goals of providing sufficient time for applicants or recipients to secure documentary evidence and the requirements placed on States to determine, or redetermine eligibility promptly.  These goals derive from sections 1902(a)(19) and 1902(a)(8) of the Act respectively. For example, States may use the reasonable period they provide to all applicants and recipients claiming satisfactory immigration on the Declaration required by section 1137(d) of the Act.

We also solicit comments and suggestions for additional documents that are a reliable form of evidence of citizenship or a reliable form of identity that have not

been included in this regulation.  Suggestions should

include an explanation as to the reliability of such

additional documents, including any limits on the document's

reliability and methods for assuring reliability.  We are

also soliciting comments as to whether the number of

documents accepted for proof of citizenship and identity

should be limited.  In particular, in light of the exception

provided for citizens and nationals receiving SSI where

receipt of SSI results in Medicaid eligibility, and for

individuals entitled to or enrolled in Medicare, we are

soliciting comments as to whether individuals would have

difficulty proving citizenship and identity if only primary

or secondary level documents were permitted.

We are removing §435.408 and §436.408 because the

immigration status described as permanently residing in the

United States under color of law no longer has any

effectiveness because of the enactment in 1996 of the

Personal Responsibility and Work Opportunity Reconciliation

Act which provides that "notwithstanding any other law" an

alien who is not a qualified alien as defined in 42 USC 1641

is not eligible for any Federal public benefit. The

Conference Report accompanying P.L. 104-193 declares on page

383, "Persons residing under color of law shall be

considered to be aliens unlawfully present in the United

States…"

We are redesignating §435.1008 through §435.1011 as §435.1009 through §435.1012, respectively.  We are redesignating §436.1004 and §436.1005 as §436.1005 and §436.1006, respectively.  We are correcting cross references in title 42 to the redesignated sections.  We are adding a reference in §435.1002(a) to new §435.1008 conditioning FFP on State compliance with the requirements of section 1903(x) of the Act and these regulations.  We are adding a new §435.1008 and a new §436.1004 to provide that FFP will be available if the State complies with the requirements of section 1903(x) of the Act and §435.407 and §436.407 regarding obtaining satisfactory documentary evidence of citizenship from individuals who have declared, under section 1137(d) of the Act, that the individual is a citizen of the United States unless the individual is subject to a statutory exemption from this requirement.

**III. Collection of Information Requirements**

Under the Paperwork Reduction Act of 1995, we are required to provide 30-day notice in the **Federal Register** and solicit public comment when a collection of information requirement is submitted to the Office of Management and Budget (OMB) for review and approval.  In order to fairly evaluate whether an information collection should be

approved by OMB, section 3506(c)(2)(A) of the Paperwork
Reduction Act of 1995 requires that we solicit comment on
the following issues:

- The need for the information collection and its
usefulness in carrying out the proper functions of our
agency.

- The accuracy of our estimate of the information
collection burden.

- The quality, utility, and clarity of the information to
be collected.

- Recommendations to minimize the information collection
burden on the affected public, including automated
collection techniques.

We are soliciting public comment on each of these
issues for the following sections of this document that
contain information collection requirements (ICRs):

**Citizenship and alienage (§435.406)**

Section 435.406 requires States to obtain a declaration
signed under penalty of perjury from every applicant for
Medicaid that the applicant is a citizen or national of the
United States or an alien in a satisfactory immigration
status, and require the individual to provide acceptable
documentary evidence to verify the declaration. (§435.407

describes the types of acceptable documentary evidence of citizenship.)

An individual should ordinarily be required to submit evidence of citizenship once unless the State receives evidence that evidence previously relied upon may be incorrect.  States must maintain copies of that evidence in the case file or database.

We estimate it would take an individual 10 minutes to acquire and provide to the State acceptable documentary evidence and to verify the declaration.

We estimate it will take each State 5 minutes to obtain acceptable documentation, verify citizenship and maintain current records on each individual.

**Citizenship and alienage (§436.406)**

Sections 436.406 and 436.407 apply to Guam, Puerto Rico, and the Virgin Islands and are the corresponding sections to the regulations at §435.406 and §435.407. An individual should ordinarily be required to submit evidence of citizenship once unless the State receives evidence that evidence previously relied upon may be incorrect.  States must maintain copies of that evidence in the individual's case file.

We estimate it would take an individual 10 minutes to acquire and provide to the State acceptable documentary evidence and to verify the declaration.

We estimate it will take each State 5 minutes to obtain acceptable documentation, verify citizenship and maintain current records on each individual.

We have submitted a copy of this interim final rule with comment period to OMB for its review of the information collection requirements.  A notice will be published in the **Federal Register** when we receive approval.

If you comment on any of these information collection and record keeping requirements, please mail copies directly to the following:

Centers for Medicare and Medicaid Services,

　　Office of Strategic Operations and Regulatory Affairs,

　　Regulations Development Group,

　　Attn:  Melissa Musotto, CMS-2257-IFC,

　　Room C4-26-05, 7500 Security Boulevard,

　　Baltimore, MD  21244-1850; and

Office of Information and Regulatory Affairs,

　　Office of Management and Budget,

　　Room 10235, New Executive Office Building,

　　Washington, DC 20503,

Attn:  Katherine T. Astrich, CMS Desk Officer, CMS-2257-IFC, **katherine_T._astrich@omb.eop.gov**.  Fax (202) 395-6974.

## IV.  Response to Comments

Because of the large number of public comments we normally receive on **Federal Register** documents, we are not able to acknowledge or respond to them individually.  We will consider all comments we receive by the date and time specified in the "DATES" section of this preamble, and, when we proceed with a subsequent document, we will respond to the comments in the preamble to that document.

## V.  Waiver of Notice of Proposed Rulemaking and the 30-Day Delay in the Effective Date

We ordinarily publish a notice of proposed rulemaking in the **Federal Register** and invite public comment on the proposed rule in accordance with the Administrative Procedure Act (APA) as codified in 5 U.S.C. section 553(b). The notice of proposed rulemaking includes a reference to the legal authority under which the rule is proposed, and the terms and substances of the proposed rule or a description of the subjects and issues involved.  This procedure can be waived, however, if an agency finds good cause that a notice-and-comment procedure is impracticable, unnecessary, or contrary to the public interest and

incorporates a statement of the finding and its reasons in
the rule issued.

The regulation is required as a result of the enactment
of the DRA, section 6036.  The statutory effective date is
July 1, 2006.  Section 1903(x)(3)(C)(v) of the Act allows
for the Secretary to identify additional documentary
evidence of citizenship beyond that contained in section
1903(x).  States would not be required to accept such other
forms of documentation beyond that contained in the law
without regulation.  Because delaying the implementation of
this regulation to permit notice and comment could result in
the most frail and vulnerable citizens, including the very
elderly in nursing homes and the chronically mentally ill,
being unable to demonstrate their citizenship and losing
access to Medicaid, we find that good cause exists to waive
this requirement.  The attendant delay would be contrary to
public interest.

Publication of an interim final rule with comment
period will provide States with the strongest legal basis
for accepting alternative forms of documentary evidence
showing that a Medicaid applicant or recipient is a citizen
of the United States.

In addition, we ordinarily provide a 30-day delay in
the effective date of the provisions of an interim final

rule with comment period.  The APA as codified in 5 U.S.C.
section 553(d) ordinarily requires a 30-day delay in the
effective date of final rules after the date of their
publication in the **Federal Register**.  This 30-day delay in
effective date can be waived, however, if an agency finds
for good cause that the delay is impracticable, unnecessary,
or contrary to the public interest, and the agency
incorporates a statement of the finding and its reasons in
the rule issued.

        The impending statutory implementation date of
July 1, 2006 prevents timely publication of guidance to
permit documents in addition to those listed in section
1903(x) of the Act as added by section 6036 the Deficit
Reduction Act of 2005 (Pub. L. 109-171) to be used when any
of the statutory documents is not available.  It is
necessary for the Secretary to identify additional
documentary evidence of citizenship beyond that contained in
section 6036 in order to prevent Medicaid eligible citizens
lacking the documents identified in statute from being
terminated.  Without prompt publication of a rule and
without a July 1, 2006 implementation date, States will not
have authority to employ additional documentary evidence
beyond that contained in the law.  Such additional
documentary evidence that the Secretary is authorized to

permit States to use is necessary to prevent loss of
Medicaid eligibility when a Medicaid eligible individual
lacks one of the documents listed in statute.  Because
delaying the effective date of this regulation by 30 days
could result in the most frail and vulnerable citizens,
including the very elderly in nursing homes and the
chronically mentally ill, being unable to demonstrate their
citizenship and losing access to Medicaid, we find that good
cause exists to waive this requirement.  The attendant delay
would be contrary to public interest.

**VI.  Regulatory Impact Statement**

**[If you choose to comment on issues in this section, please
include the caption "Regulatory Impact Statement" at the
beginning of your comments.]**

We have examined the impact of this rule as required by
Executive Order 12866 (September 1993, Regulatory Planning
and Review), the Regulatory Flexibility Act (RFA) (September
19, 1980, Pub. L. 96-354), section 1102(b) of the Social
Security Act, the Unfunded Mandates Reform Act of 1995 (Pub.
L. 104-4), and Executive Order 13132.

Executive Order 12866 directs agencies to assess all
costs and benefits of available regulatory alternatives and,
if regulation is necessary, to select regulatory approaches
that maximize net benefits (including potential economic,

environmental, public health and safety effects,
distributive impacts, and equity).  A regulatory impact
analysis (RIA) must be prepared for major rules with
economically significant effects ($100 million or more in
any 1 year). It is assumed that Medicaid enrollees who are
citizens would eventually provide proof of that fact, and
that the savings would come from those who are truly in the
country illegally.  Consequently, the level of Federal
savings from this provision is expected to be under $70
million, and State savings under $50 million, per year over
the next 5 years.  Therefore, this rule does not reach the
economic threshold and thus is not considered a major rule.

The RFA requires agencies to analyze options for
regulatory relief of small businesses.  For purposes of the
RFA, small entities include small businesses, nonprofit
organizations, and small governmental jurisdictions.  Most
hospitals and most other providers and suppliers are small
entities, either by nonprofit status or by having revenues
of $6 million to $29 million in any 1 year.  Individuals and
States are not included in the definition of a small entity.
We are not preparing an analysis for the RFA because we have
determined that this rule will not have a significant
economic impact on a substantial number of small entities.

In addition, section 1102(b) of the Act requires us to

prepare a regulatory impact analysis if a rule may have a significant impact on the operations of a substantial number of small rural hospitals.  This analysis must conform to the provisions of section 604 of the RFA.  For purposes of section 1102(b) of the Act, we define a small rural hospital as a hospital that is located outside of a Core-Based Statistical Area and has fewer than 100 beds.  We are not preparing an analysis for section 1102(b) of the Act because we have determined that this rule will not have a significant impact on the operations of a substantial number of small rural hospitals.

Section 202 of the Unfunded Mandates Reform Act of 1995 also requires that agencies assess anticipated costs and benefits before issuing any rule whose mandates require spending in any 1 year of $100 million in 1995 dollars, updated annually for inflation.  That threshold level is currently approximately $120 million.  This rule will have no consequential effect on State, local, or Tribal governments or on the private sector.

Executive Order 13132 establishes certain requirements that an agency must meet when it promulgates a proposed rule (and subsequent final rule) that imposes substantial direct requirement costs on State and local governments, preempts State law, or otherwise has Federalism implications.

45

Although each State is responsible for establishing its own procedures for reviewing the documentation, several States have already been reviewing these documents.  For these States, there will be little or no added burden.  There will also be no additional burden for the millions of individuals enrolled in Medicare who would be exempt. In addition, for States that provide Medicaid eligibility for all SSI recipients, there will be no additional burden.  For the other States, if they verify citizenship and identity of individuals receiving SSI through the existing data match with SSA, we anticipate little or no added burden with respect to those individuals. In the future, when additional data matches are available the burden would continue to be minimized for other groups of Medicaid eligible individuals.

Finally, with respect to those States that elect to review documents through the routine eligibility and redetermination process, we recognize there will be some increased burden on eligibility workers.  However, the Medicaid eligibility and redetermination process is ordinarily conducted by skilled interviewers who are trained and skilled in the review of documents related to income and identification; therefore, we do not anticipate that these added requirements will over burden the eligibility process.

In accordance with the provisions of Executive

Order 12866, this regulation was reviewed by the Office of
Management and Budget.

47

**List of Subjects**

42 CFR Part 435

Aid to Families with Dependent Children, Grant programs-health, Medicaid, Reporting and recordkeeping requirements, Supplemental Security Income (SSI), Wages.

42 CFR Part 436

Aid to Families with Dependent Children, Grant programs-health, Guam, Medicaid, Puerto Rico, Virgin Islands.

42 CFR Part 440

Grant programs-health, Medicaid.

42 CFR Part 441

Aged, Family planning, Grant programs-health, Infants and children, Medicaid, Penalties, Reporting and recordkeeping requirement.

42 CFR Part 457

Administrative practice and procedure, Grant programs-health, Health insurance, Reporting and recordkeeping requirements.

42 CFR Part 483

Grant programs-health, Health facilities, Health professions, Health records, Medicaid, Medicare, Nursing homes, Nutrition, Reporting and recordkeeping requirements, Safety.

48

49

For the reasons set forth in the preamble, the Centers for Medicare & Medicaid Services amends 42 CFR Chapter IV as set forth below:

**PART 435 ELIGIBILITY IN THE STATES, DISTRICT OF COLUMBIA, THE NORTHERN MARIANA ISLANDS, AND AMERICAN SAMOA**

1.  The authority citation for part 435 continues to read as follows:

**Authority:**  Section 1102 of the Social Security Act (42 U.S.C. 1302).

2. In §435.403, in paragraph (b), "§435.1009 of this chapter" is revised to read §435.1010."

3.  Section 435.406 is amended by—

A.  Revising paragraph (a)(1).

B.  Revising paragraph (a)(2).

C.  Removing paragraphs (a)(3) and (a)(4).

D.  Removing paragraph (b).

E.  Redesignating paragraph (c) as paragraph (b).

F.  Removing paragraph (d).

The revisions read as follows:

**§435.406 Citizenship and alienage.**

(a)  *   *   *

(1) Citizens:  (i) Under a declaration required by section 1137(d) of the Act that the individual is a citizen or national of the United States; and

(ii) The individual has provided satisfactory documentary evidence of citizenship or national status, as described in §435.407.

(iii) An individual for purposes of the citizenship requirement is a Medicaid applicant or recipient or an individual receiving any services under a section 1115 demonstration for which States receive Federal financial participation in their expenditures as though they were medical assistance, for example, family planning demonstrations or Medicaid demonstrations.

(iv) Individuals must declare their citizenship and the State must document the individual's citizenship in the individual's eligibility file on initial applications and initial redeterminations effective July 1, 2006.

(2) Qualified aliens as described in section 431 of the Personal Responsibility and Work Opportunity Reconciliation Act of 1996 (8 USC 1641) who have provided satisfactory documentary evidence of Qualified Alien status, which status has been verified with the Department of Homeland Security (DHS) under a declaration required by section 1137(d) of the Act that the applicant or recipient is an alien in a satisfactory immigration status.

*   *   *   *   *

4.  A new §435.407 is added to read as follows:

**§435.407  Types of acceptable documentary evidence of citizenship.**

(a) Primary evidence of citizenship and identity.  The following evidence must be accepted as satisfactory documentary evidence of both identity and citizenship:

(1) A U.S. passport. The Department of State issues this. A U.S. passport does not have to be currently valid to be accepted as evidence of U.S. citizenship, as long as it was originally issued without limitation. NOTE: Spouses and children were sometimes included on one passport through 1980.  U.S. passports issued after 1980 show only one person.  Consequently, the citizenship and identity of the included person can be established when one of these passports is presented.  EXCEPTION: Do not accept any passport as evidence of U.S. citizenship when it was issued with a limitation.  However, such a passport may be used as proof of identity.

(2) A Certificate of Naturalization (DHS Forms N-550 or N-570.)  Department of Homeland Security issues for naturalization.

(3) A Certificate of U.S. Citizenship (DHS Forms N-560 or N-561.)  Department of Homeland Security issues certificates of citizenship to individuals who derive citizenship through a parent.

(4) A valid State-issued driver's license, but only if the State issuing the license requires proof of U.S. citizenship before issuance of such license or obtains a social security number from the applicant and verifies before certification that such number is valid and assigned to the applicant who is a citizen.  (This provision is not effective until such time as a State makes providing evidence of citizenship a condition of issuing a driver's license and evidence that the license holder is a citizen is included on the license or in a system of records available to the Medicaid agency.  The State must ensure that the process complies with this statutory provision in section 6036 of the Deficit Reduction Act of 2005.  CMS will monitor compliance of States implementing this provision.); or

(5) At the State's option, for States which do not provide Medicaid to individuals by virtue of their receiving SSI, a State match with the State Data Exchange for Supplementary Security Income recipients. The statute gives the Secretary authority to establish other acceptable forms of citizenship documentation. SSA documents citizenship and identity for SSI applicants and recipients and includes such information in the database provided to the States.

(b) Secondary evidence of citizenship.  If primary evidence from the list in paragraph (a) of this section is

unavailable, an applicant or recipient should provide
satisfactory documentary evidence of citizenship from the
list specified in this section to establish citizenship and
satisfactory documentary evidence from paragraph (e) of this
section to establish identity, in accordance with the rules
specified in this section.

    (1)  A U.S. public birth certificate showing birth in
one of the 50 States, the District of Columbia, Puerto Rico
(if born on or after January 13, 1941), Guam (on or after
April 10, 1899), the Virgin Islands of the U.S.(on or after
January 17, 1917), American Samoa, Swain's Island, or the
Northern Mariana Islands (after November 4, 1986 (NMI local
time)).  A State, at its option, may use a cross match with
a State vital statistics agency to document a birth record.
The birth record document may be issued by the State,
Commonwealth, Territory or local jurisdiction. It must have
been issued before the person was 5 years of age.

An amended birth record document that is amended after 5
years of age is considered fourth level evidence of
citizenship. Note: If the document shows the individual was
born in Puerto Rico, Guam, the Virgin Islands of the U.S.,
or the Northern Mariana Islands before these areas became
part of the U.S., the individual may be a collectively
naturalized citizen. Collective naturalization occurred on

the dates listed for each of the Territories.  The following
will establish U.S. citizenship for collectively naturalized
individuals:

(i)  Puerto Rico:

(A)  Evidence of birth in Puerto Rico on or after
April 11, 1899 and the applicant's statement that he or she
was residing in the U.S., a U.S. possession or Puerto Rico
on January 13, 1941; or

(B)  Evidence that the applicant was a Puerto Rican
citizen and the applicant's statement that he or she was
residing in Puerto Rico on March 1, 1917 and that he or she
did not take an oath of allegiance to Spain.

(ii)  U.S. Virgin Islands:

(A)  Evidence of birth in the U.S. Virgin Islands, and
the applicant's statement of residence in the U.S., a U.S.
possession or the U.S. Virgin Islands on February 25, 1927;
or

(B)  The applicant's statement indicating resident in
the U.S. Virgin Islands as a Danish citizen on January 17,
1917 and residence in the U.S., a U.S. possession or the
U.S. Virgin Islands on February 25, 1927, and that he or
she did not make a declaration to maintain Danish
citizenship; or

(C)     Evidence of birth in the U.S. Virgin Islands and the applicant's statement indicating residence in the U.S., a U.S. possession or Territory or the Canal Zone on June 28, 1932.

(iii)   Northern Mariana Islands (NMI) (formerly part of the Trust Territory of the Pacific Islands (TTPI)):

(A)     Evidence of birth in the NMI, TTPI citizenship and residence in the NMI, the U.S., or a U.S. Territory or possession on November 3, 1986 (NMI local time) and the applicant's statement that he or she did not owe allegiance to a foreign state on November 4, 1986 (NMI local time); or

(B)     Evidence of TTPI citizenship, continuous residence in the NMI since before November 3, 1981 (NMI local time), voter registration prior to January 1, 1975 and the applicant's statement that he or she did not owe allegiance to a foreign state on November 4, 1986 (NMI local time); or

(C)     Evidence of continuous domicile in the NMI since before January 1, 1974 and the applicant's statement that he or she did not owe allegiance to a foreign state on November 4, 1986 (NMI local time).

(D)     Note: If a person entered the NMI as a nonimmigrant and lived in the NMI since January 1, 1974, this does not constitute continuous domicile and the

individual is not a U.S. citizen.

(2)   A Certification of Report of Birth (DS-1350).
The Department of State issues a DS-1350 to U.S. citizens in the U.S. who were born outside the U.S. and acquired U.S. citizenship at birth, based on the information shown on the FS-240. When the birth was recorded as a Consular Report of Birth (FS-240), certified copies of the Certification of Report of Birth Abroad (DS-1350) can be issued by the Department of State in Washington, D.C. The DS-1350 contains the same information as that on the current version of Consular Report of Birth FS-240. The DS-1350 is not issued outside the U.S.

(3)   A Report of Birth Abroad of a U.S. Citizen (Form FS-240).  The Department of State consular office prepares and issues this. A Consular Report of Birth can be prepared only at an American consular office overseas while the child is under the age of 18. Children born outside the U.S. to U.S. military personnel usually have one of these.

(4)   A Certification of birth issued by the Department of State (Form FS-545 or DS-1350).  Before November 1, 1990, Department of State consulates also issued Form FS-545 along with the prior version of the FS-240. In 1990, U.S. consulates ceased to issue Form FS-545. Treat an FS-545 the same as the DS-1350.

(5)  A U.S. Citizen I.D. card.  (This form was issued as Form I-197 until the 1980's by INS.  Although no longer issued, holders of this document may still use it consistent with the provisions of section 1903(x) of the Act.  Note that section 1903(x) of the Act incorrectly refers to the same document as an I-97.)  INS issued the I-179 from 1960 until 1973. It revised the form and renumbered it as Form I-197. INS issued the I-197 from 1973 until April 7, 1983. INS issued Form I-179 and I-197 to naturalized U.S. citizens living near the Canadian or Mexican border who needed it for frequent border crossings. Although neither form is currently issued, either form that was previously issued is still valid.

(6)  A Northern Mariana Identification Card (I-873). (Issued by the DHS to a collectively naturalized citizen of the United States who was born in the Northern Mariana Islands before November 4, 1986.)  The former Immigration and Naturalization Service (INS) issued the I-873 to a collectively naturalized citizen of the U.S. who was born in the NMI before November 4, 1986. The card is no longer issued, but those previously issued are still valid.

(7)  An American Indian Card (I-872) issued by the Department of Homeland Security with the classification code "KIC."  (Issued by DHS to identify U.S. citizen members of

the Texas Band of Kickapoos living near the United States/Mexican border.)  DHS issues this card to identify a member of the Texas Band of Kickapoos living near the U.S./Mexican border. A classification code "KIC" and a statement on the back denote U.S. citizenship.

(8)  A final adoption decree showing the child's name and U.S. place of birth.  The adoption decree must show the child's name and U.S. place of birth.  In situations where an adoption is not finalized and the State in which the child was born will not release a birth certificate prior to final adoption, a statement from a State approved adoption agency that shows the child's name and U.S. place of birth is acceptable.  The adoption agency must state in the certification that the source of the place of birth information is an original birth certificate.

(9)  Evidence of U.S. Civil Service employment before June 1, 1976.  The document must show employment by the U.S. government before June 1, 1976.  Individuals employed by the U.S. Civil Service prior to June 1, 1976 had to be U.S. citizens.

(10)  U.S. Military Record showing a U.S. place of birth.  The document must show a U.S. place of birth (for example a DD-214 or similar official document showing a U.S. place of birth.)

(c) <u>Third level evidence of citizenship</u>.  Third level evidence of U.S. citizenship is documentary evidence of satisfactory reliability that is used when neither primary nor secondary evidence is available.  Third level evidence may be used only when primary evidence cannot be obtained within the State's reasonable opportunity period, secondary evidence does not exist or cannot be obtained, and the applicant or recipient alleges being born in the U.S.  A second document from paragraph (e) of this section to establish identity must also be presented:

(1) <u>Extract of a hospital record on hospital letterhead established at the time of the person's birth that was created 5 years before the initial application date and that indicates a U.S. place of birth.</u>  (For children under 16 the document must have been created near the time of birth or 5 years before the date of application.)  Do not accept a souvenir "birth certificate" issued by the hospital.  Note: For children under 16 the document must have been created near the time of birth or 5 years before the date of application.

(2) <u>Life, health, or other insurance record showing a U.S. place of birth that was created at least 5 years before the initial application date and that indicates a U.S. place of birth.</u>  Life or health insurance records may show

biographical information for the person including place of
birth; the record can be used to establish U.S. citizenship
when it shows a U.S. place of birth.

(d) <u>Fourth level evidence of citizenship</u>. Fourth level
evidence of citizenship is documentary evidence of the
lowest reliability. Fourth level evidence should only be
used in the rarest of circumstances. This level of evidence
is used only when primary evidence is unavailable, both
secondary and third level evidence do not exist or cannot be
obtained within the State's reasonable opportunity period,
and the applicant alleges a U.S. place of birth. In
addition, a second document establishing identity must be
presented as described in paragraph (e) of this section.

(1) <u>Federal or State census record showing U.S.
citizenship or a U.S. place of birth.</u> (Generally for
persons born 1900 through 1950.) The census record must
also show the applicant's age. Note: Census records from
1900 through 1950 contain certain citizenship information.
To secure this information the applicant, recipient or State
should complete a Form BC-600, Application for Search of
Census Records for Proof of Age. Add in the remarks portion
"U.S. citizenship data requested." Also add that the
purpose is for Medicaid eligibility. This form requires a
fee.

(2) One of the following documents that show a U.S. place of birth and was created at least 5 years before the application for Medicaid.  This document must be one of the following and show a U.S. place of birth:

(i)   Seneca Indian tribal census record.

(ii)  Bureau of Indian Affairs tribal census records of the Navajo Indians.

(iii)  U.S. State Vital Statistics official notification of birth registration.

(iv)  An amended U.S. public birth record that is amended more than 5 years after the person's birth.

(v)   Statement signed by the physician or midwife who was in attendance at the time of birth.

(3) Institutional admission papers from a nursing facility, skilled care facility or other institution. Admission papers generally show biographical information for the person including place of birth; the record can be used to establish U.S. citizenship when it shows a U.S. place of birth.

(4) Medical (clinic, doctor, or hospital) record created at least 5 years before the initial application date that indicates a U.S. place of birth.  (For children under 16 the document must have been created near the time of birth or 5 years before the date of application.)

Medical records generally show biographical information for the person including place of birth; the record can be used to establish U.S. citizenship when it shows a U.S. place of birth.  Note: An immunization record is not considered a medical record for purposes of establishing U.S. citizenship.  Note:  For children under 16 the document must have been created near the time of birth or 5 years before the date of application.

(5) <u>Written affidavit</u>.  Affidavits should ONLY be used in rare circumstances.  If the documentation requirement needs to be met through affidavits, the following rules apply:

(i) There must be at least two affidavits by two individuals who have personal knowledge of the event(s) establishing the applicant's or recipient's claim of citizenship (the two affidavits could be combined in a joint affidavit).

(ii) At least one of the individuals making the affidavit cannot be related to the applicant or recipient. Neither of the two individuals can be the applicant or recipient.

(iii) In order for the affidavit to be acceptable the persons making them must be able to provide proof of their own citizenship and identity.

(iv) If the individual(s) making the affidavit has (have) information which explains why documentary evidence establishing the applicant's claim or citizenship does not exist or cannot be readily obtained, the affidavit should contain this information as well.

(v) The State must obtain a separate affidavit from the applicant/recipient or other knowledgeable individual (guardian or representative) explaining why the evidence does not exist or cannot be obtained.

(vi) The affidavits must be signed under penalty of perjury.

(e) Evidence of identity.  The following documents may be accepted as proof of identity and must accompany a document establishing citizenship from the groups of documentary evidence of citizenship in the groups in paragraphs (b) through (d) of this section.

(1) A driver's license issued by a State or Territory either with a photograph of the individual or other identifying information such as name, age, sex, race, height, weight, or eye color.

(2) School identification card with a photograph of the individual.

(3) U.S. military card or draft record.

(4) Identification card issued by the Federal, State,

or local government with the same information included on driver's licenses.

(5) Military dependent's identification card.

(6) Native American Tribal document.

(7) U.S. Coast Guard Merchant Mariner card.

(8) Identity documents described in 8 CFR 274a.2(b)(1)(v)(B)(1).

(i) Driver's license issued by State or Territory either with a photograph of the individual or other identifying information of the individual such as name, age, sex, race, height, weight or eye color.

(ii) School identification card with a photograph of the individual.

(iii)    U.S. military card or draft record.

(iv) Identification card issued by the Federal, State, or local government with the same information included on driver's licenses.

(v) Military dependent's identification card.

(vi) Native American Tribal document.

(vii) U.S. Coast Guard Merchant Mariner card.

Note to paragraph (e)(8): Exception: Do not accept a voter's registration card or Canadian driver's license as listed in 8 CFR 274a.2(b)(1)(v)(B)(1). CMS does not view these as reliable for identity.

(9) Certificate of Degree of Indian Blood, or other U.S. American Indian/Alaska Native Tribal document with a photograph or other personal identifying information relating to the individual.  Acceptable if the document carries a photograph of the applicant or recipient, or has other personal identifying information relating to the individual.

(10) At State option, a State may use a cross match with a Federal or State governmental, public assistance, law enforcement or corrections agency's data system to establish identity if the agency establishes and certifies true identity of individuals.  Such agencies may include food stamps, child support, corrections, including juvenile detention, motor vehicle, or child protective services.  The State Medicaid Agency is still responsible for assuring the accuracy of the identity determination.

(f) Special identity rules for children.  For children under 16, school records may include nursery or daycare records.  If none of the above documents in the preceding groups are available, an affidavit may be used.  An affidavit is only acceptable if it is signed under penalty of perjury by a parent or guardian stating the date and place of the birth of the child and cannot be used if an affidavit for citizenship was provided.

(g) <u>Special populations needing assistance</u>.  States must assist individuals to secure satisfactory documentary evidence of citizenship when because of incapacity of mind or body the individual would be unable to comply with the requirement to present satisfactory documentary evidence of citizenship in a timely manner and the individual lacks a representative to assist him or her.

(h) <u>Documentary evidence</u>.

(1) All documents must be either originals or copies certified by the issuing agency.  Copies or notarized copies may not be accepted.

(2) States must maintain copies of citizenship and identification documents in the case record or electronic data base and make these copies available for compliance audits.

(3) States may permit applicants and recipients to submit such documentary evidence without appearing in person at a Medicaid office.  States may accept original documents in person, by mail, or by a guardian or authorized representative.

(4) If documents are determined to be inconsistent with pre-existing information, are counterfeit, or altered, States should investigate for potential fraud and abuse, including but not limited to, referral to the appropriate

State and Federal law enforcement agencies.

(5) Presentation of documentary evidence of citizenship is a one time activity; once a person's citizenship is documented and recorded in a State database subsequent changes in eligibility should not require repeating the documentation of citizenship unless later evidence raises a question of the person's citizenship.  The State need only check its databases to verify that the individual already established citizenship.

(6)  CMS requires that as a check against fraud, using currently available automated capabilities, States will conduct a match of the applicant's name against the corresponding Social Security number that was provided.  In addition, in cooperation with other agencies of the Federal government, CMS encourages States to use automated capabilities to verify citizenship and identity of Medicaid applicants.  Automated capabilities may fall within the computer matching provisions of the Privacy Act of 1974, and CMS will explore any implementation issues that may arise with respect to those requirements.  When these capabilities become available, States will be required to match files for individuals who used third or fourth tier documents to verify citizenship and documents to verify identity, and CMS will make available to States necessary information in this

regard.  States must ensure that all case records within this category will be so identified and made available to conduct these automated matches.  CMS may also require States to match files for individuals who used first or second level documents to verify citizenship as well.  CMS may provide further guidance to States with respect to actions required in a case of a negative match.

(i) <u>Record retention</u>.  The State must retain documents in accordance with 45 CFR 74.53.

(j) <u>Reasonable opportunity to present satisfactory documentary evidence of citizenship</u>.  States must give an applicant or recipient a reasonable opportunity to submit satisfactory documentary evidence of citizenship before taking action affecting the individual's eligibility for Medicaid.  The time States give for submitting documentation of citizenship should be consistent with the time allowed to submit documentation to establish other facets of eligibility for which documentation is requested.  (See §435.930 and §435.911.)

**§435.408 [Removed]**

5.  Section 435.408 is removed.

6.  Section 435.1002 is amended by revising paragraph (a) to read as follows:

**§435.1002 FFP for services.**

(a) Except for the limitations and conditions specified in §435.1007, §435.1008, §435.1009, and §438.814 of this chapter, FFP is available in expenditures for Medicaid services for all recipients whose coverage is required or allowed under this part.

*   *   *   *   *

**§435.1008–§435.1011 [Redesignated]**

7.  Sections 435.1008 through 435.1011 are redesignated as §435.1009 through §435.1012, respectively.  Newly redesignated §435.1011 and §435.1012 are under the undesignated heading "Requirements for State Supplements."

8.  A new §435.1008 is added to read as follows:

**§435.1008 FFP in expenditures for medical assistance for individuals who have declared United States citizenship or nationality under section 1137(d) of the Act and with respect to whom the State has not documented citizenship and identity.**

FFP will not be available to a State with respect to expenditures for medical assistance furnished to individuals unless the State has obtained satisfactory documentary evidence of citizenship or national status, as described in §435.407 that complies with the requirements of section 1903(x) of the Act.  This requirement does not apply with respect to individuals declaring themselves to be citizens

or nationals who are eligible for medical assistance and who are either entitled to benefits or enrolled in any parts of the Medicare program under title XVIII of the Social Security Act, or on the basis of receiving supplemental security income benefits under title XVI of the Act.

9. In newly redesignated §435.1009, in paragraph (a)(1), "§435.1009" is revised to read "§435.1010."

**PART 436--ELIGIBILITY PART 436—ELIGIBILITY IN GUAM, PUERTO RICO, AND THE VIRGIN ISLANDS**

10. The authority citation for part 436 continues to read as follows:

**Authority:** Sec. 1102 of the Social Security Act (42 U.S.C. 1302).

**§436.406 [Amended]**

11. In §436.403, paragraph (b), "§435.1009 of this chapter" is revised to read "§435.1010 of this chapter."

12. Section 436.406 is amended by–

A. Revising paragraph (a)(1).

B. Revising paragraph (a)(2).

C. Removing paragraphs (a)(3) and (a)(4).

D. Removing paragraph (b).

E. Redesignating paragraph (c) as paragraph (b).

F. Removing paragraph (d).

The revisions read as follows:

**§436.406 Citizenship and alienage.**

(a) * * *

(1) Citizens:  (i) Under a declaration required by section 1137(d) of the Act that the individual is a citizen or national of the United States; and

(ii) The individual has provided satisfactory documentary evidence of citizenship or national status, as described in §435.407.

(iii) An individual for purposes of the citizenship requirement is a Medicaid applicant or recipient or an individual receiving any services under a section 1115 demonstration for which States receive Federal financial participation in their expenditures as though they were medical assistance, for example, family planning demonstrations or Medicaid demonstrations.

(iv) Individuals must declare their citizenship and the State must document an individual's eligibility file on initial applications and initial redeterminations effective July 1, 2006.

(2) Qualified aliens as described in section 431 of the Personal Responsibility and Work Opportunity Reconciliation Act of 1996 (8 USC 1641) who have provided satisfactory documentary evidence of Qualified Alien status, which status

has been verified with the Department of Homeland Security (DHS) under a declaration required by section 1137(d) of the Act that the applicant or recipient is an alien in a satisfactory immigration status.

\*   \*   \*   \*   \*

13.  A new §436.407 is added to read as follows:

**§436.407  Types of acceptable documentary evidence of citizenship.**

(a)  Primary evidence of citizenship and identity.  The following evidence must be accepted as satisfactory documentary evidence of both identity and citizenship:

(1)  A U.S. passport.  The Department of State issues this. A U.S. passport does not have to be currently valid to be accepted as evidence of U.S. citizenship, as long as it was originally issued without limitation.  Note: Spouses and children were sometimes included on one passport through 1980. U.S. passports issued after 1980 show only one person. Consequently, the citizenship and identity of the included person can be established when one of these passports is presented.  Exception: Do not accept any passport as evidence of U.S. citizenship when it was issued with a limitation. However, such a passport may be used as proof of identity.

(2) A Certificate of Naturalization (DHS Forms N-550 or N-570.)  Department of Homeland Security issues for naturalization.

(3) A Certificate of U.S. Citizenship (DHS Forms N-560 or N-561.)  Department of Homeland Security issues certificates of citizenship to individuals who derive citizenship through a parent.

(4) A valid State-issued driver's license, but only if the State issuing the license requires proof of U.S. citizenship before issuance of such license or obtains a social security number from the applicant and verifies before certification that such number is valid and assigned to the applicant who is a citizen.  (This provision is not effective until such time as a State makes providing evidence of citizenship a condition of issuing a driver's license and evidence that the license holder is a citizen is included on the license or in a system of records available to the Medicaid agency.  States must ensure that the process complies with this statutory provision in section 6036 of the Deficit Reduction Act of 2005.  CMS will monitor compliance of States implementing this provision.); or

(b) Secondary evidence of citizenship.  If primary evidence from the list in paragraph (a) of this section is unavailable, an applicant or recipient should provide

satisfactory documentary evidence of citizenship from the list specified in this section to establish citizenship and satisfactory documentary evidence from paragraph (e) of this section to establish identity, in accordance with the rules specified in this section.

(1) A U.S. public birth certificate showing birth in one of the 50 States, the District of Columbia, Puerto Rico (if born on or after January 13, 1941), Guam (on or after April 10, 1899), the Virgin Islands of the U.S.(on or after January 17, 1917), American Samoa, Swain's Island, or the Northern Mariana Islands (after November 4, 1986 (NMI local time)). A State, at its option, may use a cross match with a State vital statistics agency to document a birth record. The birth record document may be issued by the State, Commonwealth, Territory or local jurisdiction. It must have been issued before the person was 5 years of age. An amended birth record document that is amended after 5 years of age is considered fourth level evidence of citizenship. Note: If the document shows the individual was born in Puerto Rico, the Virgin Islands of the U.S., or the Northern Mariana Islands before these areas became part of the U.S., the individual may be a collectively naturalized citizen. Collective naturalization occurred on certain dates listed for each of the territories. The following will establish

U.S. citizenship for collectively naturalized individuals:

(i)  Puerto Rico:

(A)  Evidence of birth in Puerto Rico on or after
April 11, 1899 and the applicant's statement that he or she
was residing in the U.S., a U.S. possession or Puerto Rico
on January 13, 1941; or

(B)  Evidence that the applicant was a Puerto Rican
citizen and the applicant's statement that he or she was
residing in Puerto Rico on March 1, 1917 and that he or she
did not take an oath of allegiance to Spain.

(ii)  U.S. Virgin Islands:

(A)  Evidence of birth in the U.S. Virgin Islands, and
the applicant's statement of residence in the U.S., a U.S.
possession or the U.S. Virgin Islands on February 25, 1927;
or

(B) The applicant's statement indicating resident in
the U.S. Virgin Islands as a Danish citizen on January 17,
1917 and residence in the U.S., a U.S. possession or the
U.S. Virgin Islands on February 25, 1927, and that he or she
did not make a declaration to maintain Danish citizenship;
or

(C)  Evidence of birth in the U.S. Virgin Islands and
the applicant's statement indicating residence in the U.S.,

a U.S. possession or Territory or the Canal Zone on June 28, 1932.

(iii)  Northern Mariana Islands (NMI) (formerly part of the Trust Territory of the Pacific Islands (TTPI)):

(A)  Evidence of birth in the NMI, TTPI citizenship and residence in the NMI, the U.S., or a U.S. Territory or possession on November 3, 1986 NMI local time) and the applicant's statement that he or she did not owe allegiance to a foreign state on November 4, 1986 (NMI local time); or

(B)  Evidence of TTPI citizenship, continuous residence in the NMI since before November 3, 1981 (NMI local time), voter registration prior to January 1, 1975 and the applicant's statement that he or she did not owe allegiance to a foreign state on November 4, 1986 (NMI local time); or

(C)  Evidence of continuous domicile in the NMI since before January 1, 1974 and the applicant's statement that he or she did not owe allegiance to a foreign state on November 4, 1986 (NMI local time).

(D)  Note: If a person entered the NMI as a nonimmigrant and lived in the NMI since January 1, 1974, this does not constitute continuous domicile and the individual is not a U.S. citizen.

(2)  A Certification of Report of Birth (DS-1350).

The Department of State issues a DS-1350 to U.S. citizens in the U.S. who were born outside the U.S. and acquired U.S. citizenship at birth, based on the information shown on the FS-240. When the birth was recorded as a Consular Report of Birth (FS-240), certified copies of the Certification of Report of Birth Abroad (DS-1350) can be issued by the Department of State in Washington, D.C. The DS-1350 contains the same information as that on the current version of Consular Report of Birth FS-240. The DS-1350 is not issued outside the U.S.

(3) A Report of Birth Abroad of a U.S. Citizen (Form FS-240). The Department of State consular office prepares and issues this. A Consular Report of Birth can be prepared only at an American consular office overseas while the child is under the age of 18. Children born outside the U.S. to U.S. military personnel usually have one of these.

(4) A Certification of birth issued by the Department of State (Form FS-545 or DS-1350). Before November 1, 1990, Department of State consulates also issued Form FS-545 along with the prior version of the FS-240. In 1990, U.S. consulates ceased to issue Form FS-545. Treat an FS-545 the same as the DS-1350.

(5) A U.S. Citizen I.D. card. (This form was issued as Form I-197 until the 1980's by INS. Although no longer

issued, holders of this document may still use it consistent
with the provisions of section 1903(x) of the Act.  Note
that section 1903(x) of the Act incorrectly refers to the
same document as an I-97.)  INS issued the I-179 from 1960
until 1973. It revised the form and renumbered it as Form I-
197. INS issued the I-197 from 1973 until April 7, 1983. INS
issued Form I-179 and I-197 to naturalized U.S. citizens
living near the Canadian or Mexican border who needed it for
frequent border crossings. Although neither form is
currently issued, either form that was previously issued is
still valid.

(6)  A Northern Mariana Identification Card (I-873).
(Issued by the DHS to a collectively naturalized citizen of
the United States who was born in the Northern Mariana
Islands before November 4, 1986.)  The former Immigration
and Naturalization Service (INS) issued the I-873 to a
collectively naturalized citizen of the U.S. who was born in
the NMI before November 4, 1986. The card is no longer
issued, but those previously issued are still valid.

(7)  An American Indian Card (I-872) issued by the
Department of Homeland Security with the classification code
"KIC."  (Issued by DHS to identify U.S. citizen members of
the Texas Band of Kickapoos living near the United
States/Mexican border.)  DHS issues this card to identify a

member of the Texas Band of Kickapoos living near the
U.S./Mexican border. A classification code "KIC" and a
statement on the back denote U.S. citizenship

(8)  A final adoption decree showing the child's name
and U.S. place of birth.  The adoption decree must show the
child's name and U.S. place of birth.  In situations where
an adoption is not finalized and the State in which the
child was born will not release a birth certificate prior to
final adoption, a statement from a State approved adoption
agency that shows the child's name and U.S. place of birth
is acceptable.  The adoption agency must state in the
certification that the source of the place of birth
information is an original birth certificate.

(9) Evidence of U.S. Civil Service employment before
June 1, 1976.  The document must show employment by the U.S.
government before June 1, 1976.  Individuals employed by the
U.S. Civil Service prior to June 1, 1976 had to be U.S.
citizens.

(10) U.S. Military Record showing a U.S. place of
birth.  The document must show a U.S. place of birth (for
example a DD-214 or similar official document showing a U.S.
place of birth.)

(c)  Third level evidence of citizenship.  Third level
evidence of U.S. citizenship is documentary evidence of

satisfactory reliability that is used when neither primary

nor secondary evidence is available.  Third level evidence

may be used only when primary evidence cannot be obtained

within the State's reasonable opportunity period, secondary

evidence does not exist or cannot be obtained, and the

applicant or recipient alleges being born in the U.S.  A

second document from paragraph (e) of this section to

establish identity must also be presented:

(1) Extract of a hospital record on hospital letterhead

established at the time of the person's birth that was

created 5 years before the initial application date and that

indicates a U.S. place of birth.  (For children under 16 the

document must have been created near the time of birth or 5

years before the date of application.)  Do not accept a

souvenir "birth certificate" issued by the hospital.

Note:  For children under 16 the document must have been

created near the time of birth or 5 years before the date of

application.

(2)  Life, health, or other insurance record showing a

U.S. place of birth that was created at least 5 years before

the initial application date that indicates a U.S. place of

birth.  Life or health insurance records may show

biographical information for the person including place of

birth; the record can be used to establish U.S. citizenship when it shows a U.S. place of birth.

(d) <u>Fourth level evidence of citizenship</u>.  Fourth level evidence of citizenship is documentary evidence of the lowest reliability.  Fourth level evidence should only be used in the rarest of circumstances.  This level of evidence is used only when primary evidence is unavailable, both secondary and third level evidence do not exist or cannot be obtained within the State's reasonable opportunity period, and the applicant alleges a U.S. place of birth.  In addition, a second document establishing identity must be presented as described in paragraph (e) of this section.

(1) <u>Federal or State census record showing U.S. citizenship or a U.S. place of birth.</u>  (Generally for persons born 1900 through 1950.)  The census record must also show the applicant's age.  Note: Census records from 1900 through 1950 contain certain citizenship information. To secure this information the applicant, recipient or State should complete a Form BC-600, Application for Search of Census Records for Proof of Age.  Add in the remarks portion "U.S. citizenship data requested."  Also add that the purpose is for Medicaid eligibility.  This form requires a fee.

(2) <u>One of the following documents that show a U.S. place of birth and was created at least 5 years before the application for Medicaid</u>.  This document must be one of the following and show a U.S. place of birth:

(i)  Seneca Indian tribal census.

(ii) Bureau of Indian Affairs tribal census records of the Navajo Indians.

(iii)   U.S. State Vital Statistics official notification of birth registration.

(iv)  An amended U.S. public birth record that is amended more than 5 years after the person's birth

(v)  Statement signed by the physician or midwife who was in attendance at the time of birth.

(3) <u>Institutional admission papers from a nursing facility, skilled care facility or other institution</u>. Admission papers generally show biographical information for the person including place of birth; the record can be used to establish U.S. citizenship when it shows a U.S. place of birth.

(4) <u>Medical (clinic, doctor, or hospital) record created at least 5 years before the initial application date that indicates a U.S. place of birth.</u>  (For children under 16 the document must have been created near the time of birth or 5 years before the date of application.)  Medical

records generally show biographical information for the person including place of birth; the record can be used to establish U.S. citizenship when it shows a U.S. place of birth.  Note: An immunization record is not considered a medical record for purposes of establishing U.S. citizenship.  Note:  For children under 16 the document must have been created near the time of birth or 5 years.

(5) Written affidavit.  Affidavits should ONLY be used in rare circumstances.  If the documentation requirement needs to be met through affidavits, the following rules apply:

(i) There must be at least two affidavits by two individuals who have personal knowledge of the event(s) establishing the applicant's or recipient's claim of citizenship (the two affidavits could be combined in a joint affidavit).

(ii) At least one of the individuals making the affidavit cannot be related to the applicant or recipient. Neither of the two individuals can be the applicant or recipient.

(iii) In order for the affidavit to be acceptable the persons making them must be able to provide proof of their own citizenship and identity.

(iv) If the individual(s) making the affidavit has

(have) information which explains why documentary evidence establishing the applicant's claim or citizenship does not exist or cannot be readily obtained, the affidavit should contain this information as well.

(v)  The State must obtain a separate affidavit from the applicant/recipient or other knowledgeable individual (guardian or representative) explaining why the evidence does not exist or cannot be obtained.

(vi) The affidavits must be signed under penalty of perjury.

(e) <u>Evidence of identity</u>.  The following documents may be accepted as proof of identity and must accompany a document establishing citizenship from the groups of documentary evidence of citizenship in the groups in paragraphs (b) through (d) of this section.

(1) <u>A driver's license issued by a State or Territory either with a photograph of the individual or other identifying information such as name, age, sex, race, height, weight, or eye color</u>.

(2) <u>School identification card with a photograph of the individual</u>.

(3) <u>U.S. military card or draft record.</u>

(4) <u>Identification card issued by the Federal, State, or local government with the same information included on</u>

driver's licenses.

(5) Military dependent's identification card.

(6) Native American Tribal document.

(7) U.S. Coast Guard Merchant Mariner card.

(8) Identity documents described in 8 CFR 274a.2(b)(1)(v)(B)(1).

(i) Driver's license issued by State or Territory either with a photograph of the individual or other identifying information of the individual such as name, age, sex, race, height, weight or eye color.

(ii) School identification card with a photograph of the individual.

(iii) U.S. military card or draft record.

(iv) Identification card issued by the Federal, State, or local government with the same information included on driver's licenses.

(v) Military dependent's identification card.

(vi) Native American Tribal document.

(vii) U.S. Coast Guard Merchant Mariner card.

Note to paragraph (e)(8): Exception: Do not accept a voter's registration card or Canadian driver's license as listed in 8 CFR 274a.2(b)(1)(v)(B)(1). CMS does not view these as reliable for identity.

(9) <u>Certificate of Degree of Indian Blood, or other U.S. American Indian/Alaska Native Tribal document with a photograph or other personal identifying information relating to the individual</u>.  Acceptable if the document carries a photograph of the applicant or recipient, or has other personal identifying information relating to the individual.

(10) At State option, a State may use a cross match with a Federal or State governmental, public assistance, law enforcement or corrections agency's data system to establish identity if the agency establishes and certifies true identity of individuals.  Such agencies may include food stamps, child support, corrections, including juvenile detention, motor vehicle, or child protective services.  The State Medicaid Agency is still responsible for assuring the accuracy of the identity determination.

(f) <u>Special identity rules for children</u>.  For children under 16, school records may include nursery or daycare records.  If none of the above documents in the preceding groups are available, an affidavit may be used.  An affidavit is only acceptable if it is signed under penalty of perjury by a parent or guardian stating the date and place of the birth of the child and cannot be used if an affidavit for citizenship was provided.

(g) <u>Special populations needing assistance</u>.  States must assist individuals to secure satisfactory documentary evidence of citizenship when because of incapacity of mind or body the individual would be unable to comply with the requirement to present satisfactory documentary evidence of citizenship in a timely manner and the individual lacks a representative to assist him or her.

(h) <u>Documentary evidence</u>.

(1) All documents must be either originals or copies certified by the issuing agency.  Copies or notarized copies may not be accepted.

(2) States must maintain copies of citizenship and identification documents in the case record or electronic data base and make these copies available for compliance audits.

(3) States may permit applicants and recipients to submit such documentary evidence without appearing in person at a Medicaid office.  States may accept original documents in person, by mail, or by a guardian or authorized representative.

(4) If documents are determined to be inconsistent with pre-existing information, are counterfeit, or altered, States should investigate for potential fraud and abuse, including but not limited to, referral to the appropriate

State and Federal law enforcement agencies.

(5) Presentation of documentary evidence of citizenship is a one time activity; once a person's citizenship is documented and recorded in a State database subsequent changes in eligibility should not require repeating the documentation of citizenship unless later evidence raises a question of the person's citizenship.  The State need only check its databases to verify that the individual already established citizenship.

(6)  CMS requires that as a check against fraud, using currently available automated capabilities, States will conduct a match of the applicant's name against the corresponding Social Security number that was provided.  In addition, in cooperation with other agencies of the Federal government, CMS encourages States to use automated capabilities to verify citizenship and identity of Medicaid applicants.  Automated capabilities may fall within the computer matching provisions of the Privacy Act of 1974, and CMS will explore any implementation issues that may arise with respect to those requirements.  When these capabilities become available, States will be required to match files for individuals who used third or fourth tier documents to verify citizenship and documents to verify identity, and CMS will make available to States necessary information in this

regard.  States must ensure that all case records within this category will be so identified and made available to conduct these automated matches.  CMS may also require States to match files for individuals who used first or second level documents to verify citizenship as well.  CMS may provide further guidance to States with respect to actions required in a case of a negative match.

(i) <u>Record retention</u>.  The State must retain documents in accordance with 45 CFR 74.53.

(j) <u>Reasonable opportunity to present satisfactory documentary evidence of citizenship</u>.  States must give an applicant or recipient a reasonable opportunity to submit satisfactory documentary evidence of citizenship before taking action affecting the individual's eligibility for Medicaid.  The time States give for submitting documentation of citizenship should be consistent with the time allowed to submit documentation to establish other facets of eligibility for which documentation is requested.  (See §435.930 and §435.911 of this chapter.)

**§436.408 [Removed and reserved]**

14.  Section 436.408 is removed and reserved.

**§436.1004–§436.1005 [Redesignated]**

15.  Sections 436.1004 and §436.1005 are redesignated

as §436.1005 and §436.1006, respectively.

16.  New section 436.1004 is added to read as follows:

**§436.1004 FFP in expenditures for medical assistance for individuals who have declared United States citizenship or nationality under section 1137(d) of the Act and with respect to whom the State has not documented citizenship and identity.**

FFP will not be available to a State with respect to expenditures for medical assistance furnished to individuals unless the State has obtained satisfactory documentary evidence of citizenship or national status, as described in §436.407 that complies with the requirements of section 1903(x) of the Act.  This requirement does not apply with respect to individuals declaring themselves to be citizens or nationals who are eligible for medical assistance and who are either entitled to benefits or enrolled in any parts of the Medicare program under title XVIII of the Social Security Act.

**Technical Amendments**

17.  In newly redesignating §436.1005, in paragraph (a)(1), "§435.1009" is revised to read "§435.1010 of this chapter."

18.   In newly redesignating §436.1006, "§435.1009 of this subchapter" is revised to read "§435.1010 of this chapter."

**PART 440—SERVICES:   GENERAL PROVISIONS**

19.   The authority citation for part 440 continues to read as follows:

**Authority**: Sec. 1102 of the Social Security Act (42 U.S.C. 1302).

20.   In §440.2, in paragraph (a), in the definition of "Patient," "§435.1009 of this subchapter" is revised to read "§435.1010 of this chapter."

21.   In §440.140, in paragraph (b), "§435.1009 of this chapter" is revised to read "§435.1010 of this chapter."

22.   In §440.180, in paragraph (d)(2)(i), "§435.1008(a)(2) of this subchapter" is revised to read "§435.1009(a)(2) of this chapter."

23.   In §440.185, in paragraph (b), "§435.1009" is revised to read "§435.1010 of this chapter."

**PART—441 SERVICES:   REQUIREMENTS AND LIMITS APPLICABLE TO SPECIFIC SERVICES**

24.   The authority citation for part 441 continues to read as follows:

**Authority**: Sec. 1102 of the Social Security Act (42 U.S.C. 1302).

25.   In §441.13, in paragraph (a)(1), §435.1009 of this subchapter" is revised to read "§435.1010 of this chapter."

**PART 457—ALLOTMENTS AND GRANTS TO STATES**

26.   The authority citation for part 457 continues to read as follows:

**Authority:**  Sec. 1102 of the Social Security Act (42 U.S.C. 1302).

27.  In §457.310, in paragraphs (c)(2)(i) and (c)(2)(ii), "§435.1009 of this chapter" is revised to read §435.1010 of this chapter."

**PART 483—REQUIREMENTS FOR STATES AND LONG TERM CARE FACILITIES**

28.   The authority citation for part 483 continues to read as follows:

**Authority:**  Secs. 1102 and 1871 of the Social Security Act (42 U.S.C. 1302 and 1395hh).

29.   In §483.5, in paragraph (a), "§435.1009 of this chapter" is revised to read "§435.1010 of this chapter."

30.  In §483.20, in paragraph (m)(2)(ii), "42 CFR 435.1009" is revised to read §435.1010 of this chapter."

31.   In §483.102, in paragraph (b)(3)(ii), "§435.1009 of this chapter" is revised to read "§435.1010 of this chapter."

93

32.  In §483.136, in paragraph (a), "§§435.1009 and 483.440 of this chapter" is revised to read "§435.1010 of this chapter and §483.440."

**94**

(Catalog of Federal Domestic Assistance Program No. 93.778,

Medical Assistance Program)


Dated: _____


_____

**Mark B. McClellan,**

Administrator,

Centers for Medicare & Medicaid

Services.




Approved: _____


_____

**Michael O. Leavitt,**

Secretary.

**BILLING CODE 4120-01-P**